UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): _____     _____ Caption [use short title] _____

Motion for: stay pending appeal and administrative stay

_____

_____

Set forth below precise, complete statement of relief sought:

Defendant-Appellant requests a stay pending appeal

and administrative stay pending ruling on this motion

enjoining Robert W. Seiden, court appointed

temporary receiver for defendant Link Motion Inc.

from proceeding with any Emergency General

Meetings of the shareholders of Link Motion Inc.

Wayne Baliga,

        Plaintiff-Appellee,

   v.

Vincent Wenyong Shi,,

     Defendant-Appellant,

Link Motion Inc. (f/k/a NQ Mobile Inc., Jia Lian, Xiao Yu,

    Defendants

MOVING PARTY: Vincent Wenyong Shi

OPPOSING PARTY: Robert W. Seiden, court appointed Receiver

☐ Plaintiff   ☑ Defendant

☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: Michael James Maloney

OPPOSING ATTORNEY: Amiad Kushner

[name of attorney, with firm, address, phone number and e-mail]

Felicello Law P.C., 366 Madison Ave. 3rd Flr

Seiden Law, 322 Eigth Avenue, Ste. 1704

New York, NY 10017, (646) 564-3510

New York, NY 10001, (646) 766-1914

mmaloney@felicellolaw.com

akushner@seidenlaw.com

Court- Judge/ Agency appealed from: Hon. Victor Marrero

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

Is oral argument on motion requested?   ☑ Yes   ☐ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☑ Yes   ☐ No

Has this relief been previously sought in this court?   ☐ Yes   ☑ No

May 26, 2023

The lower Court refused to enjoin Robert W. Seiden (the "Receiver"), the court appointed temporary receiver for Link Motion Inc. ("LKM"), from proceeding with emergency general meetings ("EGMs") of the shareholders of LKM. The Receiver has noticed EGMs for May 30, 2023 and May 31, 2023 at which he will (i) appoint Mr. Francis "Lilin" Guo (the Receiver's agent in China) and 5 of Mr. Guo's associates to the Board, (ii) remove Dr. Shi and the other existing directors, (iii) pass a resolution to continue the receivership (despite a ruling by the lower court that the receiver be discharged), and (iv) ratify all of the Receiver's prior conduct. This would irreparably harm Dr. Shi, the other existing directors, and the registered shareholders of LKM.

Signature of Moving Attorney:

/s/ Michael James Maloney   Date: May 25, 2023   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

Wayne Baliga,

                             Plaintiff-Appellee,

    v.

Vincent Wenyong Shi,

                         Defendant-Appellant,

Link Motion Inc. (f/k/a NQ Mobile Inc.), Jia Lian, Xiao Yu,

                        Defendants.

MICHAEL JAMES MALONEY declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an attorney duly admitted to practice law before the United States Circuit Court of Appeals for the Second Circuit. I am a partner of Felicello Law P.C. and counsel of record for Defendant Vincent Wenyong Shi ("Dr. Shi").

2.      Annexed hereto as Exhibit A is a true and correct copy of the District Court's Order dated May 10, 2023. Dkt. 417.

3.      Annexed hereto as Exhibit B is a true and correct copy of an email from counsel for Robert W. Seiden, the court appointed temporary receiver (the "Receiver") for Link Motion Inc. ("LKM").

4.      Annexed hereto as Exhibit C is a true and correct copy of a notice of Extraordinary General Meeting ("EGM") of the shareholders of LKM noticed for May 30, 2023, the original of which was attached to Exhibit B.

5.      Annexed hereto as Exhibit D is a true and correct copy of a notice of EGM of the shareholders of LKM noticed for May 31, 2023, the original of which was attached to Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 25, 2023

         */s/ Michael James Maloney*
         Michael James Maloney

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/10/2023
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------

WAYNE BALIGA,

                                    Plaintiff,

            - against -

LINK MOTION, INC. et al.,

                                    Defendants.

--------------------------------

**18 Civ. 11642 (VM)**

<u>ORDER</u>

**VICTOR MARRERO, United States District Judge.**

        Defendant Vincent Wenyong Shi ("Shi") filed a letter alleging certain conduct by the Court appointed Receiver ("Receiver") regarding domain names owned by Link Motion, Inc. ("LKM") and affiliated entities. (Dkt. No. 414.) Per the Court's direction, the Receiver filed a response. (Dkt. No. 416.) The Court again declines Shi's request to modify the Receiver Order to transfer control of LKM from the Receiver to the Board, unless and until either (1) the Receiver is discharged after the Court's approval of the accounting, or (2), and as previously stated (Dkt. No. 403), the parties stipulate to an agreed upon procedure.

        Further, the Court reaffirms its prior findings (<u>see</u> Dkt. Nos. 338, 364) that the Receiver maintains the authority to convene an Extraordinary General Meeting ("EGM") of the LKM Board provided that (1) Lilin "Francis" Guo appears at

EXHIBIT<br>A

the EGM; and (2) it is convened prior to the Receiver's discharge.

The Court also directs the Receiver to take reasonable measures to maintain control of the domain names at issue. To the extent it is applicable, Shi is directed to cooperate in this effort by providing the Receiver with any certificates or credentials necessary for the Receiver to execute the Court's directive.

**SO ORDERED.**

Dated:      May 10, 2023
            New York, New York

_____
                                Victor Marrero
                                  U.S.D.J.

**Wednesday, May 24, 2023 at 23:06:08 Eastern Daylight Time**

| | |
|---|---|
| **Subject:** | RE: 1:18-cv-11642-VM-VF Baliga v. Link Motion Inc. et al Order on Receiver's Letter |
| **Date:** | Thursday, May 18, 2023 at 6:26:33 PM Eastern Daylight Time |
| **From:** | Xintong Zhang |
| **To:** | Amiad Kushner, Michael Maloney |
| **CC:** | bahcallm@gtlaw.com, solit@gtlaw.com, Rosanne Felicello, Steven Seiden, Robert Seiden, Dov Gold, Nathaniel Francis |
| **Attachments:** | image004.png, image003.png, 1st EGM Notice 5.16-Signed.pdf, 2nd EGM Notice 5.16-Signed.pdf |

Counsel,

Enclosed, please find the notices of EGM, which were sent to LKM's shareholders (beginning on May 17, 2023, the Receiver's office sent the enclosed notices to LKM's shareholders).

Regards,

**Xintong Zhang, Esq.**
*Associate*
**SEIDEN | LAW**
+1 646-603-1262 (O) | +1(917) 993-4337 (C)

---

**From:** Amiad Kushner <akushner@seidenlaw.com>
**Sent:** Monday, May 15, 2023 4:10 PM
**To:** Michael Maloney <mmaloney@felicellolaw.com>; Xintong Zhang <xzhang@seidenlaw.com>
**Cc:** bahcallm@gtlaw.com; solit@gtlaw.com; Rosanne Felicello <Rosanne@felicellolaw.com>; Steven Seiden <sseiden@seidenlaw.com>; Robert Seiden <rseiden@seidenlaw.com>; Dov Gold <dgold@seidenlaw.com>; Nathaniel Francis <nfrancis@seidenlaw.com>
**Subject:** RE: 1:18-cv-11642-VM-VF Baliga v. Link Motion Inc. et al Order on Receiver's Letter

Michael,

The EGM notices have not gone out yet. We will send you a courtesy copy when it goes out.

Regards,

Amiad

**Amiad Kushner**
*Partner, Head of Litigation*
**SEIDEN | LAW**
+1 646.766-1914 (O) | +1 646.275-2485 (C)

---

**From:** Michael Maloney <mmaloney@felicellolaw.com>
**Sent:** Monday, May 15, 2023 2:18 PM
**To:** Xintong Zhang <xzhang@seidenlaw.com>; Amiad Kushner <akushner@seidenlaw.com>
**Cc:** bahcallm@gtlaw.com; solit@gtlaw.com; Rosanne Felicello <Rosanne@felicellolaw.com>; Steven Seiden <sseiden@seidenlaw.com>; Robert Seiden <rseiden@seidenlaw.com>; Dov Gold <dgold@seidenlaw.com>; Nathaniel Francis <nfrancis@seidenlaw.com>
**Subject:** RE: 1:18-cv-11642-VM-VF Baliga v. Link Motion Inc. et al Order on Receiver's Letter

**EXHIBIT B**

Page 1 of 2

Amiad,

In your letter to the Court, you state that the Receiver intends to proceed with the EGM of the shareholders of Link Motion Inc. Dr. Shi and China AI are entitled to notice of any EGM. Accordingly, we request to be copied on any notice regarding the EGM.


Michael James Maloney

**FELICELLO LAW P.C.**
366 Madison Avenue, 3rd Floor
New York, NY 10017
Tel. +1 (646) 564-3510

**LINK MOTION INC.**
(the **Company**)

**NOTICE OF EXTRAORDINARY GENERAL MEETING**

At the request of certain shareholders and holders of American depositary shares in the Company (the **Requesting Shareholders**) and with the authorization of an Order dated 23 February 2022 made by the Grand Court of the Cayman Islands, Robert W. Seiden, in his capacity as Temporary Receiver of the Company (the **Receiver**), hereby gives notice that a general meeting of the Company will be held on 30 May 2023 at 8:00pm Cayman Islands time (May 31 2023 at 9:00am Beijing time) by Microsoft Teams meeting to consider and, if thought fit, approve the following resolutions that will be proposed as ordinary resolutions:

1.      That Guo Lilin be appointed as a director of the Company.

2.      That Ming Dai be appointed as a director of the Company.

3.      That Weilin Guo be appointed as a director of the Company.

4.      That Hua Zeng be appointed as a director of the Company.

5.      That Xing Tang be appointed as a director of the Company.

6.      That Li Wang be appointed as a director of the Company.

By order of the Receiver

**ROBERT W. SEIDEN, in his capacity**
**as Temporary Receiver of the Company**

16 May 2023

**NOTES:**

1.      The Receiver is giving this notice in exercise of his powers and duties under the Order Granting Preliminary Injunction and Appointing Temporary Receiver dated 1 February

1

**EXHIBIT**
**C**

2019 made by the United States District Court for the Southern District of New York in case number 1:18-cv-11642 (the **Court Order**), upon the request of the Requesting Shareholders, and with the authorization of the Grand Court of the Cayman Islands. The Receiver has not proposed the resolutions set out above and does not intend to attend at or otherwise participate in the meeting. The Receiver does not assume any responsibility of liability for any actions taken by the shareholders at the meeting.

2.    The Receiver is giving this notice in further exercise of his authority and duties under the Orders confirming the Receiver's decision to convene the Company's Extraordinary General Meeting dated 15 September 2022, 5 October 2022, and 10 May 2023, respectively, made by the United States District Court for the Southern District of New York in case number 1:18-cv-11642, upon the request of the Requesting Shareholders.

3.    The meeting will be chaired by Mr Guo Lilin. Mr Guo was appointed as the Chairman and Chief Executive Officer of the Company on 14 March 2019 by the Receiver pursuant to the Receiver's authority under the Court Order.

4.    A shareholder wishing to attend the meeting must request a link to the Microsoft Teams meeting from the Receiver's Cayman Islands attorneys, KSG, by sending an email to markrussell@ksglaw.ky.

5.    A shareholder is entitled to appoint another person as that shareholder's proxy to exercise all or any of that shareholder's rights to attend and to speak and vote as the meeting. A proxy does not need to be a shareholder of the Company.

6.    A form of proxy is enclosed with this notice. Completion and return of the form of proxy will not prevent a shareholder from attending and voting in person at the meeting. To be effective, the instrument appointing a proxy must be lodged with the Receiver's Cayman Islands attorneys, KSG, by email at markrussell@ksglaw.ky by 8:00pm Cayman Islands time on 28 May 2023.

7.    Addresses (including electronic addresses) in this document are included strictly for the purposes specified and not for any other purpose.

**LINK MOTION INC.**
(the **Company**)

**FORM OF PROXY FOR EXTRAORDINARY GENERAL MEETING**

I, _____ (*name of shareholder*), being a member of the Company, appoint _____ (*name of proxy in BLOCK CAPITALS*) or, if no one is named in the previous blank line, the chair of the meeting, to exercise all or any of my rights to attend and speak for me and on my behalf at the extraordinary general meeting of the Company to be held at 8:00pm Cayman Islands time on 30 May 2023 (and at any adjournment of the meeting) and to vote and/or abstain on the specified resolutions as indicated below, and as they think fit on any other business (including any amendments to resolutions) properly dealt with at the meeting (or adjourned meeting).

**Resolutions**

| Please mark 'X' to indicate how you wish to vote | FOR | AGAINST |
|---|---|---|
| 1. That Guo Lilin be appointed as a director of the Company. | | |
| 2. That Ming Dai be appointed as a director of the Company. | | |
| 3. That Weilin Guo be appointed as a director of the Company. | | |
| 4. That Hua Zeng be appointed as a director of the Company. | | |
| 5. That Xing Tang be appointed as a director of the Company. | | |
| 6. That Li Wang be appointed as a director of the Company. | | |

Please indicate with an 'X' in the appropriate box opposite the resolutions how you wish your vote to be cast. If you do not select either of the options for a resolution your proxy will vote (or abstain) as they think fit on the resolution.

_____ (*signature of shareholder*)

Date: _____

**LINK MOTION INC.**
(the **Company**)

## NOTICE OF EXTRAORDINARY GENERAL MEETING

At the request of certain shareholders and holders of American depositary shares in the Company (the **Requesting Shareholders**) and with the authorization of an Order dated 23 February 2022 made by the Grand Court of the Cayman Islands, Robert W. Seiden, in his capacity as Temporary Receiver of the Company (the **Receiver**), hereby gives notice that a general meeting of the Company will be held on 31 May 2023 at 7:00am Cayman Islands time (31 May 2023 at 8:00pm Beijing time) by Microsoft Teams meeting for the following purposes:

1.      To consider and, if thought fit, approve the following resolutions that will be proposed as special resolutions:

    1.1.    That Dr Shi Wenyong be removed as a director of the Company.

    1.2.    That Jun Zhang be removed as a director of the Company.

    1.3.    That Bruson Li be removed as a director of the Company.

    1.4.    That Jia Lian be removed as a director of the Company.

    1.5.    That Xiao Yu be removed as a director of the Company.

2.      To consider and, if thought fit, approve the following resolutions that will be proposed as ordinary resolutions:

    2.1.    That the Company take all steps reasonably necessary to comply with the Order Granting Preliminary Injunction and Appointing Temporary Receiver dated 1 February 2019 made by the United States District Court for the Southern District of New York in case number 1:18-civ-11642 (the **Court Order**).

    2.2.    That all actions taken by the Temporary Receiver appointed by the Court Order, and the Temporary Receiver's agents, since his appointment on behalf of the

1

EXHIBIT

D

Company were for the benefit of the Company and accordingly be and are ratified, sanctioned, adopted, and approved.

By order of the Receiver

**ROBERT W. SEIDEN, in his capacity**
**as Temporary Receiver of the Company**

16 May 2023

**NOTES:**

1. The Receiver is giving this notice in exercise of his powers and duties under the Court Order, upon the request of the Requesting Shareholders, and with the authorization of the Grand Court of the Cayman Islands. The Receiver has not proposed the resolutions set out above and does not intend to attend at or otherwise participate in the meeting. The Receiver does not assume any responsibility of liability for any actions taken by the shareholders at the meeting.

2. The Receiver is giving this notice in further exercise of his authority and duties under the Orders confirming the Receiver's decision to convene the Company's Extraordinary General Meeting dated 15 September 2022, 5 October 2022, and 10 May 2023, respectively, made by the United States District Court for the Southern District of New York in case number 1:18-cv-11642, upon the request of the Requesting Shareholders.

3. The meeting will be chaired by Mr Guo Lilin. Mr Guo was appointed as the Chairman and Chief Executive Officer of the Company on 14 March 2019 by the Receiver pursuant to the Receiver's authority under the Court Order.

4. A shareholder wishing to attend the meeting must request a link to the Microsoft Teams meeting from the Receiver's Cayman Islands attorneys, KSG, by sending an email to markrussell@ksglaw.ky.

5.    A shareholder is entitled to appoint another person as that shareholder's proxy to exercise all or any of that shareholder's rights to attend and to speak and vote as the meeting. A proxy does not need to be a shareholder of the Company.

6.    A form of proxy is enclosed with this notice. Completion and return of the form of proxy will not prevent a shareholder from attending and voting in person at the meeting. To be effective, the instrument appointing a proxy must be lodged with the Receiver's Cayman Islands attorneys, KSG, by email at markrussell@ksglaw.ky by 7:00am Cayman Islands time on 29 May 2023.

7.    Addresses (including electronic addresses) in this document are included strictly for the purposes specified and not for any other purpose.

**LINK MOTION INC.**
(the **Company**)

**FORM OF PROXY FOR EXTRAORDINARY GENERAL MEETING**

I, _____ (*name of shareholder*), being a member of the Company, appoint _____ (*name of proxy in BLOCK CAPITALS*) or, if no one is named in the previous blank line, the chair of the meeting, to exercise all or any of my rights to attend and speak for me and on my behalf at the extraordinary general meeting of the Company to be held at 7:00am Cayman Islands time on 31 May 2023 (and at any adjournment of the meeting) and to vote and/or abstain on the specified resolutions as indicated below, and as they think fit on any other business (including any amendments to resolutions) properly dealt with at the meeting (or adjourned meeting).

**Resolutions**

| Please mark 'X' to indicate how you wish to vote | FOR | AGAINST |
|---|---|---|
| 1.  That Dr Shi Wenyong be removed as a director of the Company. | | |
| 2.  That Jun Zhang be removed as a director of the Company. | | |
| 3.  That Bruson Li be removed as a director of the Company. | | |
| 4.  That Jia Lian be removed as a director of the Company. | | |
| 5.  That Xiao Yu be removed as a director of the Company. | | |
| 6.  That the Company take all steps reasonably necessary to comply with the Order Granting Preliminary Injunction and Appointing Temporary Receiver dated 1 February 2019 made by the United States District Court for the Southern District of New York in case number 1:18-cv-11642 (the **Court Order**). | | |
| 7.  That all actions taken by the Temporary Receiver appointed by the Court Order, and the Temporary Receiver's agents, since his appointment on behalf of the Company were for the benefit of the Company and accordingly be and are ratified, sanctioned, adopted, and approved. | | |

Please indicate with an 'X' in the appropriate box opposite the resolutions how you wish your vote to be cast. If you do not select either of the options for a resolution your proxy will vote (or abstain) as they think fit on the resolution.

_____ (*signature of shareholder*)

Date: _____

# 23-_____

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆◆

WAYNE BALIGA,

*Plaintiff-Appellee,*

—against—

VINCENT WENYONG SHI,

*Defendant-Appellant,*

LINK MOTION INC. (f/k/a NQ MOBILE INC.), JIA LIAN, XIAO YU,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION
## FOR STAY PENDING APPEAL AND ADMINISTRATIVE STAY

MICHAEL JAMES MALONEY
ROSANNE ELENA FELICELLO
KRISTIE MARIE BLASE
FELICELLO LAW P.C.
366 Madison Avenue, 3rd Floor
New York, New York 10017
(212) 584-7806

*Attorneys for Defendant-Appellant*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................... iii

PRELIMINARY STATEMENT ............................................................... 1

BACKGROUND .................................................................................... 3

ARGUMENT ........................................................................................ 10

I.        This Court Has Jurisdiction................................................. 10

II.      The Court Should Issue an Immediate Administrative Stay
Temporarily Enjoining the EGMs ...................................... 13

III.     The Court Should Issue a Stay Pending Appeal................. 14

    A.    The Equitable Factors Weigh in Favor of a Stay Pending
          Appeal...................................................................... 14

    B.    Dr. Shi, the Other Directors, and the Company's Shareholders
          Will Suffer Irreparable Injury Absent a Stay Here. ................ 18

    C.    Dr. Shi Has a "Likelihood" of Success or, at a Minimum, "Some
          Possibility" of Success on the Merits of His Appeal.................. 19

CONCLUSION..................................................................................... 21

# TABLE OF AUTHORITIES

## Cases

*Arizona v. Biden*, No. 22-3272,
 2022 U.S. App. LEXIS 9522 (6th Cir. Apr. 8, 2022) .......................................... 13

*Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 22-1183,
 2022 U.S. App. LEXIS 19291 (2d Cir. July 12, 2022)...................................... 13

*Fahey v. Calverley*,
 208 F.2d 197 (9th Cir. 1953) ................................................................ 16

*Graselli Chem. Co. v. Aetna Explosives Co.*,
 252 F. 456 (2d Cir. 1918) ...................................................................... 21

*Hilton v. Braunskill*,
 481 U.S. 770 (1987) ...................................................................... 10, 14

*ICN Pharma. v. Kahn*,
 2 F.3d 484 (2d Cir. 1993) ...................................................................... 15

*McCue v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.)*,
 503 F.3d 167 (2d Cir. 2007) .................................................................. 10

*Mony Grp., Inc. v. Highfields Capital Mgmt., L.P.*,
 368 F.3d 138 (2d Cir. 2004) .................................................................. 18

*Pioche Mines Consol., Inc. v. Dolman*,
 333 F.2d 257 (9th Cir. 1964) ................................................................ 20

*Pridgen v. Andresen*, Civ. 3:94CV851(AVC),
 1994 U.S. Dist. LEXIS 21383 (S.D.N.Y. June 13, 1994) .................................. 21

*Providence Journal Co. v. FBI*,
 595 F.2d 889 (1st Cir. 1979)................................................................ 13

*SEC v. Am. Bd. of Trade, Inc.*,
 830 F.2d 431 (2d Cir. 1987) .................................................................. 21

*Sec'y United States DOL v. Koresko*,
 646 F. App'x 230 (3d Cir. 2016) ............................................................ 12

*United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*,
    866 F. Supp. 2d 247 (S.D.N.Y. 2012).................................................................. 20

*Vides v. Amelio*,
    265 F. Supp. 2d 273 (S.D.N.Y. 2003).................................................................. 21

*Weight Watchers Int'l v. Luigino's, Inc.*,
    423 F.3d 137 (2d Cir. 2005) ................................................................................ 11

*Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*,
    339 F.3d 101 (2d Cir. 2003) ................................................................................ 18

**Statutes**

28 U.S.C. § 1292(a)(2) ............................................................................................ 12

28 U.S.C. §1292(a)(1) ............................................................................................ 10

**Rules**

Fed. R. App. Proc. 8............................................................................................... 10

Defendant-Appellant Vincent Wenyong Shi ("Dr. Shi") respectfully submits this memorandum of law in support of his motion for a stay pending appeal and administrative stay of the District Court's order permitting Robert W. Seiden, the court-appointed temporary receiver (the "Receiver") for defendant Link Motion Inc. f/k/a NQ Mobile Inc. ("LKM" or the "Company"), to call extraordinary general meetings (the "EGMs" and each separately an "EGM") of the shareholders of LKM. Dkt. 417, *Baliga v. Link Motion Inc., et al.*, No. 1:18-cv-11642-VM (S.D.N.Y. May 10, 2023).[1]

## PRELIMINARY STATEMENT

The issue presented on this motion is whether this Court should stay the District Court's Order declining to modify the Receiver Order and enjoin the Receiver, who has been discharged pending an accounting, from convening EGMs of the shareholders of the Company. Dr. Shi makes this motion directly in this Court because time is short—the EGMs are currently noticed for May 30, 2023 and May 31, 2023.

The District Court had previously denied Dr. Shi's motion to enjoin the EGMs on the ground that the Receiver's agent in China, Mr. Fancis "Lilin" Guo ("Mr. Guo") had "disappeared" in the Spring of 2022, thus mooting the motion. Dkt. 338. On May 9, 2023, the Receiver submitted a letter to the District Court

---

[1] All references to "Dkt. _" refer to documents filed by ECF in the District Court.

notifying it that Mr. Guo had "reappeared" and that the Receiver intended to move forward with the EGMs. The next day, without affording Dr. Shi an opportunity to submit a response, the District Court issued an Order declining Dr. Shi's requested modification of the Receiver Order to transfer control from the Receiver back to the Board and permitting the Receiver to call "an Extraordinary General Meeting ('EGM') of the LKM Board," apparently misconstruing the Receiver's intention to call an EGM of *shareholders* with a meeting of the Board of Directors. Dkt. 417.

A review of the EGM notices served by the Receiver shows that the Receiver intends to remove Dr. Shi and the other duly appointed directors and replace them with Mr. Guo and five of his associates. The Receiver then proposes that a shareholder resolution be passed to ratify the Receiver's and Mr. Guo's prior conduct and continue the receivership—despite the District Court's prior order that the Receiver be discharged and file an account. In short, the actions taken at the EGM would irreparably harm Dr. Shi, the current directors, the Company, and its shareholders.

It is appropriate for this Court to issue a stay pending appeal here where appellant is likely to succeed on the merits, appellant will be irreparably injured absent a stay, the stay will not substantially injure the other parties interested in the proceeding and where the public interest lies in favor of the stay.

## BACKGROUND

Plaintiff Wayne Baliga ("Baliga" or "Plaintiff") commenced this case on December 14, 2018, asserting derivative claims on behalf of LKM on the alleged ground that Baliga was a "shareholder" of LKM. Dkt. 1.

Based in part on Baliga's allegation of standing as a "shareholder" of LKM, the Court granted Baliga's request for appointment of his counsel, Robert W. Seiden, as court-appointed temporary receiver (the "Receiver") for LKM and entry of a preliminary injunction. Dkt. 26 (the "Receiver Order"). In the Receiver Order, the Court directed the Receiver to "protect the status quo of the Company, to prevent waste, dissipation, or theft of assets to the detriment of investors, and to assure timely and objective analysis of the financial condition of the Company." Dkt. 26 at § II.2.

The relevant facts concerning the status quo of the Company as of the date of the Receiver Order are as follows: Dr. Shi was Chairman of the Board of Directors (Dkt. 285-4 at 120 of 281); China AI Capital Limited ("China AI") was a registered shareholder of 70,175,439 Class B voting shares of LKM, (Dkt. 142-2 at 7); China AI was entitled to, and had appointed, two directors to the Board of Directors, Dkt. (Dkt. 194-1 § 5(a), Dkt. 209-1); and neither the Receiver nor any of his agents were registered shareholders of LKM (Dkt. 142-2).

Shortly after appointment, the Receiver entered into a secret compensation

agreement with Mr. Guo (which was originally submitted on June 19, 2019 but remained sealed until 5:47 p.m. May 24, 2023). Dkt. 419-1. The Receiver purported to justify the compensation agreement with Mr. Guo on the false premise that Mr. Guo was a "large original" shareholder of LKM. Dkt. 419-1 at 1. At the time the Receiver made this statement to the District Court in June 2019, Mr. Guo, was not a registered shareholder of LKM. Dkt. 142-2 (register of LKM shareholders). The Receiver also falsely attributed to Dr. Shi a litany of events in China, which were actually independent actions by Mr. Zemin Xu, the former CEO of LKM—not Dr. Shi. Dkt. 156 ¶¶ 49-52, Dkt. 157. The Receiver granted to Mr. Guo full control over LKM's wholly owned Hong Kong subsidiary, and Mr. Guo promptly obtain complete control over rights to LKM's valuable technology holdings in China, and which previously generated approximately $10 million in revenue annually. Dkt. 394 ¶¶ 15-26, 55-61, 83-91; *see also* Dkt. 396 at (v), (vi); Dkt. 395 ¶¶3-12.

On June 11, 2019, the Court dismissed without prejudice the Complaint for failure to plead with specificity the purchases and sales at issue. Dkt. 64. On June 21, 2019, Baliga filed his First Amended Complaint, in which he disclosed for the first time that he had purchased American Depositary Receipts ("ADRs") and not registered shares of LKM. Dkt. 68. As a holder of ADRs Baliga was only a beneficial owner. Dkt. 131. Under Cayman Islands law, beneficial owners—such as

ADR holders—are not shareholders and lack standing to bring derivative claims on behalf of Cayman Islands companies like LKM. Dkt. 131.

In light of the revelation that Baliga was not a registered shareholder of LKM stock, and an unsuccessful attempt by the Receiver to obtain recognition by the Cayman Islands court of the power to remove and appoint directors of LKM, *see* Dkt. No. 173-16 ¶15; 173-17 ¶2, Magistrate Judge Freeman directed Baliga to file a Second Amended Complaint (the "SAC"). Dkt. 163 at 54 paras. (2), 54-55 para. (4). Baliga filed his SAC on October 5, 2020. Dkt. 166. In the SAC, Baliga dismissed all of his derivative claims and asserted only direct claims alleging total out-of-pocket damages of no more than $634,112.67. *See* Dkt. 166.

On November 4, 2020, Dr. Shi filed motions (i) to discharge the Receiver and vacate the preliminary injunction and (ii) dismiss the SAC. Dkt. 177, Dkt. 178, Dkt. 179, Dkt. 180, Dkt. 181, Dkt. 182, Dkt. 183. Dr. Shi argued for discharge of the Receiver on the grounds that Baliga never had standing under Cayman law to assert derivative claims and the nature and that the extent of Plaintiff's remaining direct claims did not support a continuation of the Receivership because all of Plaintiff's remaining claims are compensable by money damages. Baliga then substituted Greenberg Traurig LLP as counsel in the place of Seiden Law. Dkt.

184, Dkt. 189.[2]

On March 10, 2022, Magistrate Judge Freeman issued a Report & Recommendation (Dkt. 275, the "R&R") recommending that the Receiver be discharged and that the "Receiver be directed not to seek any extraordinary actions from the Company's Board." Dkt. 275 at 42 para. (6). In the R&R, Judge Freeman found that the grounds for the receivership over the Company ceased to exist on October 5, 2020, when Plaintiff withdrew his derivative claims by filing the SAC. Dkt. 275 at 42 at para. (2).

Despite issuance of the R&R, the Receiver proceeded to issue notices of two EGMs. Dkt. 276-1 at ¶¶ 4-7. In the 1st Notice, the Receiver proposed to hold an EGM to appoint Mr. Guo and five of his associates to the Board of Directors. Dkt. 276-2. In the 2nd Notice, the Receiver proposed an EGM on the following day where the newly stacked Board would remove Dr. Shi and the other existing directors, pass a resolution that the Company should continue the receivership provided for in the Receiver Order (which Magistrate Judge Freeman had recommended be discharged), and pass a resolution ratifying all of the Receiver's actions taken over the previous three years. Dkt. 276-3. On March 16, 2022, the

---

[2] At the request of the Court, Dkt. 195, the motions to discharge the Receiver and to dismiss the SAC were denied without prejudice pending resolution of Baliga's request to convert his ADRs into registered shares, which was ultimately unsuccessful. Dkt. 198, 221, 252. On June 11, 2021, Dr. Shi renewed the motions to discharge the Receiver and dismiss the SAC. Dkt. 227, Dkt. 228, Dkt. 229, Dkt. 230.

Hon. Victor Marrero granted a request by Dr. Shi to temporarily enjoin the Receiver from proceeding with the EGMs and directed briefing on Dr. Shi's request for an Order to preliminarily enjoin the Receiver from proceeding with any EGMs pending his discharge. Dkt. 277.

While the motion to preliminarily enjoin the EGMs was pending, the Receiver notified the Court that Mr. Guo had "disappeared." Dkt. 310 at 2-3. The Receiver also disclosed, in papers filed with the Receiver's briefing, that the Receiver has previously issued to Mr. Guo 86,272,750 shares of Class B stock of LKM. Dkt. 285-4 at ECF pages 115-116 of 283 (Nov. 2, 2021 register of shareholders).

The District Court on August 25, 2022 dismissed with prejudice the bulk of Baliga's claims as non-actionable. Dkt. 372 at 37-38. Although portions of Dr. Shi's motion to dismiss the SAC are still pending (2.5 years after the filing of the SAC), Baliga's maximum out-of-pocket losses are now less than $100,000. *Compare* Dkt. 166 ¶ 126 *with* Dkt. 372 at 37-38 (non-actionable transactions). The Court also adopted the R&R granting the motion to discharge the Receiver and directing the Receiver to not take any "extraordinary " actions. Dkt. 331 at 23.

On September 15, 2022, however, the District Court denied Dr. Shi's motion to preliminarily enjoin the EGMs as moot, on the grounds that Mr. Guo had "disappeared" (Dkt. 338), and ordered that the EGMs not be held until the Mr.

Guo—the Receiver's agent and now the Company's largest voting shareholder—reappeared and was able to attend. Dkt. 338.

On November 18, 2022, the Receiver filed his accounting. Dkt. 375, Dkt. 376. The accounting did not disclose any consideration received in exchange for the 86,272,750 Class B shares issued to Mr. Guo by the Receiver. Dkt. 376 ¶ 8. The Receiver's accounting does not disclose any consideration received for the transfer of LKM's technology interests to Mr. Guo. Dkt. 376 ¶ 8.

On February 3, 2023, Dr. Shi submitted papers in opposition to the Receiver's accounting, Dkt. 393, Dkt. 394, Dkt. 395, Dkt. 396, including translations of public records showing that LKM's technology interests in China had been fully transferred to Mr. Guo by no later than December, 2019. Dkt. 394 ¶¶15-26, 55-61, 83-91; Dkt. 396 at (v) and (vi).

In early May 2023, Dr. Shi discovered that LKM's valuable domain names were being offered for sale online. Dkt. 414. Dr. Shi submitted records showing that the domain names were controlled by a Chinese entity under the control of Mr. Guo. Dkt. 414, 414-1, 414-2, 414-3. Dr. Shi requested that the Court enjoin the Receiver from permitting the sale of the domain names and modify the Receiver Order to transfer control of LKM and its assets to the current Board of Directors. Dkt. 414.

On May 9, 2023, the Receiver informed the District Court that his agent (Mr.

Guo) had re-appeared and disclosed that the Receiver intended to notice new EGMs proposing the same corporation actions previously noticed in March of 2022. Dkt. 416. On May 10, 2023, without providing Dr. Shi an opportunity to refute the Receiver's false claims regarding the domain names, the Court issued the Order. Dkt. 417.

On May 18, 2023, the Receiver served copies of two Notices of EGMs on counsel for Dr. Shi. (*See* Exhibits B, C, and D, annexed to the accompanying Declaration of Michael James Maloney, dated May 25, 2023). The Notices scheduled the EGMs for May 30, 2023 and May 31, 2023 and proposed the following corporate action: the appointment of Mr. Guo and five of his associates to the Board of Directors on May 30, 2023, and, on May 31, 2023 the removal of Dr. Shi and the other existing directors, the passing of a resolution to continue the receivership, and the passing of a resolution ratifying all of the Receiver's prior actions. *See* Exhibits C and D.

Throughout the course of this case, the Receiver has sought to justify his actions by incorrectly attributing to Dr. Shi the independent actions of Mr. Zemin Xu.*See*, *e.g.*, Dkt. 155 ¶¶ 49-52, 157. Many of the actions in China complained about by the Receiver occurred while Mr. Guo has been in full control of LKM's valuable business interests and accounts in China. *See* Dkt. 394 ¶¶15-26, 55-61, 83-91; Dkt. 396 at (v) and (vi). Despite this, the Receiver has failed to account for

Mr. Guo's actions. Dkt. 376. As of the date of this motion, the Receiver's accounting and Dr. Shi's objections are pending before Magistrate Judge Valerie Figueredo.

## ARGUMENT

This Court should grant a stay of the EGMs pending appeal and an interim administrative stay pending resolution of this motion. Fed. R. App. Proc. 8. When considering a stay pending appeal, this Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *McCue v. City of N.Y. (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007). This Court examines the factors on a sliding scale: "the degree to which a factor must be present varies with the strength of the other factors, meaning that more of one factor excuses less of the other." *McCue*, 503 F.3d at 170 (cleaned up).

## I. This Court Has Jurisdiction

The Court has jurisdiction pursuant to both 28 U.S.C. §1292(a)(1) and (a)(2), because this interlocutory appeal concerns the District Court's refusal to modify its Receiver Order to transfer control of the Company back to its Board of

Directors, reaffirmation that the Receiver (who has been discharged pending finalization of an accounting) "maintains the authority to convene" EGMs by which the Receiver's agent and the Receiver's hand-picked individuals would be appointed to the Board of Directors, and refusal to enjoin the Receiver from proceeding with the EGMs.

"Section 1292(a)(1) . . . permits appeals of all orders granting, modifying, dissolving, refusing, or refusing to dissolve or modify an injunction." *Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005). Where the underlying motion to modify "sought to alter 'the terms and force of the injunction' . . . . [i]ts denial [] is appealable pursuant to 28 U.S.C. § 1292(a)(1)." *Weight Watchers Int'l*, 423 F.3d at 143 (citations omitted). Dr. Shi sought to alter the "terms and force of the injunction" in the Receiver Order by requesting that the District Court "transfer control of LKM from the Receiver to the Board." The District Court refused to modify the injunction until either (1) the Receiver is discharged after the Court's approval of the accounting, or (2), and as previously stated (Dkt. No. 403), the parties stipulate to an agreed upon procedure." Dkt. No. 417. The District Court has refused to modify its injunction preventing the Board of Directors of the Company from acting and refused to modify its injunction giving control of the Company to the Receiver even though the Receiver has been

discharged, pending finalization of the accounting. The District Court's refusal to modify both aspects of the injunction is appealable under 28 U.S.C. § 1292(a)(1).

Appellate jurisdiction is also appropriate here under 28 U.S.C. § 1292(a)(2), which provides for appellate review of "[i]nterlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property." "The purpose of § 1292(a)(2) is 'to relieve the parties from interlocutory orders affecting control over property.'" *Sec'y United States DOL v. Koresko*, 646 F. App'x 230, 247 (3d Cir. 2016) (citations omitted). By "reaffirm[ing] its prior findings" and allowing the Receiver to "maintain[] the authority" to call an EGM, the District Court has also refused take steps to wind up the receivership and has allowed the Receiver to take steps that would irreparably harm the Company by changing the control of the Company's Board of Directors and permitting the dissipation of corporate assets. It is proper for this Court to review the District Court's decision.

Dr. Shi should be excused from requesting leave to appeal from the District Court. The District Court's repeated denials and failure to even allow Dr. Shi to submit a response to the Receiver's request prior to issuing the Order appealed from, combined with the short timeframe between the date of the Order and the dates set for the EGMs, make it impracticable for Dr. Shi to seek a stay first in the District Court, which is unlikely to be granted.

## II.     The Court Should Issue an Immediate Administrative Stay Temporarily Enjoining the EGMs

The Court should issue an immediate administrative stay to preserve its ability to decide the motion for a stay pending appeal. The Receiver served notices of the EGMs on May 18, 2023. *See* Exhibits B, C, and D. The EGMs are set to occur on May 30, 2023 and May 31, 2023. An administrative stay "is necessary to preserve the status quo" and to provide the Court with an "opportunity to give 'reasoned consideration'" to Dr. Shi's motion for a stay pending appeal. *Arizona v. Biden*, No. 22-3272, 2022 U.S. App. LEXIS 9522, at *3 (6th Cir. Apr. 8, 2022); *see Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (denying interim relief could "entirely destroy [appellant's] right to secure meaningful review"). This Court routinely grants administrative stays in cases like this one, involving expedited appeal and a district court's injunction ruling. *Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc.*, No. 22-1183, 2022 U.S. App. LEXIS 19291, at *11-13 (2d Cir. July 12, 2022).

The Court should grant the administrative stay here because without it Dr. Shi, the other existing directors, and the original shareholders when this case was commenced will be irreparably harmed by the actions the Receiver intends to take at the EGMs, thereby preventing this Court from considering Dr. Shi's appeal. *See* Section III(B) infra.

III.     **The Court Should Issue a Stay Pending Appeal**

All the factors to be considered on a motion for stay pending appeal are present here. First, equity and the public interest demand that the Company be returned to the direction and control of its elected board of directors before any extraordinary actions are taken at shareholder meetings. Extraordinary actions should not be taken by a court-appointed Receiver whose justification expired in October 2020 and is only still in place pending court acceptance of his accounting. Second, Dr. Shi (and other Company directors and existing shareholders) will be "irreparably injured absent a stay" and other parties will not be injured. *Hilton*, 481 U.S. at 776. Third, Dr. Shi demonstrates that he has a likelihood of success on his appeal.

**A. The Equitable Factors Weigh in Favor of a Stay Pending Appeal.**

The equitable grounds for a stay pending appeal are that the Company should be returned to the control of its elected directors before a shareholder meeting is held. Nine months ago, the District Court ordered that the Receiver be discharged pending an accounting. Nine months ago, the District Court agreed with the Magistrate Judge's recommendation (issued 14 months ago), that the Receiver was no longer justified as of October 2020—two and a half years ago. Yet, the District Court has not returned control of the Company to its board of directors and has ordered that the Board is not authorized to take any action on behalf of the

Company. Dkt. 365. In the meantime, the Receiver has permitted ownership and control of the Company's valuable China-based assets to be transferred to Mr. Guo, the Receiver's agent. Dkt. 394 ¶¶15-26, 55-61, 83-91; *see also* Dkt. 396 at (v) and (vi). There is no evidence that the Company has received any valuable consideration for the transfer of these assets.

This motion is an emergency because the Receiver is attempting to obtain by shareholder resolution absolution for his actions as Receiver and install his agent, Mr. Guo, and others chosen by the Receiver, as directors of the Company. Without a stay, the Receiver and his agent, Mr. Guo, will succeed in their efforts to eliminate the current board of directors, install Mr. Guo and his nominees, obtain shareholder "approval" of the Receiver's acts (many of which have harmed the Company), and continue the receivership by shareholder resolution. It is appropriate for this Court to stay the Order, effectively deferring the EGMs, until this Court can consider the merits of Dr. Shi's appeal. *ICN Pharma. v. Kahn*, 2 F.3d 484, 489 (2d Cir. 1993) (requiring, *inter alia*, that a "forthcoming" shareholder meeting "be deferred pending decision of the appeal").

The interest of the public is met by a stay here. The public should have faith and confidence in the operations of companies and the Courts. But here, that faith and confidence cannot be found. The Receiver was appointed and supervised by the District Court. Dkt. 26; *Fed. Home Loan Mortg. Corp.*, 829 F. Supp. at 85-86.

But the Receiver has acted outside of the scope of his powers, and to date, the District Court has failed to curtail these excesses. A stay here will reinstate public confidence in the operations of the U.S. courts.

A federally-appointed receiver has no authority beyond that granted by the court, and where "the District Court was without authority to proceed . . . , the appointment of a receiver was a nullity and the purported receiver was without power to act." *Fahey v. Calverley*, 208 F.2d 197, 200 (9th Cir. 1953) (internal citations and quotations omitted), *cert. denied*, 347 U.S. 955 (1954). Indeed, even the Cayman court recognized the Receiver's application to that court as merely ancillary to proceedings in the District Court. Dkt. No. 173-16. The EGMs blatantly attempt to avoid the District Court's finding that the basis for the receivership ceased as of October 5, 2020 and discharge of the Receiver.

Contrary to the Receiver's contentions below, Mr. Guo was not a registered shareholder of the Company as of February 1, 2019, when the Receiver was originally appointed. Dkt. 142-2 (5/4/2020 register of shareholders). *See also* Dkt. 194-2 at 8-11 (August 7, 2020 register of shareholders); Dkt. 285-4 (November 2, 2021 register) at ECF pages 115-16 of 283.[3] The content and timing of the foregoing submissions suggest that the Receiver issued the shares to Mr. Guo

---

[3] Although the names of all shareholders (except China AI) were redacted from the August 7, 2020 register, the "% of Tot. Share" figures suggest that Guo was not a registered owner of any class B shares at that time. *Compare* Dkt. 194-2 (8/7/2020 register) at ECF pages 8-11 of 11 *to* Dkt. 285-4 (11/2/2021 register) at ECF pages 115-16 of 283.

between the issuance of Judge Freeman's September 4, 2020 Memorandum and Order (which directed the Receiver to explain his activities in the Cayman Court) and the October 5, 2020 filing of Plaintiff-Appellee's SAC (dropping all derivative claims).

The Receiver failed to timely disclose his actions to the Court. His status report of May 3, 2021 failed to mention any issuance of shares to Mr. Guo. Dkt. 220. Nothing else publicly filed in this case revealed the issuance of shares to Mr. Guo until the Receiver filed his papers in opposition to Dr. Shi's March 2022 motion to enjoin the EGMs. The papers submitted by the Receiver to the Cayman Court falsely suggest that Mr. Guo was a registered shareholder of the Company at the time this action was filed. The Cayman Court only authorized Receiver to call the EGMs on the understanding that the receivership was still proceeding in the District Court. To Dr. Shi's knowledge, the Cayman Court is unaware that the District Court has now found that the basis for the receivership ceased to exist as of October 5, 2020 and ordered the discharge of the Receiver. The timing and sequence of events, and the utter failure to give timely notice and an opportunity to object to the issuance of shares to Mr. Guo, demonstrates a specific intent by the Receiver and Mr. Guo to conceal their collaboration to oust the existing board and obtain shareholder resolutions ratifying their prior conduct and continuing the receivership.

**B. Dr. Shi, the Other Directors, and the Company's Shareholders Will Suffer Irreparable Injury Absent a Stay Here.**

Without a stay, Dr. Shi and the other current members of the Company's Board of Directors will suffer irreparable harm. The District Court has ruled that the current directors may not take any actions until the Receiver's discharge is complete after an accounting, despite purporting to lift the injunction against the Board acting. Dkt. 331 at 23; Dkt 365. But the EGMs would replace the current board with one handpicked by the Receiver's agent and purport to continue the receivership. The Company's directors have important legal rights and roles under LKM's corporate documents, which would be irreparably lost if the EGMs are permitted to proceed. Dkt. 130-3 §§ 8, 13(a), 13(b), 55, 60, 78, 85-93, 95-112; *Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co.*, 339 F.3d 101, 114-15 (2d Cir. 2003).

The Company's existing shareholders, like China AI, would also be irreparably harmed if the EGMs are not stayed. *Mony Grp., Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 147 (2d Cir. 2004) (finding that a change of control transaction can constitute irreparable harm to shareholders). As mentioned above, the Company's shareholders have been significantly diluted by the acts of the Receiver to hand majority voting control of the Company to his agent (Mr. Guo). The Receiver's actions in "issuing" shares to Mr. Guo have given Mr. Guo 40% of the voting control and 13% of the economic interest in the Company

constitutes an expropriation of the existing shareholders equity and voting interests. Courts have recognized this type of expropriation as harm to existing shareholders (such as Deutsche Bank and China AI), whose interests Dr. Shi and the other directors are seeking to protect.[4] *See Mony Grp. Inc.*, 368 F.3d at 147.

The Receiver Order charged the Receiver with protecting the interests of the existing shareholders but he failed to do so. Nor has the Receiver protected the Company's (and its shareholders') interests in its assets. Mr. Guo has had complete control over the Company's assets in China since December 2019, but the Receiver has not accounted for any of Mr. Guo's actions in China or the proceeds of LKM's businesses in China during the time Mr. Guo controlled them. Dkt. 376.

The other parties to this action will not be harmed by a stay pending the appeal. No changes to the current shareholders will occur pending the appeal. The Receiver will remain subject to the District Court's direction that he take no "extraordinary" actions. If necessary and appropriate, EGMs can be noticed after this appeal is decided.

### C. Dr. Shi Has a "Likelihood" of Success or, at a Minimum, "Some Possibility" of Success on the Merits of His Appeal.

Dr. Shi is likely to succeed on his appeal. Based on the sliding scale that this Circuit employs in evaluating stays pending appeal, Dr. Shi needs only show

---

[4] Contrary to the Receiver's false and unsubstantiated contentions, Dr. Shi does not control China AI. *See* Dkt. No. 290 ¶¶ 102-108.

"some possibility of success" on the merits, but he clearly also meets the "likelihood of success on the merits" standard.

A Receiver's primary function is to "preserve and safeguard the Company's assets." Dkt. 26 at II(2)(a); *see United States Bank Nat'l Ass'n v. Nesbitt Bellevue Prop. LLC*, 866 F. Supp. 2d 247, 255 (S.D.N.Y. 2012) (finding that a "receivership is traditionally used to protect the value of an asset that is the subject of the litigation") (cleaned up).

First, Dr. Shi is likely to succeed because a shareholder resolution absolving the Receiver from liability by ratification may not be reversible and is certainly against public policy. As the District Court and Magistrate Judge Freeman recognized, a receiver must account to the court that appointed him or her. *See* Dkt. 275 at 39-41 (citing *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 273-76 (9th Cir. 1964)); *see also* Dkt. 331 at 23. A resolution to "ratify" the Receiver's prior actions would usurp the role of the Court in reviewing the accounting to be submitted to the Court. Similarly, the Receiver's appointment and powers derive from the court that appointed him.

Second, a shareholder resolution purporting to continue the receivership in the face of the rulings by the District Court that the basis for the receivership ceased in October 2020 is an affront to the Court's authority and power to govern the actions and conduct of its receivers. *SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d

431, 438 (2d Cir. 1987); *Graselli Chem. Co. v. Aetna Explosives Co.*, 252 F. 456, 459 (2d Cir. 1918).

Third, as set out in the initial motion by Dr. Shi to enjoin the EGMs, the Receiver did not have the authority under Cayman Islands law to notice the EGMs. Dkt. 276-1. The Receiver had to obtain leave of the Cayman Court to do so, and now the circumstances have changed drastically because the Receiver has been ordered discharged after an accounting. The Cayman Court, if properly advised of the new circumstances, would not permit the Receiver to proceed with the EGMs.

Where a special meeting of shareholders is called without providing "accurate and full disclosure" of relevant facts, holding a shareholder vote constitutes irreparable harm. *Pridgen v. Andresen*, Civ. 3:94CV851(AVC), 1994 U.S. Dist. LEXIS 21383, *14 (S.D.N.Y. June 13, 1994); *see also Vides v. Amelio*, 265 F. Supp. 2d 273, 276 (S.D.N.Y. 2003). That is the case here, where the notices do not disclose the means by which Mr. Guo gained his shares, the nature and extent of the Receiver's actions, or the fact that the District Court found that the basis for the receivership ceased to exist on October 5, 2020.

## CONCLUSION

For all the reasons set forth above, this Court should grant an administrative stay immediately enjoining the Receiver from proceeding with the EGMs pending the outcome of this motion and granting a stay pending the outcome of this appeal.

Dated:     New York, New York     Respectfully submitted,
          May 25, 2023

FELICELLO LAW P.C.

By:   */s/ Michael James Maloney*
     Michael James Maloney
     Rosanne E. Felicello
     Kristie M. Blase
366 Madison Avenue
3rd Floor
New York, New York 10017
Tel. (212) 584-7806
mmaloney@felicellolaw.com
rosanne@felicellolaw.com
kristie@felicellolaw.com
*Counsel for Defendant-Appellant*
*Vincent Wenyong Shi*

CERTIFICATE OF COMPLIANCE

     Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, I hereby certify that according to the word count feature of Microsoft Word 365, this document contains 5,190 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

     /s/ Michael James Maloney
     Michael James Maloney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Motion for Stay Pending Appeal and Administrative Stay to be served on counsel via Electronic Mail:

Amiad Kushner
Seiden Law
322 Eighth Avenue, Suite 1704
New York, New York 10001
(646) 766-1914
akushner@seidenlaw.com

I certify that an electronic copy was also sent to the Court via Electronic Mail:

Clerk of Court
United States Court of Appeals, Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007
(212) 857-8500
newcases@ca2.uscourts.gov

on this 25th day of May 2023.

/s/ Samantha Collins
Samantha Collins