# SEIDEN | LAW

322 Eighth Avenue
Suite 1200
New York, NY 10001
+1.646-766-1914
www.seidenlaw.com

May 26, 2023

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Baliga v. Shi*, 23-827

Dear Ms. Wolfe,

We write on behalf of Robert Seiden in his capacity as the Court-appointed temporary receiver ("Receiver") over Link Motion Inc. ("LKM") in opposition to Vincent Shi's ("Shi") "emergency" motion ("Motion") filed yesterday seeking a stay pending appeal of an Extraordinary General Meeting ("EGM") of LKM shareholders scheduled to occur on May 30 and 31, 2023.

Shi's Motion is egregiously improper and should be denied on numerous grounds. As a threshold matter, **at approximately 8 am this morning (May 26), Shi filed an Order to Show Cause in the District Court seeking the <u>exact same relief</u> – an order enjoining the EGM – that he is seeking through the Motion**.[1] The District Court has not yet ruled on Shi's Order to Show Cause. It is beyond peradventure that Shi cannot ask the Second Circuit to rule on a matter that is currently pending before the District Court. Indeed, as explained further below, Shi contended in his Motion that he should be "excused" from seeking this relief in the District Court because it was "impracticable." Shi's pending Order to Show Cause in the District Court fatally undermines that contention. Shi's Motion should be denied for this reason alone.

Further, there is no "emergency" here. Shi is appealing an order that the District Court entered over two weeks ago, on May 10, 2023. There is no basis for Shi to seek "emergency" relief from this Court when he waited until the eleventh hour (days before the EGM, and on the eve of a holiday weekend) to seek relief. Moreover, the Motion is fatally defective on numerous other grounds, including that (i) it fails to comply with Federal Rule of Appellate Procedure 8(a); (ii) this Court lacks jurisdiction; and (iii) Shi failed to show irreparable harm.

---

[1] A copy of the Order to Show Cause (ECF 421) is attached as Exhibit 1 to this letter.

**SEIDEN | LAW**

**Background**

On February 1, 2019, the District Court issued an order (the "Receivership Order") appointing Robert Seiden as temporary Receiver over LKM. See ECF 26. The Receivership Order directed, *inter alia*, that "[t]he Receiver shall assume full control of [LKM] by removing, as the Receiver deems necessary or advisable, any director, officer . . . of [LKM] . . . from control of, management, or participation in, the affairs of [LKM] []." *Id.* at II (2)(b). Acting pursuant to that authority, the Receiver has excluded Shi (a former director of LKM, who is not an LKM shareholder) from any management role at LKM, including displacing Shi and all other former LKM directors from their roles as directors of LKM. Since that time, based upon the Receivership Order, the Receiver has effectively assumed the functions of LKM's board of directors, including (as relevant here) the authority to convene an EGM.[2]

On September 15, 2022, the District Court issued an order (i) denying Shi's motion to enjoin the EGM, and (ii) authorizing the Receiver to proceed with the EGM once a missing LKM shareholder (who owns a substantial percentage of LKM's shares, and who had requested the Receiver to convene the EGM) had reappeared and was able to attend the EGM. ECF 338, at 13.[3]
On September 29, 2022, Shi moved (again) to enjoin the EGM. ECF 361. On October 5, 2022, the District Court issued an order denying Shi's motion (again). *See* ECF 364.[4] Shi did not appeal those orders nor seek reconsideration. Months later, on March 15, 2023, Shi filed a letter application seeking to have LKM's former board reinstated, which was (in effect) a third attempt to prevent the Receiver from convening the EGM. ECF 401. On April 3, 2023, the District Court issued an order denying that application. ECF 403. Shi did not appeal that order.

On May 3, 2023, in a fourth attempt to prevent the EGM from being convened, Shi filed a letter motion seeking to dissolve the receivership. *See* ECF 414. The motion was predicated on false allegations that the Receiver was purportedly selling off LKM's "valuable intellectual property" of certain internet domain names, which Shi maintained was supposedly new information permitting him to renew his motion. *Id.* Shi's contentions were meritless; Shi never provided the Receiver with the credentials to access those domains, and far from being "valuable," one of the domains was acquired for less than $1,500 and was being offered for less than $10. *See* ECF 416. Accordingly, on May 10, 2023, the District Court denied Shi's motion. ECF 417. Shortly thereafter, on May 18, 2023, notice of the EGM was sent to LKM shareholders; the EGM was scheduled for May 30 and 31, 2023—*i.e., starting one business day from today*. ECF 418.

**The Motion Should Be Denied On Multiple Grounds**

This Court should deny the Motion for the following reasons.

---

[2] The District Court has ordered that the Receiver will be discharged following the completion of an accounting; the accounting has not been completed.
[3] A copy of the September 15, 2022 Order (ECF 338) is attached hereto as Exhibit 2.
[4] A copy of the October 5, 2022 Order (ECF 364) is attached hereto as Exhibit 3.

2

**SEIDEN | LAW**

*First*, the Motion improperly seeks a stay directly from this Court without having first requested that relief from the District Court, as required by Federal Rule of Appellate Procedure 8(a)(1). Indeed, Shi misrepresents to this Court that he followed the required procedure: on the Motion's Information Statement he maintains that this prerequisite was met, yet on the bottom of page 12 of his memorandum of law Shi admits that he did not follow proper procedure and is seeking to be excused because of the "short time frame" between the order being appealed and the EGM. Mot. at 12. Shi's misrepresentation notwithstanding, his purported reasons for being excused from following the required procedure are meritless. The order that is being appealed was issued on May 10. It is now May 25. Nowhere does Shi even attempt to explain why he **waited over two weeks** to seek this relief just days before the EGM. The Court should decline to entertain the request for this reason alone. *See Hirschfeld v. Bd. of Elections in N.Y.*, 984 F.2d 35, 38 (2d Cir. 1993) (denying stay motion after appellant waited four weeks until "the Wednesday before the Tuesday" of the event he wished to enjoin to file a stay request); *Agudath Israel of Am. v. Cuomo*, 980 F.3d 222, 225 (finding no showing of impracticality where "a full eleven days elapsed after the district court's ruling before [appellant] sought relief from this Court.").

Moreover, as noted above, this morning (May 26), Shi filed an Order to Show Cause in the District Court seeking the exact same relief that he is seeking through the Motion. Shi's pending Order to Show Cause demonstrates that, in fact, it was not "impracticable" for Shi to first seek to enjoin the EGMs in the District Court, before coming to the Second Circuit. This Court should deny the Motion given Shi's abject failure to comply with FRAP 8(a)(1).

*Second*, this Court lacks jurisdiction. Shi asserts that the District Court's May 10, 2023 Order is appealable under 28 U.S.C. §1292(a)(1) and (a)(2) because it was a purported "refusal" by the District Court "to modify its Receiver Order." Mot. at 10. But as noted above, on September 15, 2022 and October 5, 2022, the District Court twice denied Shi's requests to enjoin the EGM. Then on April 3, 2023, the District Court issued an order denying Shi's March 2023 application to have LKM's former board reinstated, which was (in effect) yet another attempt to prevent the Receiver from convening the EGM. Shi did not appeal any of those three orders. While this Court may hear interlocutory appeals from orders refusing to dissolve injunctions or wind down receiverships, that is not the case here, where the instant motion is a refiling of three prior applications in the District Court to enjoin the EGM, all of which were denied, and none of which were timely appealed. *See Gill v. Monroe Cnty. Dep't of Soc. Servs.*, 873 F.2d 647, 648 (2d Cir. 1989) ("The instant motion . . . can be construed only as a refiling of the same motion . . . which had been denied twice before."). "An appeal from an order denying a successive motion . . . where the motion is simply the same as the earlier motion, is untimely under Fed. R. App. P. 4(a)(1) unless the notice of appeal was filed within thirty days of the original denial." *Id.* (collecting cases and characterizing successive motions as a "means merely to extend the thirty-day period for appeal.").

*Third*, Shi fails to allege any cognizable injury to himself, let alone irreparable harm. Shi claims that LKM directors have "important legal rights and roles under LKM's corporate documents." Mot. at 18. But the "rights" he cites are merely powers delegated by LKM to its directors. They attach to the *position*, not to the *person*. Shi cites no authority for the proposition that a director *who is not also a shareholder* has any legal right to maintain the position and retain the powers that accompany it. *Wisdom Import Sales Co., LLC v. Labatt Brewing Co. Ltd.*, 339

3

**SEIDEN | LAW**

<u>F.3d 101</u> (2003), cited by Shi (Mot. at 18) concerned a dispute between co-owners of a joint venture and *their* ability to select a certain number of directors.

      For all of the foregoing reasons, this Court should deny the Motion.

Respectfully submitted,

    /s/ *Amiad Kushner*
Amiad Kushner

*Counsel for Robert Seiden in his capacity as the Court-appointed temporary Receiver over Link Motion, Inc.*

cc: All Counsel (via ECF)

4