ADDENDUM "A"

to Form C

## 1. Nature of the Action

In December 2018, Plaintiff-Respondent Wayne Baliga ("Baliga") purported to bring a derivative action on behalf of Link Motion, Inc. (F/K/A NQ Mobile Inc.), a Cayman Islands corporation (the "Company"), and against Defendant-Appellant Vincent Wenyong Shi ("Dr. Shi") and two other members of the Company's board of directors (the "Board"). Contemporaneously, Baliga sought the appointment of his counsel, Robert Seiden, as temporary receiver (the "Receiver-Appellee") for the Company and entry of a preliminary injunction against Dr. Shi and other members of the Board. In support of his application, Baliga alleged that he was a shareholder of the Company with standing to sue derivatively. Relying in part on the truthfulness of Baliga's allegations, the District Court granted the application for appointment of the Receiver and charged him with "preserv[ing] and safeguard[ing] the Company's assets." (Dkt. 26)[1] (the "Receiver Order"). The Receiver Order also

---

[1] Unless noted otherwise, all citations to "Dkt. _" refer to docket entries in the District Court.

preliminarily enjoined Dr. Shi, the Company, and the other individual defendants.

Baliga's allegations in support of derivative standing were false. Baliga was not a registered shareholder of the Company, but merely a holder of the Company's American Depository Shares ("ADS"). Under Cayman law, only registered shareholders have standing to assert derivative claims on behalf of the Company. Beneficial owners, such as Baliga, do not have standing under Cayman law to assert derivative claims. In response to a directive issued by Magistrate Judge Freeman, Baliga filed a Second Amended Complaint on October 5, 2022, in which he withdrew all derivative claims and asserted only direct claims against the Company, Dr. Shi, and two other individual defendants. Baliga's direct claims allege maximum out-of-pocket damages of less than $650,000. Dr. Shi then filed a motion to discharge the Receiver and vacate the preliminary injunction.

In August 2022, the District Court determined that as of October 5, 2020, the date when Baliga withdrew his derivative claims, there was no basis to continue the receivership and ordered that the Receiver be discharged after resolution of a final accounting. The District Court also

vacated the preliminary injunction previously entered against Dr. Shi, the Company, and the other individual defendants. The District Court has not yet reviewed the Receiver-Appellee's accounting.

Subsequently, Dr. Shi discovered that the Receiver-Appellee has (i) entered into a usurious loan agreement with his agent in China, Mr. Francis "Lilin" Guo, on false premises, (ii) issued to Mr. Guo without consideration 86,272,750 shares of Class B shares of Company stock (representing 40% voting control over and 13% of the equity of the Company), (iii) transferred all of the Company's valuable business interests in China to Guo without consideration, (iv) permitted the Company's valuable domain names to be offered for sale, and (v) noticed emergency general meetings ("EGMs") of the shareholders of the Company. The Receiver-Appellee's notices of EGMs state that the Receiver-Appellee will appoint Guo and his associates as directors, remove Dr. Shi and the other existing directors, pass a shareholder resolution ratifying the Receiver-Appellee's actions, and pass a shareholder resolution to continue the receivership. These actions would irreparably harm Dr. Shi, the other existing members of the Board, the registered shareholders, and the Company. Dr. Shi also discovered

that the alleged misconduct that the Receiver-Appellee attributed to Dr. Shi as a basis for continuing the receivership was actually performed independently by Xu Zemin and other persons not under Dr. Shi's control.

Dr. Shi has repeatedly requested that the District Court (i) modify the Receiver Order to return control of the Company to the existing Board pending a final resolution of the Receiver-Appellee's accounting, (ii) modify the Receiver Order to terminate the Receiver's power to call EGMs of the shareholders of the Company, and (iii) enjoin the Receiver from proceeding with the EGMs that have been noticed. (*See* Dkt. 276, 276-6, 334, 361, 361-4, 336, 399, 403, 414).

The District Court has denied Dr. Shi's requests, (*see* Dkt. Nos. 338, 364, 365, 403, 417), and also clarified that its prior orders constitute an injunction barring the existing Board from "conven[ing] and vot[ing] to take any action not directed by the court-appointed receiver, Robert Seiden ('Receiver'), until after the Receiver has been fully discharged upon the Court's approval of the Receiver's final accounting." (Dkt. 365). The May 10, 2023 Order denying Dr. Shi's most recent request was entered without permitting Dr. Shi an opportunity to reply to false claims made by the Receiver in his May 9, 2023 opposition. (*See* Dkt. 417, 417).

Specifically, on May 3, 2023, Dr. Shi notified that Court that the Company's valuable domain names were being offered for sale and requested that control of the Company be returned to the existing Board. (Dkt. 414). On May 9, 2023, the Receiver notified the District Court that he intended to proceed with the EGMs and alleged that Dr. Shi controlled the Company's domain names. This allegation was false because records show that Guo has controlled the domain names since April 2019. On May 10, 2023—without giving Dr. Shi an opportunity to respond—the District Court "again decline[d] Shi's request to modify the Receiver Order to transfer control of LKM from the Receiver to the Board, unless and until either (1) the Receiver is discharged after the Court's approval of the accounting, or (2), and as previously stated (Dkt. No. 403), the parties stipulate to an agreed upon procedure." (Dkt. No. 417). The District Court also "reaffirm[ed] its prior findings (see Dkt. Nos. 338, 364) that the Receiver maintains the authority to convene an Extraordinary General Meeting ("EGM") of the LKM Board." (Dkt. No. 417) (*See also* Dkt. 365).

2. Result Below

The Court denied Dr. Shi's requests to modify the Receiver Order to return control to the existing Board, terminate any power of the Receiver to call EGMs of the shareholders of the Company, and to enjoin the Receiver from proceeding with the currently noticed EGMs. (See Dkt. 338, 364, 365, 403, 417).

The District Court's rulings are injunctive in nature because they (i) enjoin the existing Board from convening meetings and voting and (ii) refused to modify the Receiver Order to return control of the Company to the existing Board. The relief requested by Dr. Shi, if granted, would alter the legal relationship between the parties by liftin the injunction precluding the existing Board from convening and voting and transferring control over the Company from the Receiver-Appellee to the existing Board.

On May 26, 2023, after his appeal was filed, Dr. Shi applied for a temporary restraining order based on records disclosed by the Receiver-Appellee for the first time on the evening of May 24, 2023. The records relate to the Receiver-Appellee's dealings with Mr. Guo. The District Court granted a temporary restraining order enjoining the Receiver from

6

proceeding with the currently noticed EGMs and directed the Receiver to respond by June 1, 2023. Although the EGMs are currently temporarily restraining, the District Court has not reconsidered to modified its prior rulings.

3. <u>Copy of Notice of Appeal & Docket Sheet From the District Court and All Relevant Decisions Below</u>

See attached.

ADDENDUM "B"

to Form C

Issues Proposed to be Raised on Appeal With Applicable Standard of Review:

1. Whether it was proper for the Court to refuse to modify the Receiver Order to return control of the Company to the existing Board of Directors during the pendency of the accounting of the receivership.

   Standard of Review: The proper standard of review is abuse of discretion. *Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

2. Whether it was proper for the Court to deny Dr. Shi's request to enjoin the Receiver, who has been ordered to be discharged after resolution of his accounting and to maintain the status quo, from proceeding with Extraordinary General Meetings ("EGMs") of the shareholders of the Company for the purpose of appointing the Receiver's agent and his associates as directors, removing the existing Board of Directors, passing a shareholder resolution ratifying the Receiver's prior actions, and passing a shareholder resolution to continue the receivership.

   Standard of Review: The proper standard of review is abuse of discretion. *Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

3. Whether it was proper for the Court to deny Dr. Shi's request to modify the Receiver Order to terminate the Receiver's power to call EGMs of the shareholders of the Company during the pendency of the accounting.

   Standard of Review: The proper standard of review is abuse of discretion. *Weight Watchers Int'l v. Luigino's, Inc.*, 423 F.3d 137, 141 (2d Cir. 2005).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WAYNE BALIGA, derivatively on behalf of
LINK MOTION INC. (F/K/A NQ MOBILE
INC.)

                         Plaintiff,

      -against-

LINK MOTION INC. (F/K/A NQ MOBILE
INC.), VINCENT WENYONG SHI, JIA
LIAN, XIAO YU,

                  Defendants,

Civil Action No.: 1:18-cv-11642-VM

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that Defendant Vincent Wenyong Shi ("Dr. Shi" or "Defendant") hereby appeals to the United States Court of Appeals for the Second Circuit from the Order of the Honorable Victor Marrero, entered on May 10, 2023 (ECF Dkt. No. 417), denying Dr. Shi's request to (i) modify, pursuant to 28 U.S.C. § 3103(e), the Order Granting Preliminary Injunction and Appointing Temporary Receiver (the "Appointment Order") to transfer control of LKM and its assets from the Receiver to the existing Board of Directors and (ii) in effect, to preliminarily enjoin Robert W. Seiden, the court appointed temporary Receiver for LKM, from convening any Extraordinary General Meetings ("EGMs" or separately, an "EGM") of the shareholders of LKM.

Dated: New York, New York
      May 25, 2023

FELICELLO LAW P.C.

By: */s/ Michael James Maloney*
Michael James Maloney
366 Madison Avenue 3rd Fl
New York, New York 10017
Tel. (212) 584-7806

mmaloney@felicellolaw.com

*Attorneys for Vincent Wenyong Shi*

APPEAL,CASREF,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-11642-VM-VF

Baliga v. Link Motion Inc. et al

Assigned to: Judge Victor Marrero

Referred to: Magistrate Judge Valerie Figueredo

Related Cases: 1:21-cv-10911-VM-VF
               1:22-cv-08313-VM

Cause: 15:78m(a) Securities Exchange Act

Date Filed: 12/13/2018

Jury Demand: Plaintiff

Nature of Suit: 850 Securities/Commodities

Jurisdiction: Federal Question

### Plaintiff

**Wayne Baliga**
*derivatively on behalf of Link Motion Inc.*
*formerly known as*
NQ Mobile Inc.

represented by **Michael Dominick Cilento**
Lewis & Lin LLC
81 Prospect Street
Suite 8001
Brooklyn, NY 11201
718-243-9323
Email: michael@ilawco.com
*TERMINATED: 11/16/2020*
*LEAD ATTORNEY*

**Toby S Soli**
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
212-801-9200
Fax: 212-801-6400
Email: solit@gtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacob Nachmani**
Seiden Law LLP
322 Eighth Avenue
Suite 1200
New York, NY 10001
646-766-1723
Email: jnachmani@seidenlegal.com
*TERMINATED: 11/16/2020*
*ATTORNEY TO BE NOTICED*

**Miriam G. Bahcall**
Greenberg Traurig, LLP (Chicago)
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
312-476-5135

Email: bahcallm@gtlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vincent Wenyong Shi**
*TERMINATED: 06/11/2019*

represented by **Michael James Maloney**
Felicello Law P.C.
366 Madison Avenue
3rd Floor
New York, NY 10017
646-564-3510
Email: mmaloney@felicellolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosanne Elena Felicello**
Felicello Law P.C.
366 Madison Ave
FL 3
New York, NY 10017
212-584-7806
Email: rosanne@felicellolaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jia Lian**

**Defendant**

**Xiao Yu**

**Defendant**

**Link Motion Inc. (f/k/a NQ Mobile Inc.)**

represented by **Michael James Maloney**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vincent Wenyong Shi**

represented by **Kristie Marie Blase**
Felicello Law P.C.
366 Madison Ave
3rd Floor
10017
New York, NY 10019
212-584-7806
Email: kristie@felicellolaw.com
*ATTORNEY TO BE NOTICED*

**Michael James Maloney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rosanne Elena Felicello**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Roland Wu**

**Defendant**

**Zemin Xu**

**Nominal Defendant**

**Link Motion Inc.**             represented by   **Michael James Maloney**
*formerly known as*                               (See above for address)
NQ Mobile Inc.                                    *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Amiad Moshe Kushner**
                                                  Seiden Law LLP
                                                  322 Eighth Avenue
                                                  Suite 1200
                                                  New York, NY 10001
                                                  212-523-0686
                                                  Email: akushner@seidenlaw.com
                                                  *ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**AI CAPITAL CHINA**             represented by   **Jae Hyung Cho**
                                                  Cho Legal Group LLC
                                                  100 Plainfield Ave
                                                  Ste 8e
                                                  Edison, NJ 08817
                                                  732-545-9600
                                                  Fax: 609-613-5611
                                                  Email: jae@cholegal.com
                                                  *ATTORNEY TO BE NOTICED*

**Receiver**

**Robert W. Seiden**             represented by   **Amiad Moshe Kushner**
469 Seventh Avenue                                (See above for address)
New York, NY 10018                                *ATTORNEY TO BE NOTICED*
(212) 523-0686
                                                  **Robert Wayne Seiden**
                                                  Seiden Law LLP
                                                  322 8TH Avenue
                                                  Suite 1200
                                                  New York, NY 10001
                                                  212-523-0669
                                                  Email: rseiden@seidenlaw.com
                                                  *ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

**LKMFORWARD**

**ThirdParty Defendant**

HENRY LIN

**ThirdParty Defendant**

Matthew Mathison

**ThirdParty Defendant**

Omar Khan

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2018 | 1 | COMPLAINT against Jia Lian, Link Motion Inc., Vincent Wenyong Shi, Xiao Yu. (Filing Fee $ 400.00.)Document filed by Wayne Baliga.(Cilento, Michael) (Entered: 12/13/2018) |
| 12/13/2018 | 2 | **FILING ERROR - PDF ERROR -** CIVIL COVER SHEET filed. (Cilento, Michael) Modified on 12/14/2018 (jgo). (Entered: 12/13/2018) |
| 12/13/2018 | 3 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Link Motion Inc., re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 12/14/2018 (jgo). (Entered: 12/13/2018) |
| 12/13/2018 | 4 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Vincent Shi, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 12/14/2018 (jgo). (Entered: 12/13/2018) |
| 12/13/2018 | 5 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Jia Lian, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 12/14/2018 (jgo). (Entered: 12/13/2018) |
| 12/13/2018 | 6 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR -** REQUEST FOR ISSUANCE OF SUMMONS as to Xiao Yu, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 12/14/2018 (jgo). (Entered: 12/13/2018) |
| 12/14/2018 | | ***NOTICE TO ATTORNEY TO PAY THE FILING FEE. Notice to Attorney Michael Dominick Cilento. Civil Case Opening Fee of $400 Due: for 1 Complaint. The filing fee due was not paid; either in whole or in part. If the filing fee is not paid within five (5) days, per Amended Standing Order 15-mc-131, this case will be administratively closed. Filing Fee due by 12/19/2018. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | Civil Case Opening Fee Payment: for 1 Complaint. Filing fee $ 400.00.(Cilento, Michael) (Entered: 12/14/2018) |
| 12/14/2018 | | Filing fee: $400.00, receipt number 465401224760 received. (vf) (Entered: 12/14/2018) |
| 12/14/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Michael Dominick Cilento re: Document No. 1 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF. Add Defendant Link Motion Inc. with alias 'formerly known as NQ Mobile Inc.,. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents... (jgo)** (Entered: 12/14/2018) |

| 12/14/2018 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Michael Dominick Cilento to RE-FILE Document No. 2 Civil Cover Sheet. The filing is deficient for the following reason(s): Jury Demand code - no selection;. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated June 2017. The S.D.N.Y. Civil Cover Sheet dated June 2017 is located at http://nysd.uscourts.gov/file/forms/civil-cover-sheet.. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Michael Dominick Cilento. The following case opening statistical information was erroneously selected/entered: Jurisdiction code 4 (Diversity); Cause of Action code 29:1109; Nature of Suit code 160 (Stockholders Suits);. The following correction(s) have been made to your case entry: the Jurisdiction code has been modified to 3 (Federal Question); the Cause of Action code has been modified to 15:78; the Nature of Suit code has been modified to 850 (Securities/Commodities);. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Michael Dominick Cilento. The party information for the following party/parties has been modified: Wayne Baliga; Link Motion Inc.. The information for the party/parties has been modified for the following reason/reasons: party text was omitted; alias party name was omitted;. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Victor Marrero. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | Magistrate Judge Debra C. Freeman is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | | Case Designated ECF. (jgo) (Entered: 12/14/2018) |
| 12/14/2018 | 7 | TEMPORARY RESTRAINING ORDER: On December 14, 2018 Plaintiff Wayne Baliga filed a Proposed Order to Show Cause with Temporary Restraining Order, along with an Affirmation from Michael D. Cilento in Support of Temporary Restraining Order and Order to Show Cause, and supporting exhibits, and an Affirmation from Robert W. Seiden in Support of Temporary Restraining Order and Order to Show Cause. I have reviewed Plaintiff's submission, and, with good cause appearing, it is hereby: ORDERED THAT, pending the hearing and determination of Plaintiff's Order to Show Cause, Defendants shall be temporarily restrained and enjoined from: transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in, any assets belonging to Link Motion Inc. (the "Company") including, among other things, its subsidiaries, businesses, physical assets, and cash reserves. Notwithstanding this Order, the Company shall be allowed to continue to process normal day-to-day operational costs, including but not limited to payroll, attorneys' fees, and auditor fees. IT IS FURTHER ORDERED THAT this Order shall remain in effect for fourteen (14) days. The parties are directed to meet and confer and to submit a joint letter to the Court on or before December 21, 2018, (1) indicating whether Defendants consent to an extension of this Order beyond the initial fourteen-day period, and (2) setting forth a proposed briefing |

|  |  | schedule with respect to Defendants' opposition to and Plaintiffs' reply in further support of Plaintiffs request for a preliminary injunction and appointment of a temporary receiver. SO ORDERED. (Signed by Judge Victor Marrero on 12/14/2018) (kv) (Entered: 12/14/2018) |
|---|---|---|
| 12/14/2018 |  | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Michael Dominick Cilento to RE-FILE Document No. 3 Request for Issuance of Summons, 5 Request for Issuance of Summons, 4 Request for Issuance of Summons, 6 Request for Issuance of Summons. The filing is deficient for the following reason(s): second party name on the PDF 'To' section must include 'care of c/o';. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (jgo)** (Entered: 12/14/2018) |
| 12/14/2018 | 8 | REQUEST FOR ISSUANCE OF SUMMONS as to Link Motion Inc., re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/14/2018) |
| 12/14/2018 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Vincent Wenyong Shi, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/14/2018) |
| 12/14/2018 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Jia Lian, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/14/2018) |
| 12/14/2018 | 11 | REQUEST FOR ISSUANCE OF SUMMONS as to Xiao Yu, re: 1 Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/14/2018) |
| 12/17/2018 | 12 | ELECTRONIC SUMMONS ISSUED as to Link Motion Inc.. (dnh) (Entered: 12/17/2018) |
| 12/17/2018 | 13 | ELECTRONIC SUMMONS ISSUED as to Vincent Wenyong Shi. (dnh) (Entered: 12/17/2018) |
| 12/17/2018 | 14 | ELECTRONIC SUMMONS ISSUED as to Jia Lian. (dnh) (Entered: 12/17/2018) |
| 12/17/2018 | 15 | ELECTRONIC SUMMONS ISSUED as to Xiao Yu. (dnh) (Entered: 12/17/2018) |
| 12/20/2018 | 16 | AFFIDAVIT OF SERVICE of Summons and Complaint. Link Motion Inc. served on 12/20/2018, answer due 1/10/2019. Service was accepted by Diana. Arios-Hemandez, Senior Manager. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/20/2018) |
| 12/20/2018 | 17 | AFFIDAVIT OF SERVICE of Summons and Complaint. Vincent Wenyong Shi served on 12/20/2018, answer due 1/10/2019. Service was accepted by Diana. Arios-Hemandez, Senior Manager. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/20/2018) |
| 12/20/2018 | 18 | AFFIDAVIT OF SERVICE of Summons and Complaint. Jia Lian served on 12/20/2018, answer due 1/10/2019. Service was accepted by Diana. Arios-Hemandez, Senior Manager. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/20/2018) |
| 12/20/2018 | 19 | AFFIDAVIT OF SERVICE of Summons and Complaint. Xiao Yu served on 12/20/2018, answer due 1/10/2019. Service was accepted by Diana. Arios-Hemandez, Senior Manager. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 12/20/2018) |
| 12/21/2018 | 20 | FIRST LETTER addressed to Judge Victor Marrero from Plaintiff and Defendant Link Motion Inc. dated 12/21/2018 re: Preliminary injunction briefing schedule. Document filed by Wayne Baliga.(Cilento, Michael) (Entered: 12/21/2018) |

| 12/27/2018 | 21 | ORDER: It is hereby ORDERED that defendant Link Motion Inc. should file its opposition, not to exceed twelve pages, to plaintiff Wayne Baliga's ("Baliga") request for a preliminary injunction and appointment of a temporary receiver by January 21, 2019. Baliga may submit a reply, not to exceed four pages, by January 28, 2019. Upon the Court's review of the briefing, the Court will determine whether to schedule a hearing on this matter. SO ORDERED. (Responses due by 1/21/2019, Replies due by 1/28/2019.) (Signed by Part One Judge Vernon S. Broderick on 12/27/2018) (jca) (Entered: 12/27/2018) |
|---|---|---|
| 01/21/2019 | 22 | PROPOSED STIPULATION AND ORDER. Document filed by Link Motion Inc.. (Silverman, Marc) (Entered: 01/21/2019) |
| 01/22/2019 | 23 | STIPULATION OF NON-OPPOSITION TO A PRELIMINARY INJUNCTION AND CONSENT ORDER TO EXTEND TIME TO ANSWER, MOVE, OR OTHERWISE RESPOND TO THE COMPLAINT: IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS, SUBJECT TO APPROVAL BY THE COURT: 1. Defendant Link Motion does not oppose the Preliminary Injunction. 2. Defendant Link Motion's time to move, answer, or otherwise respond to the Complaint shall be extended until February 20, 2019. 3. By entering into this stipulation, Link Motion contends that it is making only a limited, and not general appearance, for the sole purpose of obtaining an extension of time to answer, move or otherwise respond to the Complaint. Link Motion has preserved and is not waiving and have not waived any objections, defenses or responses to the Complaint. Link Motion Inc. answer due 2/20/2019. (Signed by Judge Victor Marrero on 1/22/2019) (js) Modified on 7/1/2019 (js). (Entered: 01/22/2019) |
| 01/24/2019 | 24 | REPLY AFFIDAVIT of Wayne Baliga in Support re: 7 Temporary Restraining Order,,,,,, 21 Order,,, Set Deadlines,,. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 01/24/2019) |
| 01/24/2019 | 25 | PROPOSED ORDER. Document filed by Wayne Baliga. (Cilento, Michael) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 01/24/2019) |
| 01/24/2019 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. 25 Proposed Order was reviewed and approved as to form. (km)** (Entered: 01/24/2019) |
| 02/01/2019 | 26 | ORDER GRANTING PRELIMINARY INJUNCTION AND APPOINTING TEMPORARY RECEIVER: The Court hereby preliminarily restrains and enjoins Defendants from: transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in, any assets belonging to Link Motion including, among other things, its subsidiaries, businesses, physical assets, and cash reserves. The Court grants Baliga's request for a temporary receiver for the Company and appoints and confirms Robert W. Seiden Esq. (469 Seventh Avenue, New York, NY 10018, rseiden@seidenlegal.com, 212-523- 0686) as temporary receiver (the "Receiver") for the Company during the pendency of this action. All other provisions as further set forth in this order. So Ordered. (Signed by Judge Victor Marrero on 2/1/2019) (js) (Entered: 02/01/2019) |
| 02/26/2019 | 27 | SEALED DOCUMENT placed in vault.(rz) (Entered: 02/26/2019) |
| 03/01/2019 | 28 | ENDORSED LETTER addressed to Judge Victor Marrero from Caryn G. Schechtman dated March 1, 2019 re: letter requesting lave to permit DLA Piper LLP to withdraw as attorney of record for Link Motion Inc. ENDORSEMENT: Request GRANTED. Counsel for defendant Link Motion Inc. is authorized to withdraw as attorney of record. Leave motion is directed to inform the Court within 30 days of the date of this Order as to the name of substitute counsel who shall enter a notice of appearance 15 days thereafter. (Signed by Judge Victor Marrero on 3/1/2019) (ks) (Entered: 03/01/2019) |

| 03/14/2019 | 29 | PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document filed by Wayne Baliga. (Cilento, Michael) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 03/14/2019) |
|---|---|---|
| 03/14/2019 | 30 | AFFIRMATION of Robert W. Seiden in Support re: 29 Proposed Order to Show Cause Without Emergency Relief. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit Receivership Order, # 2 Exhibit First Demand Letter to Shi, # 3 Exhibit Second Demand Letter to Shi, # 4 Exhibit Third Demand Letter to Shi, # 5 Exhibit Phone Records, # 6 Exhibit Chat Records, # 7 Exhibit Press Release, # 8 Exhibit Email DLA-Shi)(Cilento, Michael) (Entered: 03/14/2019) |
| 03/14/2019 | 31 | AFFIRMATION of Michael D. Cilento in Support re: 29 Proposed Order to Show Cause Without Emergency Relief. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 03/14/2019) |
| 03/14/2019 | 32 | MEMORANDUM OF LAW in Support re: 29 Proposed Order to Show Cause Without Emergency Relief . Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 03/14/2019) |
| 03/14/2019 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF. Document No. 29 Proposed Order to Show Cause Without Emergency Relief was reviewed and approved as to form. (km)** (Entered: 03/14/2019) |
| 03/15/2019 | 33 | ORDER TO SHOW CAUSE FOR CONTEMPT: Defendant Vincent Shi shall show cause as to why an order should not be issued pursuant to 18 U.S.C § 401(3) holding Defendant Shi in contempt of this Court s February 1, 2019 Order. Show Cause Hearing set for 3/29/2019 at 09:30 AM in Courtroom 11B, 500 Pearl Street, New York, NY 10007 before Judge Victor Marrero. (Signed by Judge Victor Marrero on 3/15/2019) (js) (Entered: 03/15/2019) |
| 03/15/2019 | 34 | AFFIDAVIT OF SERVICE of OSC and supporting documents served on Vincent Shi on 3/15/2019. Service was accepted by via Email and WeChat. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 03/15/2019) |
| 03/27/2019 | 35 | MOTION to Dismiss for Lack of Jurisdiction ., MOTION to Discharge *Receiver*., MOTION to Vacate 26 Order,,, . Document filed by Vincent Wenyong Shi.(Maloney, Michael) (Entered: 03/27/2019) |
| 03/27/2019 | 36 | DECLARATION of Michael James Maloney in Support re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit Affidavit of Seiden, # 2 Exhibit Affirmation of Arthur, # 3 Exhibit Affidavit of Hume, # 4 Exhibit Memo of Association, # 5 Exhibit Press Release, # 6 Exhibit Press Release, # 7 Exhibit Press Release, # 8 Exhibit Press Release, # 9 Exhibit Press Release, # 10 Exhibit Press Release, # 11 Exhibit Press Release, # 12 Exhibit Press Release, # 13 Exhibit Press Release, # 14 Exhibit Press Release)(Maloney, Michael) (Entered: 03/27/2019) |
| 03/27/2019 | 37 | MEMORANDUM OF LAW in Support re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, . . Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 03/27/2019) |
| 03/28/2019 | 38 | NOTICE OF APPEARANCE by Rosanne Elena Felicello on behalf of Vincent Wenyong Shi. (Felicello, Rosanne) (Entered: 03/28/2019) |
| 03/29/2019 | | Minute Entry for proceedings held before Judge Victor Marrero: Show Cause Hearing held on 3/29/2019. Michael Cilento present for plaintiff Wayne Baliga. Michael James Maloney present for defendant Vincent Wenyong Shi. Plaintiff to respond to defendant's |

| | | |
|---|---|---|
| | | motion dated March 27, 2019 (Dkt. No. 35) by Friday, April 19, 2019. Defendant shall reply by Friday, May 10, 2019. (rc) (Entered: 03/29/2019) |
| 04/15/2019 | [39](#) | PROPOSED STIPULATION AND ORDER. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 04/15/2019) |
| 04/16/2019 | [40](#) | STIPULATION FOR EXTENSION OF BRIEFING SCHEDULE: It is thus hereby Stipulated and Agreed as follows, subject to approval of the Court. So Ordered ( Responses due by 4/26/2019. Replies due by 5/17/2019.) (Signed by Judge Victor Marrero on 4/16/2019) (js) (Entered: 04/16/2019) |
| 04/16/2019 | [41](#) | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/29/2019 before Judge Victor Marrero. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/7/2019. Redacted Transcript Deadline set for 5/17/2019. Release of Transcript Restriction set for 7/15/2019. (McGuirk, Kelly) (Entered: 04/16/2019) |
| 04/16/2019 | [42](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/29/19 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days...(McGuirk, Kelly) (Entered: 04/16/2019) |
| 04/17/2019 | [43](#) | ENDORSED LETTER: addressed to Judge Victor Marrero from Robert W. Seiden, Esq. dated 4/16/2019 re: The Receiver respectfully requests that the attached invoices be reviewed by your Honor, and subject to your approval, permit the Receiver to disburse payment of invoices to professionals and the Receiver who have been working tirelessly on this matter since February 1, 2019. The Receiver has carefully reviewed each invoice and believes they are fair and reasonable under the circumstances. The Receiver respectfully requests this Court's approval to pay the invoices from the Link Motion, Inc. funds that have been received in the Receiver escrow trust account. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the court by the Court-Appointed Temporary Receiver for defendant Link motion Inc. So Ordered. (Signed by Judge Victor Marrero on 4/17/2019) (js) (Entered: 04/17/2019) |
| 04/25/2019 | 44 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 04/25/2019) |
| 04/25/2019 | [45](#) | ENDORSED LETTER addressed to Judge Victor Marrero from Michael James Maloney dated 4/25/2019 re: Therefore, we respectfully request a protective order: (i) staying discovery as to Mr. Shi pending a ruling on Mr. Shi's motion; and (ii) quashing the subpoena for information relating to the Google email account used by Mr. Shi's assistant. ENDORSEMENT: Plaintiff is directed to respond by 4/30/19 by letter not to exceed three (3) pages, to the matter set forth above by defendant Vincent Shi. SO ORDERED. (Signed by Judge Victor Marrero on 4/25/2019) (mml) (Entered: 04/25/2019) |
| 04/26/2019 | [46](#) | ENDORSED LETTER: addressed to Judge Victor Marrero from Steven E. Seiden, Esq. dated 4/25/2019 re: This letter is in response to Mr. Maloney's letter to your honor dated April 25, 2019, wherein Defendant Shi through his counsel Mr. Maloney requested that the Court issue a protective order with respect to Mr. Shi. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by The Counsel to the Temporary Receiver. SO ORDERED. (Signed by Judge Victor Marrero on 4/26/2019) (ama) (Entered: 04/26/2019) |

| 04/26/2019 | 47 | ENDORSED LETTER: addressed to Judge Victor Marrero from Robert W. Seiden, Esq. dated 4/24/2019 re: Counsel writes to respectfully request that your honor not defer approval of payment pending Defendant Shi's motion, which motion will not affect the Receiver or his professionals' right to compensation for their tireless efforts to secure assets, maintain the status quo of the Company and protect shareholder value pending the outcome of the underlying case, as Ordered by your honor in the Injunction and Receivership Order dated February 1, 2019. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Court-Appointed Temporary Receiver. So Ordered. (Signed by Judge Victor Marrero on 4/26/2019) (js) (Entered: 04/26/2019) |
|---|---|---|
| 04/26/2019 | 48 | AFFIRMATION of Michael D. Cilento, Esq. in Opposition re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 04/26/2019) |
| 04/26/2019 | 49 | AFFIDAVIT of Wayne Baliga in Opposition re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit Ex. A - Deposit Agreement, # 2 Exhibit Ex. B - IPO Prospectus, # 3 Exhibit Ex. C - MS DB $150m, # 4 Exhibit Ex. D - Form 6-K Shi Signature, # 5 Exhibit Ex. E - Shareholder Letter, Shi Signature, # 6 Exhibit Ex. F - Photographs of 2011 IPO LKM in NY, # 7 Exhibit Ex. G - Photograph of 2016 LKM in NY, # 8 Exhibit Ex. H - Baliga Purchases of LKM, # 9 Exhibit Ex. I - Press Releases, # 10 Exhibit Ex. J - 11/20/17 Press Release, # 11 Exhibit Ex. K - Transfers Annotated and Board Reactions, # 12 Exhibit Ex. L - Syber Transfer Annotated)(Cilento, Michael) (Entered: 04/26/2019) |
| 04/26/2019 | 50 | AFFIDAVIT of Matthew Mathison in Opposition re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit Ex. A - Mathison Authorization Letter, # 2 Exhibit Ex. B - Press release, # 3 Exhibit Ex. C - Receiver's Announcement, # 4 Exhibit Ex. D - Tony Email - Forced resignation, # 5 Exhibit Ex. E - Former Director Convo 1, # 6 Exhibit Ex. F - Former Director Convo 2)(Cilento, Michael) (Entered: 04/26/2019) |
| 04/26/2019 | 51 | FIRST MEMORANDUM OF LAW in Opposition re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, . . Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 04/26/2019) |
| 04/26/2019 | 52 | AFFIDAVIT of Tim Clissold in Opposition re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 04/26/2019) |
| 04/29/2019 | 53 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael James Maloney dated 4/24/2019 re: Based on the foregoing, Mr. Shi requests that the Court defer ruling on the Receiver's request for payment until after the Court rules on Mr. Shi's motion. Mr. Shi further requests, following the Court's ruling on his motion, the opportunity to respond to the items set forth in the Receiver's interim report and request for payment. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant Vincent Wenyong Shi So Ordered. (Signed by Judge Victor Marrero on 4/29/2019) (js) (Entered: 04/29/2019) |
| 04/29/2019 | 54 | ORDER. By letter dated April 17, 2019, Seiden filed an interim report describing his efforts to date. (See "April 17, 2019 Letter," Dkt. No. 43.) In that April 17, 2019 Letter, Seiden requested permission to disburse payment to professionals that have been working on Seiden's and Link Motion's behalf from the funds received in an escrow account, and he attached detailed invoices for the Court's review and approval. (See id. at 4.) |

| | | |
|---|---|---|
| | | Defendant Vincent Wenyong Shi ("Shi") opposes the request, asking instead for the Court to defer approving the payments until the resolution of Shi's motion to dismiss. (See Dkt. No. 53.) The Court has reviewed the invoices, filed under seal, attached to the April 17, 2019 Letter, representing work already done on behalf of Seiden and Link Motion. The Court finds that the costs, hours, rates, and activities listed in the invoices to be reasonable, and sees no reason to defer payment to these professionals for services already rendered. Accordingly, for the reasons stated above it is hereby, ORDERED that the motion of temporary receiver Robert Seiden for permission to disburse payment of invoices to professionals as set forth in the April 17, 2019 Letter and attachments is GRANTED. SO ORDERED. (Signed by Judge Victor Marrero on 4/29/2019) (rjm) (Entered: 04/29/2019) |
| 04/30/2019 | 55 | FIRST LETTER addressed to Judge Victor Marrero from Michael D. Cilento on behalf of Plaintiff dated April 30, 2019 re: Response to Defendant Shi 4/25/19 Letter re: protective order. Document filed by Wayne Baliga.(Cilento, Michael) (Entered: 04/30/2019) |
| 05/01/2019 | 56 | MEMO ENDORSEMENT: on re: 55 Letter filed by Wayne Baliga. ENDORSEMENT: Request Granted. Discovery as regards defendant Vincent Wenong Shi is stayed pending the Court's subpoena rulings on defendants jurisdictional motion. Defendant Shi's request to quash the Receiver's demand letters/subpoenas to third parties issued within the scope of his authority is Denied. So Ordered. (Signed by Judge Victor Marrero on 5/1/2019) (js) (Entered: 05/01/2019) |
| 05/17/2019 | 57 | PROPOSED STIPULATION AND ORDER. Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 05/17/2019) |
| 05/20/2019 | 58 | STIPULATION FOR EXTENSION OF BRIEFING SCHEDULE. IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court that Defendant Shi's reply shall be due on May 22, 2019. It is so ordered. (Replies due by 5/22/2019.) (Signed by Judge Victor Marrero on 5/17/2019) (rjm) (Entered: 05/20/2019) |
| 05/22/2019 | 59 | ORDER: It is hereby, ORDERED that the motion of temporary receiver Robert Seiden for permission to disburse payment of invoices and costs to professionals as set forth in the May 16, 2019 Letter and attachments is GRANTED. SO ORDERED. (Signed by Judge Victor Marrero on 5/22/2019) (ks) Transmission to Finance Unit (Cashiers) for processing. (Entered: 05/22/2019) |
| 05/22/2019 | 60 | DECLARATION of Vincent Wenyong Shi in Support re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 05/22/2019) |
| 05/22/2019 | 61 | DECLARATION of Tian Liang in Support re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, .. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit Complaint in PRC by Xu Zemin, # 2 Exhibit Translation of Complaint in PRC by Xu Zemin, # 3 Exhibit Judicial Forensics Opinion, # 4 Exhibit Translation of Judicial Forensics Opinion) (Maloney, Michael) (Entered: 05/22/2019) |
| 05/22/2019 | 62 | REPLY MEMORANDUM OF LAW in Support re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, . *and in opposition to motion for order of contempt*. Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 05/22/2019) |
| 06/10/2019 | 63 | **FILING ERROR - ELECTRONIC FILING FOR NON-ECF DOCUMENT (SEE DOCUMENT #7) -** FIRST MOTION for Order to Show Cause *previous TRO submission on 12/14/18*. Document filed by Wayne Baliga. (Attachments: # 1 Affidavit Cilento Aff. |

| | | with Exhibits, # 2 Affidavit Seiden Aff., # 3 Supplement Memo of Law)(Cilento, Michael) Modified on 8/19/2019 (ldi). (Entered: 06/10/2019) |
|---|---|---|
| 06/11/2019 | 64 | DECISION AND ORDER granting in part and denying in part 35 Motion to Dismiss for Lack of Jurisdiction; terminating 35 Motion to Discharge; terminating 35 Motion to Vacate. Accordingly, for the reasons stated above it is hereby, ORDERED that the motion (Dkt. No. 35.) of Defendant Vincent Wenyong Shi ("Shi") to dismiss the complaint (Dkt. No. 1) of plaintiff Wayne Baliga ("Baliga") is GRANTED IN PART and DENIED IN PART. Counts Four and Five are dismissed without prejudice. Shi is dismissed from the case for lack of personal jurisdiction without prejudice to Baliga's further endeavor to serve Shi properly. It is further ORDERED that Baliga is granted leave to file an amended complaint as to Counts Four and Five within two weeks of the date of entry of this Order. It is further ORDERED that the request of Baliga for alternative service under Federal Rule of Civil Procedure 4(f)(3) is denied without prejudice. (Signed by Judge Victor Marrero on 6/11/2019) (emt) (Entered: 06/11/2019) |
| 06/20/2019 | 65 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR -** FIRST AMENDED COMPLAINT amending 1 Complaint against Jia Lian, Link Motion Inc., Vincent Wenyong Shi, Xiao Yu with JURY DEMAND.Document filed by Wayne Baliga. Related document: 1 Complaint.(Cilento, Michael) Modified on 6/21/2019 (pne). (Entered: 06/20/2019) |
| 06/20/2019 | 66 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Vincent Wenyong Shi, re: 65 Amended Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 06/20/2019) |
| 06/20/2019 | 67 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Link Motion Inc., re: 65 Amended Complaint. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 06/20/2019) |
| 06/21/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Michael Dominick Cilento to RE-FILE re: Document No. 65 Amended Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; Vincent Wenyong Shi is a terminated party and must be added to the case again; Link Motion Inc. with alias 'formerly known as NQ Mobile Inc.' must be added to the case in the role of defendant. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (pne)** (Entered: 06/21/2019) |
| 06/21/2019 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Michael Dominick Cilento to RE-FILE Document No. 66 Request for Issuance of Amended Summons, 67 Request for Issuance of Amended Summons. The filing is deficient for the following reason(s): the summons request was not processed due to the deficient pleading; re-file your summons request after you have correctly re-filed your pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pne)** (Entered: 06/21/2019) |
| 06/21/2019 | | ADD PARTY FOR PLEADING. Defendants/Respondents Jia Lian, Xiao Yu, Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi added. Party added pursuant to 65 Amended Complaint,.Document filed by Wayne Baliga. Related document: 65 Amended Complaint,.(Cilento, Michael) (Entered: 06/21/2019) |

| 06/21/2019 | 68 | FIRST AMENDED COMPLAINT amending 65 Amended Complaint, against Jia Lian, Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Xiao Yu with JURY DEMAND.Document filed by Wayne Baliga. Related document: 65 Amended Complaint,.(Cilento, Michael) (Entered: 06/21/2019) |
|---|---|---|
| 06/21/2019 | 69 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** REQUEST FOR ISSUANCE OF SUMMONS as to Vincent Wenyong Shi, re: 68 Amended Complaint,. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 6/25/2019 (sj). (Entered: 06/21/2019) |
| 06/21/2019 | 70 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU** REQUEST FOR ISSUANCE OF SUMMONS as to Link Motion Inc. (f/k/a NQ Mobile Inc.), re: 68 Amended Complaint. Document filed by Wayne Baliga. (Cilento, Michael) Modified on 6/25/2019 (sj). (Entered: 06/21/2019) |
| 06/24/2019 | 71 | ORDER. On June 18, 2019, the Temporary Receiver jn this action (the "Receiver") submitted a letter to the Court requesting approval of a compensation incentive agreement and promissory note between Link Motion Inc. and Mr. Lilin "Francis" Guo (the "Note Agreement"). I have reviewed the Receiver's letter submission and the Note Agreement, and, with good cause appearing, it is hereby: ORDERED THAT, the request is GRANTED. The Note Agreement entered into by the Receiver is approved. SO ORDERED. (Signed by Judge Victor Marrero on 6/20/2019) (rjm) (Entered: 06/24/2019) |
| 06/25/2019 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Michael Dominick Cilento to RE-FILE Document No. 69 Request for Issuance of Summons, 70 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; the wrong event type was used to file the request for issuance of summons; parties previously issued a summons require an Amended Summons; the PDF must also state "Amended". Re-file the document using the event type Request for Issuance of Amended Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (sj)** (Entered: 06/25/2019) |
| 06/25/2019 | 72 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Link Motion Inc. (f/k/a NQ Mobile Inc.), re: 68 Amended Complaint,. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 06/25/2019) |
| 06/25/2019 | 73 | REQUEST FOR ISSUANCE OF AMENDED SUMMONS as to Vincent Wenyong Shi, re: 68 Amended Complaint,. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 06/25/2019) |
| 06/25/2019 | 74 | SEALED DOCUMENT placed in vault.(rz) (Entered: 06/25/2019) |
| 06/26/2019 | 75 | ELECTRONIC AMENDED SUMMONS ISSUED as to Link Motion Inc.. (pc) (Entered: 06/26/2019) |
| 06/26/2019 | 76 | ELECTRONIC AMENDED SUMMONS ISSUED as to Vincent Wenyong Shi. (pc) (Entered: 06/26/2019) |
| 06/27/2019 | 77 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Link Motion Inc. (f/k/a NQ Mobile Inc.) served on 6/26/2019, answer due 7/17/2019. Service was accepted by Law Debenture Corporate Services, by Diana Arias-Hernandez. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 06/27/2019) |
| 07/01/2019 | 78 | ORDER: Accordingly, for the reasons stated above it is hereby, ORDERED that the motion of temporary Receiver Robert Seiden for permission to disburse payment of invoices and costs to professionals as set forth in the June 25, 2019 Letter and attachments |

| 07/09/2019 | 79 | SEALED DOCUMENT placed in vault.(rz) (Entered: 07/09/2019) |
|---|---|---|
| 07/16/2019 | 80 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael James Maloney dated 7/16/2019 re: Extension for defendant 45-day extension of LKM's time to answer. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendants referred to above. SO ORDERED. (Signed by Judge Victor Marrero on 7/16/2019) (ama) (Entered: 07/16/2019) |
| 07/16/2019 | 81 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento dated 7/16/2019 re: I submit this letter in response to Mr. Maloney's July 16, 2019 (today) letter to you. ENDORSEMENT: Defendants' counsel is directed to respond by 7-19-19, by letter not to exceed three (3) pages, to the matter set forth above by Plaintiff. SO ORDERED. (Signed by Judge Victor Marrero on 7/16/2019) (ama) (Entered: 07/16/2019) |
| 07/22/2019 | 82 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento dated 7/22/2019 re: This letter is submitted in response to new points made in Mr. Maloney's July 16, 2019 letter to Your Honor. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff. (Signed by Judge Victor Marrero on 7/22/2019) (jwh) (Entered: 07/22/2019) |
| 07/22/2019 | 83 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael James Maloney dated 7/19/2019 re: In accordance with the Court's direction, we write in response to the letter dated July 16, 2019 from counsel to plaintiff Wayne Baliga ("Plaintiff or Baliga") (ECF Doc. No. 81), in which Plaintiff questioned whether or not Defendant Link Motion Inc. ("LKM") has engaged CKR Law LLP as counsel in this action by valid corporate action of the Board of Directors. ENDORSEMENT: Plaintiff is directed to respond by 7-26-19, by letter not to exceed three (3) pages, to the matter set forth above by defendant Link Motion, Inc. So ordered. (Signed by Judge Victor Marrero on 7/22/2019) (rjm) (Entered: 07/22/2019) |
| 07/23/2019 | 84 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento dated 7/22/2019 re: This letter is submitted in response to new points made in Mr. Maloney's July 19, 2019 letter to Your Honor, where Mr. Maloney argues that his law firm, CKR Law LLP ("CKR"), has been engaged by Link Motion Inc. ("LKM" or the "Company") pursuant to an alleged Board of Directors ("Board") meeting called by Vincent Wenyong Shi ("Mr. Shi"), and as further specified in this letter. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff. So ordered. (Signed by Judge Victor Marrero on 7/22/2019) (rjm) (Entered: 07/23/2019) |
| 07/23/2019 | 85 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento dated 7/22/2019 re: This letter is submitted to clarify the order of the recent ongoing letter briefings. Mr. Maloney's July 19, 2019 letter currently uploaded as Dkt. 83 was submitted before Dkt. 82, which was my letter sent today, and as further specified in this letter. ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiff. So ordered. (Signed by Judge Victor Marrero on 7/22/2019) (rjm) (Entered: 07/23/2019) |
| 07/23/2019 | 86 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Vincent Wenyong Shi served on 7/22/2019, answer due 8/12/2019. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 07/23/2019) |
| 07/26/2019 | 87 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento dated 7/26/2019 re: This letter is submitted pursuant to your Individual Practices section II.A.2, to request approval for Plaintiff to make a motion, pursuant to FRCP 4(f)(3), for court |

| | | |
|---|---|---|
| | | affirmation that service has been made on Defendant Shi, and as further specified and requested in this letter. ENDORSEMENT: Defendant Vincent Shi directed to respond by 7-30-19, by letter not to exceed three (3) pages to the matter set forth above by plaintiff, showing cause why the relief requested should not be granted. So ordered. (Signed by Judge Victor Marrero on 7/26/2019) (rjm) (Entered: 07/26/2019) |
| 07/29/2019 | | Minute Entry for proceedings held before Judge Victor Marrero: Telephone Conference held on 7/29/2019. Attorneys Michael Cilento, Michael James Maloney, and Rosanne Felicello present. Parties to submit joint status report regarding threshold issues by August 9, 2019.(rc) (Entered: 07/29/2019) |
| 08/05/2019 | 88 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael James Maloney dated 8/5/2019 re: We write in connection with the telephone conference held before the Court on July 29, 2019, during which the Court directed the parties to submit to the Court by August 9, 2019 a list of "threshold issues" to be submitted to a magistrate judge for review and consideration. ENDORSEMENT: Plaintiff is directed to respond by 8-6-19, by letter not to exceed three (3) pages, to the matter set forth above by defendant. So ordered. (Signed by Judge Victor Marrero on 8/5/2019) (rjm) (Entered: 08/05/2019) |
| 08/07/2019 | 89 | ENDORSED LETTER addressed to Judge Victor Marrero from Michael D. Cilento Esq. dated 8/6/2019 re: In conclusion, the Receiver is fully acting within his powers (as granted and upheld by this Court) in securing Company funds from third parties. Furthermore, as outlined above and in previous filings and declarations securing and preserving assets is absolutely necessary pending the outcome of this litigation. If Defendant Shi finally wants to cooperate with the Receiver or participate in this action, then he should feel free to do so, but this Court should not allow him the ability to steal any more cash from the Company or transfer any remaining value. We request instead that the Court reinforce its existing Orders that grated the Receiver the power to secure funds from third parties, hold and preserve such funds in escrow, and disburse only as necessary and with the continued oversight and approval from this Court ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Plaintiff. So Ordered. (Signed by Judge Victor Marrero on 8/7/2019) (js) (Entered: 08/07/2019) |
| 08/09/2019 | 90 | STATUS REPORT. *Joint Status Report* Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 08/09/2019) |
| 08/13/2019 | 91 | ORDER OF REFERENCE TO A MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). All such motions: All those contemplated in Dkt. Nos. 88 and 90. Referred to Magistrate Judge Debra C. Freeman. Motions referred to Debra C. Freeman. (Signed by Judge Victor Marrero on 8/13/2019) (kv) (Entered: 08/13/2019) |
| 08/19/2019 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Michael Dominick Cilento to RE-FILE Document 63 FIRST MOTION for Order to Show Cause** *previous TRO submission on 12/14/18.* **ERROR(S): Supporting documents must be filed separately, each receiving their own document number; wrong event types selected. NOTE: Re-file the attached supporting documents separately and link ONLY to document # 7 Temporary Restraining Order. Use the (non-motion) event types found under the event list Other Answers.** (ldi) (Entered: 08/19/2019) |
| 08/19/2019 | 92 | AFFIRMATION of Michael D. CIlento, Esq. in Support re: 7 Temporary Restraining Order,,,,,,,. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit Verified |

| | | Complaint, # 2 Exhibit Evidence of SyberOS and Rideshare Transfers, # 3 Exhibit Evidence of Showself Transfer)(Cilento, Michael) (Entered: 08/19/2019) |
|---|---|---|
| 08/19/2019 | 93 | AFFIRMATION of Robert W. Seiden, Esq. in Support re: 7 Temporary Restraining Order,,,,,,. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 08/19/2019) |
| 08/19/2019 | 94 | FIRST MEMORANDUM OF LAW in Support re: 7 Temporary Restraining Order,,,,,, . Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 08/19/2019) |
| 08/22/2019 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman: Case Management Conference held via telephone on 8/22/2019. (aba) (Entered: 08/30/2019) |
| 08/29/2019 | 95 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated August 29, 2019 re: Threshold Issues and Briefing Schedule. Document filed by Vincent Wenyong Shi.(Maloney, Michael) (Entered: 08/29/2019) |
| 09/09/2019 | 96 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael D. Cilento, Esq. dated 9/9/2019 re: Threshold Issues. Document filed by Wayne Baliga.(Cilento, Michael) (Entered: 09/09/2019) |
| 09/11/2019 | 97 | ORDER: Accordingly, for the reasons stated herein it is hereby, ORDERED that the motion of temporary receiver Robert Seiden for permission to disburse payment of invoices to professionals as set forth in the August 9, 2019 Letter and attachments is GRANTED. SO ORDERED. (Signed by Judge Victor Marrero on 9/6/2019) (jca) Transmission to Finance Unit (Cashiers) for processing. (Entered: 09/11/2019) |
| 09/19/2019 | 98 | ORDER: On September 18, 2019, the Temporary Receiver in this action (the "Receiver") submitted a letter to the Court requesting approval of an engagement agreement in order to retain the law firm KSG Attorneys at Law on behalf of Link Motion Inc. (the "Company") in order to provide certain legal services for the Company in the Cayman Islands. I have reviewed the Receiver's submission, and, with good cause appearing, it is hereby: ORDERED THAT, the request is approved, and the Receiver may retain KSG Attorneys at Law to perform work on behalf of the Receiver and the Company, until such time as the Receiver deems appropriate or w1til further order from this Court. So Ordered. (Signed by Judge Victor Marrero on 9/19/2019) (js) (Entered: 09/19/2019) |
| 09/20/2019 | 99 | SEALED DOCUMENT placed in vault.(rz) (Entered: 09/20/2019) |
| 09/25/2019 | 100 | ORDER. It is hereby: ORDERED THAT, the request is approved, and Google is directed to remit any funds belonging to Link Motion Inc. to the Receiver's escrow account or to another Link Motion, Inc. controlled by the Receiver, until such time as the Receiver or this Court directs otherwise. SO ORDERED. (Signed by Judge Victor Marrero on 9/25/19) (yv) (Entered: 09/25/2019) |
| 09/25/2019 | 101 | OPPOSITION BRIEF re: 95 Letter, 87 Endorsed Letter,, 96 Letter *in opposition to plaintiff's application for leave to serve process upon Shi by alternative means*. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Affidavit Declaration of Michael James Maloney, # 2 Exhibit text of Hague Convention, # 3 Exhibit status table, # 4 Exhibit PRC declarations, # 5 Exhibit PRC information, # 6 Exhibit PRC FAQ, # 7 Exhibit June 11, 2019 Decision and Order, # 8 Exhibit Declaration of Service by Bing Wang)(Maloney, Michael) (Entered: 09/25/2019) |
| 09/27/2019 | 102 | PROPOSED STIPULATION AND ORDER. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 09/27/2019) |
| 09/27/2019 | 103 | STIPULATED BRIEFING SCHEDULE: HEREBY STIPULATED AND AGREED, by and between the undersigned, that Plaintiff's submission on the issue of serving Defendant Shi by alternative means of service shall be due on October 2, 2019; and IT IS FURTHER STIPULATED AND AGREED, that the parties shall meet and confer after October 2, |

| | | |
|---|---|---|
| | | 2019 to determine whether the parties wish to submit any reply submissions, and, if so, the parties shall advise the court accordingly. SO ORDERED. (Signed by Magistrate Judge Debra C. Freeman on 9/27/2019) (kv) (Entered: 09/30/2019) |
| 10/02/2019 | 104 | MEMORANDUM OF LAW in Support *of Application for Alternative Service*. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 10/02/2019) |
| 10/02/2019 | 105 | AFFIDAVIT of Nathaniel Francis in Support. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 10/02/2019) |
| 10/02/2019 | 106 | AFFIDAVIT of Timothy Clissold in Support. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 10/02/2019) |
| 10/16/2019 | 107 | PROPOSED STIPULATION AND ORDER. Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 10/16/2019) |
| 10/16/2019 | 108 | STIPULATED BRIEFING SCHEDULE: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that Defendant Shi shall file any reply submission to Plaintiff's October 2, 2019 filings (Dkt. 104-106) on or before October 30, 2019. SO ORDERED. (Signed by Magistrate Judge Debra C. Freeman on 10/16/2019) (rro) (Entered: 10/17/2019) |
| 10/17/2019 | 109 | SEALED DOCUMENT placed in vault.(rz) (Entered: 10/17/2019) |
| 10/30/2019 | 110 | SUPPLEMENTAL OPPOSITION BRIEF re: 95 Letter, 86 Affidavit of Service Complaints, 96 Letter *in opposition to motion for leave to serve by alternative means*. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi.(Maloney, Michael) (Entered: 10/30/2019) |
| 11/01/2019 | 111 | MOTION to Intervene . Document filed by AI CAPITAL CHINA. Return Date set for 11/22/2019 at 09:00 AM. (Attachments: # 1 Affidavit Certification of Jae H. Cho, Esq., # 2 Text of Proposed Order Proposed Order)(Cho, Jae) (Entered: 11/01/2019) |
| 11/05/2019 | 112 | MEMO ENDORSEMENT with respect to 111 Motion to Intervene. ENDORSEMENT: The parties are directed to respond by 11-8-19 by letter not to exceed three (3) pages, to the matter set forth above by intervenors, show cause why the relief requested should not be granted. (Signed by Judge Victor Marrero on 11/5/2019) (jwh) Modified on 11/5/2019 (jwh). (Entered: 11/05/2019) |
| 11/05/2019 | | Set/Reset Deadlines as to 111 MOTION to Intervene: Responses due by 11/8/2019 (jwh) (Entered: 11/05/2019) |
| 11/08/2019 | 113 | LETTER addressed to Judge Victor Marrero from Michael D. Cilento, Esq. dated 11/08/2019 re: Opposition to Motion to Intervene. Document filed by Wayne Baliga. (Cilento, Michael) (Entered: 11/08/2019) |
| 11/08/2019 | 114 | RESPONSE to Motion re: 111 MOTION to Intervene . *not opposing relief requested on motion*. Document filed by Vincent Wenyong Shi. (Maloney, Michael) (Entered: 11/08/2019) |
| 11/22/2019 | 115 | ENDORSED LETTER addressed to Judge Victor Marrero from Robert W. Seiden, Esq dated 11/15/2019 re: I write regarding the motion to intervene submitted by Al Capital China on November 1, 2019 (0kt. 111). ENDORSEMENT: The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Temporary Receiver for Link Motion Inc. SO ORDERED. (Signed by Judge Victor Marrero on 11/22/2019) (kv) (Entered: 11/22/2019) |
| 11/26/2019 | 116 | MEMO ENDORSEMENT on re: 113 Letter filed by Wayne Baliga. ENDORSEMENT: The parties are directed to address the matter set forth to Magistrate Judge Debra Freeman |

| | | |
|---|---|---|
| | | to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary and settlement. (Signed by Judge Victor Marrero on 11/26/2019) (rro) (Entered: 11/26/2019) |
| 11/26/2019 | 117 | MEMO ENDORSEMENT: on re: 114 Response to Motion filed by Vincent Wenyong Shi. ENDORSEMENT: The parties are directed to address the matter set forth above to Magistrate Judge Debra Freeman to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedule as necessary, and settlement. SO ORDERED. (Signed by Judge Victor Marrero on 11/26/2019) (ama) (Entered: 11/26/2019) |
| 12/09/2019 | 118 | SEALED DOCUMENT placed in vault.(rz) (Entered: 12/09/2019) |
| 01/17/2020 | 119 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 01/17/2020) |
| 01/17/2020 | 120 | SEALED DOCUMENT placed in vault.(mhe) (Entered: 01/17/2020) |
| 02/04/2020 | 121 | NOTICE OF CHANGE OF ADDRESS by Michael James Maloney on behalf of Vincent Wenyong Shi, Vincent Wenyong Shi. New Address: FELICELLO LAW P.C., 1140 Avenue of the Americas, 9th Fl, New York, New York, United States 10036, (646) 564-3510..(Maloney, Michael) (Entered: 02/04/2020) |
| 03/05/2020 | 122 | INTERVENOR COMPLAINT against Wayne Baliga, Jia Lian, Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi, Xiao Yu, LKMFORWARD, HENRY LIN, Matthew Mathison, Omar Khan.Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 03/05/2020) |
| 03/05/2020 | 123 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Intervene . Document filed by AI CAPITAL CHINA. (Attachments: # 1 Memo of Law, # 2 Declaration of Katharine L.B. Pearson, # 3 Declaration of Jae H. Cho, # 4 Exhibit Exhibits to Declaration of Jae H. Cho).(Cho, Jae) Modified on 3/11/2020 (ldi). (Entered: 03/05/2020) |
| 03/06/2020 | 124 | **FILING ERROR - DEFICIENT PLEADING - PDF ERROR -** AMENDED INTERVENOR COMPLAINT against Wayne Baliga, Omar Khan, HENRY LIN, LKMFORWARD, Jia Lian, Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Matthew Mathison, Vincent Wenyong Shi, Vincent Wenyong Shi, Xiao Yu.Document filed by AI CAPITAL CHINA..(Cho, Jae) Modified on 3/9/2020 (pc). (Entered: 03/06/2020) |
| 03/09/2020 | 125 | NOTICE OF CHANGE OF ADDRESS by Rosanne Elena Felicello on behalf of Vincent Wenyong Shi, Vincent Wenyong Shi. New Address: Felicello Law P.C., 1140 Avenue of the Americas, 9th Floor, New York, New York, 10036, 212-584-7806..(Felicello, Rosanne) (Entered: 03/09/2020) |
| 03/09/2020 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Jae Hyung Cho to RE-FILE re: Document No. 124 Intervenor Complaint,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the pleading is not correct; Court's leave has not been granted. File the Exhibit to Pleading event found under the event list Other Documents and attach either opposing party's written consent or Court's leave. (pc) (Entered: 03/09/2020)** |
| 03/09/2020 | 126 | NOTICE OF APPEARANCE by Jacob Nachmani on behalf of Wayne Baliga.. (Nachmani, Jacob) (Entered: 03/09/2020) |
| 03/10/2020 | 127 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** AMENDED MOTION to Intervene . Document filed by AI CAPITAL CHINA. (Attachments: # 1 Supplement Memo of Law, # 2 Affidavit Declaration of Katharine L.B. Pearson, # 3 Appendix Declaration of Jae H. Cho, # 4 Exhibit Shareholder Registration, # 5 Exhibit Form F-1, # |

| | | |
|---|---|---|
| | | **6** Exhibit Sixth Amended and Restated Memorandum of Association, # **7** Exhibit Exhibit 99.1 NQ Mobile Announces Management Changes, # **8** Exhibit Exhibit 99.1 NQ Mobile Inc. reports financial results for the 1st, 2nd and 3rd Quarter of 2014, # **9** Exhibit Exhibit 99.1 NQ Mobile Inc. enters into a binding agreement to sell FL Mobile Inc., # **10** Exhibit Report on investigation by special committee, # **11** Exhibit Verified Shareholder Derivative Complaint, # **12** Exhibit Reply Affidavit of W. Baliga in Support of TRO, # **13** Exhibit Order granting prelim inj and appointing temp receiver, # **14** Exhibit Form 6-k - removal of shi, # **15** Exhibit DI 60-Declaration of V. Shi in Support re 35-Motion to Dismiss for Lack of Jurisdiction, # **16** Exhibit DI 49-Baliga Affidavit in Opposition to Motion to Dismiss, # **17** Exhibit DI 64-Decision and Order, # **18** Exhibit DI 65-First Amended Complaint amending 1-Complaint, # **19** Exhibit Proposed Complaint in Intervention).(Cho, Jae) Modified on 3/11/2020 (ldi). (Entered: 03/10/2020) |
| 03/11/2020 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Jae Hyung Cho to RE-FILE Document **123** MOTION to Intervene ., **127** AMENDED MOTION to Intervene . ERROR(S): supporting documents must be filed separately, each receiving their own document number. Declaration in Support of Motion and Memorandum of Law in Support of Motion are both found under the event list Replies, Opposition and Supporting Documents. (ldi)** (Entered: 03/11/2020) |
| 03/12/2020 | 128 | PROPOSED CONSENT ORDER. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 03/12/2020) |
| 03/26/2020 | 129 | MEMORANDUM OF LAW in Support re: 111 MOTION to Intervene ., 123 MOTION to Intervene ., 127 AMENDED MOTION to Intervene . . Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 03/26/2020) |
| 03/26/2020 | 130 | DECLARATION of Jae H. Cho Esq. in Support re: 123 MOTION to Intervene ., 127 AMENDED MOTION to Intervene ., 111 MOTION to Intervene .. Document filed by AI CAPITAL CHINA. (Attachments: # 1 Exhibit 01-Shareholder Registration, # 2 Exhibit 02-Form F-1 Excerpt, # 3 Exhibit 03-6th amended & restate articles of association, # 4 Exhibit 04-12/10/14 Press Release, # 5 Exhibit 05-12/18/15 Press Release, # 6 Exhibit 06-compilation press releases, # 7 Exhibit 07-09/10/18 Disclosure, # 8 Exhibit 08-Verified Shareholder Derivative Complaint, # 9 Exhibit 09-12/24/19 Reply Affidavit of Baliga, # 10 Exhibit 10-2/1/19 Order, # 11 Exhibit 11-Form 6K, # 12 Exhibit 12-3/21/19 Declaration of Vincent Shi, # 13 Exhibit 13-4/26/19 Affidavit of Wayne Baliga, # 14 Exhibit 14-6/11/19 Decision & Order, # 15 Exhibit 15-6/20/19 1st Amended Verified Shareholder Derivative Complaint).(Cho, Jae) (Entered: 03/26/2020) |
| 03/26/2020 | 131 | DECLARATION of Katharine L.B. Pearson in Support re: 111 MOTION to Intervene ., 123 MOTION to Intervene ., 127 AMENDED MOTION to Intervene .. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 03/26/2020) |
| 03/27/2020 | 132 | LETTER MOTION for Leave to File Supplemental Material *in Further Support of Dkt No 95* addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated March 27, 2020. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit A Order from Cayman Court).(Maloney, Michael) (Entered: 03/27/2020) |
| 04/01/2020 | 133 | LETTER MOTION for Extension of Time to File Response/Reply *to China AI's Motion to Intervene, or, in the alternative, an order determining that China AI's Motion to Intervene remains deficiently filed*, addressed to Judge Victor Marrero dated April 1, 2020. Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 04/01/2020) |
| 04/02/2020 | 134 | ORDER with respect to 133 Letter Motion for Extension of Time to File Response/Reply. The parties are directed to address the matter set forth above to Magistrate Judge Debra Freeman to whom this dispute has been referred for resolution, as well as for supervision |

| | | |
|---|---|---|
| | | of remaining pretrial proceedings, establishing case management schedules as necessary, and settlement. So Ordered. (Signed by Judge Victor Marrero on 4/2/2020) (js) (Entered: 04/02/2020) |
| 04/02/2020 | 135 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** LETTER MOTION for Extension of Time to File Response/Reply *to China AI's Motion to Intervene, or, in the alternative, an order determining that China AI's Motion to Intervene remains defectively filed*, addressed to Magistrate Judge Debra C. Freeman dated April 2, 2020. Document filed by Wayne Baliga. (Attachments: # 1 Plaintiff's April 1, 2020 Letter Application and Judge Marrero's April 2, 2020 Order).(Nachmani, Jacob) Modified on 5/4/2020 (db). (Entered: 04/02/2020) |
| 04/06/2020 | 136 | ORDER granting 132 Letter Motion for Leave to File Document. The submission is accepted for filing, although nothing in this Order should be construed as ruling on the procedural propriety of the submission. If Plaintiff wishes to file a response, he should do so on a schedule agreed by the parties. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 04/06/2020) |
| 04/06/2020 | 137 | ORDER granting in part and denying in part 135 Letter Motion for Extension of Time to File Response/Reply. Although the amended motion to intervene (Dkt. 127) was not itself refiled as directed, proposed intervenor China AI Capital Limited ("China AI") did proceed to file, as separate Docket entries, its supporting memorandum of law (Dkt. 129) and supporting declaration (Dkt. 130), effectively addressing the filing defect. Rather than having the Docket cluttered with more amended submissions, this Court, at this point, will will deem China AI's motion to have been filed as of 3/26/20. Plaintiff may have until 5/4/20 to file an opposition. China AI's reply, if any, shall be filed by 5/15/20. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 04/06/2020) |
| 04/06/2020 | 138 | ORDER terminating 133 Letter Motion for Extension of Time to File Response/Reply in light of Dkt. 137. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 04/06/2020) |
| 04/20/2020 | 139 | ORDER terminating 111 Motion to Intervene, in light of this Court's acceptance, for filing, of the Amended Motion to Intervene, docketed at Dkt. 127. (See Dkt. 137.) (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 04/20/2020) |
| 05/04/2020 | 140 | ORDER. It is hereby ORDERED as follows: 1. No later than May 8, 2020, Shi is directed to clarify whether, in light of the above, he now consents to submit to the jurisdiction of the Court. If Shi states that he does so consent, then this Court will consider him to have waived service of process, such that he may be reinstated as a defendant in this matter, obviating the need for the Court to consider the appropriateness of alternative service. If, conversely, Shi states that he does not so consent, then he should provide authority to support the proposition that he should be granted leave to proceed as an amicus curiae to raise that challenge at this juncture. Absent a persuasive showing on this point, this Court will not proceed to consider the merits of Shi's challenge to the Receivership Order, although, if this Court denies that challenge for lack of standing, then it will do so without prejudice to Shi to renew, at such time as this Court may find that service on Shi has been properly effectuated via the Hague Convention or by such other, alternative means as the Court may find appropriate. 2. If Baliga wishes to respond to Shi's further submission, then he should file his response no later than May 15, 2020. So ordered. (Signed by Magistrate Judge Debra C. Freeman on 5/4/2020) (rjm) (Entered: 05/04/2020) |
| 05/04/2020 | 141 | MEMORANDUM OF LAW in Opposition re: 127 AMENDED MOTION to Intervene . . Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 05/04/2020) |

| 05/04/2020 | 142 | DECLARATION of Jake Nachmani in Opposition re: 127 AMENDED MOTION to Intervene .. Document filed by Wayne Baliga. (Attachments: # 1 The Receiver's May 2, 2020 Letter to the Court, # 2 Link Motion Inc.s Shareholder Registry, as of May 4, 2020, # 3 Schultz v. Reynolds and Newport Ltd., # 4 Svanstrom v. Jonasson, # 5 Zabusky & Ors v. Virgtel Ltd & Ors, # 6 Link Motion Inc.s Deposit Agreement).(Nachmani, Jacob) (Entered: 05/04/2020) |
|---|---|---|
| 05/06/2020 | 143 | LETTER addressed to Judge Victor Marrero from Jae H. Cho, Esq. Attorney for China AI Capital Limited dated May 5, 2020 re: Court Appointed Receiver, Robert W. Seiden, Esq.'s May 2, 2020 Letter. Document filed by AI CAPITAL CHINA. (Attachments: # 1 Exhibit Exhibit A- 2.1.19 Order).(Cho, Jae) (Entered: 05/06/2020) |
| 05/07/2020 | 144 | MEMO ENDORSEMENT on re: 143 Letter, filed by AI CAPITAL CHINA. ENDORSEMENT: The parties are directed to address the matter set forth above to Magistrate Judge Debra Freeman to whom this dispute has been referred for resolution, as well as for supervision of remaining pretrial proceedings, establishing case management schedules as necessary. So Ordered (Signed by Judge Victor Marrero on 5/7/2020) (js) (Entered: 05/07/2020) |
| 05/08/2020 | 145 | RESPONSE in Support of Motion re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, ., 132 LETTER MOTION for Leave to File Supplemental Material *in Further Support of Dkt No 95* addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated March 27, 2020. *Response to Order dated May 4, 2020 Dkt No 140*. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Appendix Correspondence).(Maloney, Michael) (Entered: 05/08/2020) |
| 05/13/2020 | 146 | LETTER MOTION for Extension of Time to File Response/Reply as to 142 Declaration in Opposition to Motion, 141 Memorandum of Law in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman from Jae H. Cho, Esq. Attorney for China AI Capital Limited dated 05/13/2020. Document filed by AI CAPITAL CHINA. (Attachments: # 1 Exhibit Exhibit A).(Cho, Jae) (Entered: 05/13/2020) |
| 05/13/2020 | 147 | ORDER: Accordingly, for the reasons stated above it is hereby, ORDERED that the motion of temporary receiver Robert Seiden for permission to disburse payment of invoices to professionals as set forth in the March 20, 2020 Letter and attachments is GRANTED. (Signed by Judge Victor Marrero on 5/13/2020) (jwh) (Entered: 05/13/2020) |
| 05/13/2020 | 148 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman dated May 13, 2020 re: 146 LETTER MOTION for Extension of Time to File Response/Reply as to 142 Declaration in Opposition to Motion, 141 Memorandum of Law in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman from Jae H. Cho, Esq. Attorney fo . Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 05/13/2020) |
| 05/15/2020 | 149 | ORDER granting 146 Letter Motion for Extension of Time to File Response/Reply. Proposed Intervenor China AI may have until 5/29/20 to file a reply on its motion to intervene. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 05/15/2020) |
| 05/15/2020 | 150 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman dated May 15, 2020 re: 35 MOTION to Dismiss for Lack of Jurisdiction . MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, ., 132 LETTER MOTION for Leave to File Supplemental Material *in Further Support of Dkt No 95* addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated March 27, 2020. *made pursuant to the Court's May 4, 2020 order*. Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 05/15/2020) |

| 05/20/2020 | 151 | LETTER addressed to Judge Victor Marrero from Jae H. Cho, Esq. Attorney for China AI Capital Limited dated 5/20/20 re: Response to Robert W. Seiden, Esq. 5/20/20 Letter. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 05/20/2020) |
|---|---|---|
| 05/21/2020 | 152 | ORDER: By letters dated May 20, 2020, temporary receiver Robert Seiden ("Seiden") and proposed intervenor China AI Capital Limited ("China AI") dispute the nature of China AI's relationship with defendant Vincent Wenyong Shi ("Shi"), and the extent to which Shi has presented Seiden's agent from safeguarding the assets of Link Motion Inc. (See Dkt. No. 151.) Because China AI's motion to intervene has been referred to Magistrate Judge Debra Freeman and remains pending, the parties are directed to continue addressing the issues set forth above to Judge Freeman. So Ordered. (Signed by Judge Victor Marrero on 5/21/2020) (js) (Entered: 05/21/2020) |
| 05/29/2020 | 153 | LETTER addressed to Magistrate Judge Debra C. Freeman from Jae H. Cho, Esq. Attorney for China AI Capital Limited dated May 29, 2020 re: China AI Captial Limited's motion to intervene. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 05/29/2020) |
| 05/29/2020 | 154 | DECLARATION of Katharine L.B. Pearson in Support re: 111 MOTION to Intervene .. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 05/29/2020) |
| 05/29/2020 | 155 | DECLARATION of Hua Jingyuan in Support re: 111 MOTION to Intervene .. Document filed by AI CAPITAL CHINA. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O, # 16 Exhibit Exhibit P, # 17 Exhibit Exhibit Q, # 18 Exhibit Exhibit R, # 19 Exhibit Exhibit S, # 20 Exhibit Exhibit T).(Cho, Jae) (Entered: 05/29/2020) |
| 05/29/2020 | 156 | DECLARATION of Jae H. Cho Esq. in Support re: 111 MOTION to Intervene .. Document filed by AI CAPITAL CHINA. (Attachments: # 1 Exhibit Exhibit U, # 2 Exhibit Exhibit V, # 3 Exhibit Exhibit W, # 4 Exhibit Exhibit X, # 5 Exhibit Exhibit Y, # 6 Exhibit Exhibit Z, # 7 Exhibit Exhibit AA).(Cho, Jae) (Entered: 05/29/2020) |
| 05/29/2020 | 157 | DECLARATION of XU Zemin in Support re: 111 MOTION to Intervene .. Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 05/29/2020) |
| 05/29/2020 | 158 | REPLY MEMORANDUM OF LAW in Support re: 111 MOTION to Intervene . . Document filed by AI CAPITAL CHINA..(Cho, Jae) (Entered: 05/29/2020) |
| 07/22/2020 | 159 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated July 22, 2020 re: Letter from Robert W. Seiden dated July 17, 2020. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3). (Maloney, Michael) (Entered: 07/22/2020) |
| 07/27/2020 | 160 | NOTICE of Supplemental Authority re: 104 Memorandum of Law in Support. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Nachmani, Jacob) (Entered: 07/27/2020) |
| 08/03/2020 | 161 | ENDORSED LETTER addressed to Judge Victor Marrero and Magistrate Judge Debra C. Freeman from Robert W. Seiden dated 7/17/2020 re: I write to inform the Court regarding recent and troubling information in the Link Motion Inc. ("LKM") matter that I have very recently received from the Receivership's official agent, Mr. Lilin Guo ("Mr. Guo") in the People's Republic of China ("PRC"), concerning Defendant Shi and various individuals acting at his direction, and as further specified in this letter. ENDORSEMENT: The Clerk of Court is directed to place this letter, with the appended exhibits, on the Docket of this |

| | | |
|---|---|---|
| | | action. So ordered. (Signed by Magistrate Judge Debra C. Freeman on 8/3/2020) (rjm) (Entered: 08/03/2020) |
| 08/04/2020 | [162](#) | RESPONSE in Opposition to Motion re: [132](#) LETTER MOTION for Leave to File Supplemental Material *in Further Support of Dkt No 95* addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated March 27, 2020. *Response to Notice of Supplemental Authority*. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/04/2020) |
| 09/04/2020 | [163](#) | MEMORANDUM AND ORDER. For all of the foregoing reasons, it is hereby ORDERED as follows: Plaintiff Wayne Baliga's renewed request for leave to serve defendant Vincent Wenyong Shi by means alternative to the Hague Convention is granted. Service of an Amended Summons and the Amended Complaint on defendant Shi by mail or email to Michael James Maloney, Esq., as his counsel, shall be deemed sufficient service. Plaintiff is directed to act forthwith to effect such service and to file proof of service on the Docket. Defendant Shi, however, need not respond to the Amended Complaint, in light of paragraphs 2 and 3, below. No later than October 5, 2020, Plaintiff shall file a second amended complaint, clarifying which of his claims are being asserted as shareholder derivative claims, and which are being asserted as direct claims. In addition, Plaintiff may add, to his second amended complaint, any new factual allegations that he believes are material to his claims. Defendant Shi may have until November 4, 2020, to move, answer, or otherwise respond to Plaintiffs second amended complaint. Any dispositive motion, however, should be made in accordance with Judge Marrero's Individual Practices, and, in any event, any issue of standing that may be presented by the second amended pleading should be raised before this Court, at the conference referenced in paragraph 7, below. No later than September 9, 2020, Baliga shall provide a copy of this Memorandum and Order to the Temporary Receiver appointed by Judge Marrero (Robert W. Seiden. Esq.), and, no later than October 9, 2020, the Temporary Receiver shall make a submission to this Court, providing (a) an explanation as to why he made an application to the Grand Court of the Cayman Islands for an order "recognizing" his authority as Temporary Receiver, (b) copies of the papers that he submitted to the Grand Court of the Cayman Islands in connection with that application, and (c) an explanation, supported by legal authority, of his understanding of the ramifications of the Order that was then issued by the Grand Court of the Cayman Islands, with respect to his authority to remove or appoint directors of Link Motion, Inc. The motion by non-party China AI Capital Limited to intervene in this action as of right (Dkt. 127; see Dkt. 137) is denied. The parties are directed to confer in good faith regarding the scope of discovery that need to be conducted in this case, and to submit a jointly proposed discovery schedule to this Court no later than October 13, 2020. This Court will hold a telephonic case-management conference with all parties on October 15, 2020, at 10:00 a.m. For that conference, counsel are directed to call the following Toll-Free Number: (877) 411-9748 and use Access Code: 9612281. The Receiver is directed to participate in that conference, together with counsel for the parties. So ordered. (Amended Pleadings due by 10/5/2020.) (Telephone Conference set for 10/15/2020 at 10:00 AM before Magistrate Judge Debra C. Freeman.) (Signed by Magistrate Judge Debra C. Freeman on 9/4/2020) Copies to: All counsel (via ECF). (rjm) (Entered: 09/04/2020) |
| 09/11/2020 | [164](#) | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. Vincent Wenyong Shi served on 9/11/2020, answer due 8/12/2019. Service was made by Email to Michael James Maloney, counsel for Defendant Shi, and made in accordance with the Court's September 4, 2020 Memorandum and Order (ECF 163). Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 09/11/2020) |
| 09/15/2020 | [165](#) | ENDORSED LETTER addressed to Judge Marrero and Judge Freeman from Robert W. Seiden dated 5/20/2020 re: Response to the letter submitted by China AI Capital Limited ("China AI") on May 6th, 2020 (ECF No. 143) ("China AI's Letter"). ENDORSEMENT: |

| | | |
|---|---|---|
| | | Although this letter is referenced on the Docket at dkts. 151 & 152, it was not initially filed. The Clerk of Court is therefore directed to place this letter, with the attached Exhibit, on the Docket of this action. (Signed by Magistrate Judge Debra C. Freeman on 9/15/2020) (nb) (Entered: 09/15/2020) |
| 10/05/2020 | [166](#) | SECOND AMENDED COMPLAINT amending [68](#) Amended Complaint, against Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Roland Wu, Zemin Xu with JURY DEMAND.Document filed by Wayne Baliga. Related document: [68](#) Amended Complaint,..(Nachmani, Jacob) (Entered: 10/05/2020) |
| 10/13/2020 | [167](#) | JOINT LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated October 13, 2020 re: Request to Adjourn Discovery Pending Motion to Dismiss. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 10/13/2020) |
| 10/14/2020 | [168](#) | NOTICE OF APPEARANCE by Amiad Moshe Kushner on behalf of Link Motion Inc... (Kushner, Amiad) (Entered: 10/14/2020) |
| 10/14/2020 | [169](#) | FIRST MOTION to Direct *indemnification*. Document filed by Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 10/14/2020) |
| 10/14/2020 | [170](#) | FIRST MOTION to Direct *indemnification*. Document filed by Vincent Wenyong Shi. (Attachments: # [1](#) Indemnification Agreement, # [2](#) Form 6-K, # [3](#) Indemnification Demand Letter, # [4](#) February 18, 2020 Letter, # [5](#) April 23, 2020 Letter, # [6](#) Fees). (Maloney, Michael) (Entered: 10/14/2020) |
| 10/14/2020 | [171](#) | FIRST MOTION to Direct *indemnification*. Document filed by Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 10/14/2020) |
| 10/14/2020 | [172](#) | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated October 14, 2020 re: Response to October 9, 2020 Letter from Receiver. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) Appendix Letter dated August 25, 2020, # [2](#) Appendix Letter dated September 4, 2020, # [3](#) Appendix Letter dated September 10, 2020, # [4](#) Appendix Letter dated September 17, 2020). (Maloney, Michael) (Entered: 10/14/2020) |
| 10/15/2020 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman: Case Management Conference held via telephone on 10/15/2020. (aba) (Entered: 10/15/2020) |
| 10/20/2020 | [173](#) | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated October 9, 2020 re: September 4, 2020 Order. Document filed by Robert W. Seiden. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15, # [16](#) Exhibit 16, # [17](#) Exhibit 17, # [18](#) Exhibit 18, # [19](#) Exhibit 19, # [20](#) Exhibit 20, # [21](#) Exhibit 21).(Seiden, Robert) (Entered: 10/20/2020) |
| 10/22/2020 | [174](#) | LETTER addressed to Magistrate Judge Debra C. Freeman Document filed by Wayne Baliga..(Nachmani, Jacob) (Entered: 10/22/2020) |
| 10/23/2020 | [175](#) | MEMO ENDORSEMENT on re: [174](#) LETTER addressed to Magistrate Judge Debra C. Freeman Document filed by Wayne Baliga. ENDORSEMENT: The proposals contained herein, with respect to the representation of Link Motion Inc. ("LKM") and anticipated motion practice, are approved without prejudice to the parties' rights to raise any relevant issues in the future. Counsel should duly file a notice of appearance for LKM. So ordered. (Motions due by 11/4/2020.) (Signed by Magistrate Judge Debra C. Freeman on 10/23/2020) (rjm) (Entered: 10/23/2020) |

| 11/04/2020 | [176](#) | NOTICE OF APPEARANCE by Michael James Maloney on behalf of Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 11/04/2020) |
|---|---|---|
| 11/04/2020 | [177](#) | MOTION to Dismiss *Second Amended Complaint*. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 11/04/2020) |
| 11/04/2020 | [178](#) | DECLARATION of Michael James Maloney in Support re: [177](#) MOTION to Dismiss *Second Amended Complaint*.. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) A, # [2](#) B, # [3](#) C, # [4](#) D, # [5](#) E, # [6](#) F, # [7](#) G, # [8](#) H, # [9](#) I, # [10](#) J, # [11](#) K, # [12](#) L, # [13](#) M, # [14](#) N).(Maloney, Michael) (Entered: 11/04/2020) |
| 11/04/2020 | [179](#) | MEMORANDUM OF LAW in Support re: [177](#) MOTION to Dismiss *Second Amended Complaint*. . Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 11/04/2020) |
| 11/04/2020 | [180](#) | MOTION to Discharge *Receiver*., MOTION to Vacate [26](#) Order,,, *Preliminary Injunction*. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 11/04/2020) |
| 11/04/2020 | [181](#) | DECLARATION of Vincent Wenyong Shi in Support re: [180](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *Preliminary Injunction*.. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) A, # [2](#) B, # [3](#) C, # [4](#) D, # [5](#) E, # [6](#) F, # [7](#) G, # [8](#) H, # [9](#) I, # [10](#) J, # [11](#) K, # [12](#) L, # [13](#) M, # [14](#) N).(Maloney, Michael) (Entered: 11/04/2020) |
| 11/04/2020 | [182](#) | DECLARATION of Michael James Maloney in Support re: [180](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *Preliminary Injunction*.. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) A, # [2](#) B, # [3](#) C, # [4](#) D, # [5](#) E, # [6](#) F, # [7](#) G, # [8](#) H, # [9](#) I, # [10](#) J, # [11](#) K, # [12](#) L, # [13](#) M, # [14](#) N, # [15](#) O, # [16](#) P, # [17](#) Q).(Maloney, Michael) (Entered: 11/04/2020) |
| 11/06/2020 | [183](#) | MEMORANDUM OF LAW in Support re: [180](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *Preliminary Injunction*. . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 11/06/2020) |
| 11/11/2020 | [184](#) | PROPOSED ORDER FOR SUBSTITUTION OF ATTORNEY. Document filed by Wayne Baliga. (Attachments: # [1](#) Affidavit).(Soli, Toby) (Entered: 11/11/2020) |
| 11/12/2020 | [185](#) | MEMO ENDORSEMENT on re: [184](#) Proposed Order for Substitution of Attorney filed by Wayne Baliga. ENDORSEMENT: The parties are directed to address the matter set forth above to Magistrate Judge Freeman, to whom this matter has been referred for general pretrial proceedings. (Dkt. No. 91.). So Ordered (Signed by Judge Victor Marrero on 11/12/2020) (js) (Entered: 11/12/2020) |
| 11/12/2020 | [186](#) | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated November 12, 2020 Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 11/12/2020) |
| 11/13/2020 | [187](#) | MEMO ENDORSEMENT on re: [186](#) Letter filed by Robert W. Seiden. ENDORSEMENT: The parties are directed to address the matter set forth above to Magistrate Judge Freeman, to whom this matter has been referred for general pretrial proceedings. (Dkt. No. 91.). So Ordered. (Signed by Judge Victor Marrero on 11/13/2020) (js) (Entered: 11/13/2020) |

| 11/13/2020 | 188 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated November 13, 2020 Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 11/13/2020) |
|---|---|---|
| 11/16/2020 | | No later than 11/18/2020, the parties are directed to submit proposed briefing schedules for any opposition and reply on (1) defendants Link Motion and Shi's pending motion to dismiss the Second Amended Complaint (Dkt. 177); (2) defendant Shi's pending motions (a) to direct indemnification (Dkt. 169) and (b) to discharge the Receiver and vacate the preliminary injunction (Dkt. 180); and (3) the Receiver's pending application for leave to call an extraordinary general meeting for Link Motion (Dkt. 188). This Court will then hold a telephonic case management conference on 12/3/2020 at 11:00 a.m. All counsel, including counsel for the Receiver, are directed to participate in that conference. (By separate Order of today's date, this Court is approving the substitution of counsel for plaintiff Baliga.) (HEREBY ORDERED by Magistrate Judge Debra Freeman) (Text Only Order) (Freeman, Debra) (Entered: 11/16/2020) |
| 11/16/2020 | 189 | STIPULATION AND ORDER OF SUBSTITUTION OF COUNSEL. IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned and pursuant to Local Civil Rule 1.4, that the law firm of Greenberg Traurig, LLP is hereby substituted in place of the Seiden Law Group LLP and Lewis & Lin LLC as counsel of record for Plaintiff in this action. Pursuant to Local Civil Rule 1.4, a supporting declaration is attached hereto. PLEASE TAKE NOTICE that all pleadings, notices of hearings, and other filings in this matter should be served upon the following incoming counsel: Toby S. Soli, Esq., Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Telephone: 212-801-3196, solit@gtlaw.com. So ordered. Attorney Toby S. Soli for Wayne Baliga added. Attorney Michael Dominick Cilento and Jacob Nachmani terminated. (Signed by Magistrate Judge Debra C. Freeman on 11/16/2020) (rjm) (Entered: 11/16/2020) |
| 11/16/2020 | | Set/Reset Hearings: Telephone Conference set for 12/3/2020 at 11:00 AM before Magistrate Judge Debra C. Freeman. The parties should call Toll-Free Number: 877-411-9748 and use Access Code: 9612281. (aba) (Entered: 12/03/2020) |
| 11/18/2020 | 190 | PROPOSED STIPULATION AND ORDER. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 11/18/2020) |
| 11/18/2020 | 191 | ORDER withdrawing without prejudice 169 Motion to Direct Indemnification. (See Dkt. 175.) (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 11/18/2020) |
| 11/18/2020 | 192 | ORDER terminating 170 Motion to Direct Indemnification, as this Declaration was improperly filed as a "motion." (But see Dkts. 169, 175.) (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 11/18/2020) |
| 11/18/2020 | 193 | ORDER terminating 171 Motion to Direct Indemnification, as this Memorandum of Law was improperly filed as a "motion." (But see Dkts. 169, 175.) (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 11/18/2020) |
| 11/30/2020 | 194 | MOTION to Approve Cancel shareholder shares . Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Seiden, Robert) (Entered: 11/30/2020) |
| 12/03/2020 | 195 | In light of the representations made by new counsel for plaintiff Baliga at the 12/3/2020 case management conference, indicating that Plaintiff will likely be seeking to convert his ADS holdings in defendant Link Motion to common shares and then to request leave to file a Third Amended Complaint reasserting shareholder derivative claims, all pending |

Case 23-827, Document 23-2, 06/05/2023, 3535036, Page37 of 108

| | | |
|---|---|---|
| | | motions shall be stayed for one week, so as to allow the parties to discuss how Plaintiff's anticipated actions would impact both the motions and any potential attorney conflicts of interest, and to confer on the best procedural approach going forward. The parties are directed to file an updated joint scheduling proposal no later than 12/10/2020. (HEREBY ORDERED by Magistrate Judge Debra Freeman) (Text Only Order) (Freeman, Debra) (Entered: 12/03/2020) |
| 12/03/2020 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman: Case Management Conference held via telephone on 12/3/2020. (aba) (Entered: 12/03/2020) |
| 12/10/2020 | 196 | JOINT LETTER addressed to Magistrate Judge Debra C. Freeman from Plaintiff, Defendant, and Receiver dated December 10, 2020 re: Proposed Schedule. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/10/2020) |
| 12/14/2020 | 197 | MEMO ENDORSEMENT on re: 196 JOINT LETTER addressed to Magistrate Judge Debra C. Freeman from Plaintiff, Defendant, and Receiver dated December 10, 2020 re: Proposed Schedule. Document filed by Wayne Baliga. The parties' proposed briefing schedule for the two identified motions is approved. (If, in light of the timing of this Order, Plaintiff needs a brief amount of additional time to file his motion for the Receiver to effectuate conversion of Plaintiff's shares, then the parties should submit a revised proposed schedule.) SO ORDERED. (Motions due by 12/14/2020. Responses due by 12/21/2020. Replies due by 12/23/2020.) (Signed by Magistrate Judge Debra C. Freeman on 12/14/2020) (rjm) (Entered: 12/14/2020) |
| 12/15/2020 | 198 | ORDER denying without prejudice 177 Motion to Dismiss; denying without prejudice 180 Motion to Discharge; denying without prejudice 180 Motion to Vacate; denying without prejudice 188 Letter Motion to Call Extraordinary General Meeting; denying without prejudice 194 Motion to Approve. By joint letter dated 12/10/2020, the parties have proposed that certain filed motions be held in abeyance pending the outcome of Plaintiffs anticipated motion for the Receiver to effectuate the conversion of Plaintiffs American Depository Shares into common shares of defendant Link Motion Inc. (See Dkt. 196.) The Court having considered that proposal in light of the current posture of the case, it is hereby ORDERED that the motions filed at Dkts. 177, 180, 188, and 194 are all denied without prejudice to renew, in the event any or all of those motions remain viable following the resolution of the conversion issue and any related motion by Plaintiff for leave to file a third amended complaint. The scheduling of any pending or renewed motions remains before Magistrate Judge Freeman, who will also address the substance of the motions as appropriate within the scope of her reference.(HEREBY ORDERED by Judge Victor Marrero)(Text Only Order) (Entered: 12/15/2020) |
| 12/15/2020 | 199 | LETTER MOTION for Extension of Time *to deadlines contained in Court's Orders Dkt. Entries 195, 197* addressed to Magistrate Judge Debra C. Freeman from Toby Soli dated December 15, 2020. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/15/2020) |
| 12/15/2020 | 200 | MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs . Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/15/2020) |
| 12/15/2020 | 201 | DECLARATION of Barbara Jones in Support re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs .. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/15/2020) |
| 12/15/2020 | 202 | DECLARATION of Toby S. Soli in Support re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs .. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/15/2020) |
| 12/16/2020 | 203 | ORDER granting 199 Letter Motion for Extension of Time. The proposed modified briefing schedule is approved. SO ORDERED. (Signed by Magistrate Judge Debra C. |

| | | |
|---|---|---|
| | | Freeman on 12/16/2020, (nunc pro tunc to 12/15/2020)) (rro) (Entered: 12/16/2020) |
| 12/16/2020 | | Set/Reset Deadlines: Responses due by 12/22/2020 Replies due by 12/24/2020. (rro) (Entered: 12/16/2020) |
| 12/18/2020 | 204 | RESPONSE to Motion re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs . . Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 12/18/2020) |
| 12/18/2020 | 205 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden, Temporary Receiver for Link Motion Inc. dated 12/18/2020 re: To Approve Cancellation of Shareholder Shares. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Subscription Agreement).(Seiden, Robert) (Entered: 12/18/2020) |
| 12/22/2020 | 206 | MEMORANDUM OF LAW in Opposition re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs . . Document filed by Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 12/22/2020) |
| 12/22/2020 | 207 | DECLARATION of Michael James Maloney in Opposition re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs .. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit 1 - Deposit Agreement, # 2 Exhibit 2 - Deutsche Depositary Services).(Maloney, Michael) (Entered: 12/22/2020) |
| 12/24/2020 | 208 | REPLY MEMORANDUM OF LAW in Support re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs . . Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/24/2020) |
| 01/18/2021 | 209 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated January 18, 2021 re: opposition to Dkt No. 205, letter motion by Robert W. Seiden. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi. (Attachments: # 1 Exhibit Ex A - First Amendment to Subscription Agreement).(Maloney, Michael) (Entered: 01/18/2021) |
| 03/02/2021 | 210 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated March 2, 2021 Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Final Arbitration Award).(Seiden, Robert) (Entered: 03/02/2021) |
| 03/02/2021 | 211 | MOTION for Declaratory Judgment *Tolling Statute of Limitations*., MOTION to Amend/Correct *receivership order*. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/02/2021) |
| 03/02/2021 | 212 | DECLARATION of Michael James Maloney in Support re: 211 MOTION for Declaratory Judgment *Tolling Statute of Limitations*. MOTION to Amend/Correct *receivership order*.. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Exhibit Ex C, # 4 Exhibit Ex D, # 5 Exhibit Ex E, # 6 Exhibit Ex F, # 7 Exhibit Ex G, # 8 Exhibit Ex H, # 9 Exhibit Ex I, # 10 Exhibit Ex J, # 11 Exhibit Ex K).(Maloney, Michael) (Entered: 03/02/2021) |
| 03/02/2021 | 213 | DECLARATION of Vincent Wenyong Shi in Support re: 211 MOTION for Declaratory Judgment *Tolling Statute of Limitations*. MOTION to Amend/Correct *receivership order*.. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/02/2021) |
| 03/02/2021 | 214 | MEMORANDUM OF LAW in Support re: 211 MOTION for Declaratory Judgment *Tolling Statute of Limitations*. MOTION to Amend/Correct *receivership order*. . Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/02/2021) |
| 03/11/2021 | 215 | LETTER MOTION for Conference addressed to Magistrate Judge Debra C. Freeman from Toby S. Soli dated March 11, 2021. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 03/11/2021) |

| 03/15/2021 | 216 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated March 15, 2021 re: 215 LETTER MOTION for Conference addressed to Magistrate Judge Debra C. Freeman from Toby S. Soli dated March 11, 2021. . Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/15/2021) |
|---|---|---|
| 04/23/2021 | 217 | ORDER deferring ruling on 211 Motion for Declaratory Judgment. Defendant Shi is directed to supplement this motion by explaining what jurisdiction's statute of limitations he is seeking to toll, and when that statute of limitations would otherwise expire. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 04/23/2021) |
| 04/26/2021 | 218 | RESPONSE in Support of Motion re: 211 MOTION for Declaratory Judgment *Tolling Statute of Limitations*. MOTION to Amend/Correct *receivership order. and in response to Order dated April 23, 2021 217* . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 04/26/2021) |
| 04/27/2021 | 219 | LETTER REPLY to Response to Motion addressed to Magistrate Judge Debra C. Freeman from Toby S. Soli dated April 27, 2021 re: 215 LETTER MOTION for Conference addressed to Magistrate Judge Debra C. Freeman from Toby S. Soli dated March 11, 2021. *In reply to response from Deft. Shi Dkt. 218*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 04/27/2021) |
| 05/03/2021 | 220 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated May 3, 2021 re: Status Report. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit 1 to Status Report, # 2 Exhibit Exhibit 2 to Status Report, # 3 Exhibit Exhibit 3 to Status Report, # 4 Exhibit Exhibit 4 to Status Report).(Seiden, Robert) (Entered: 05/03/2021) |
| 05/26/2021 | 221 | MEMORANDUM AND ORDER re: 200 MOTION to Authorize Recceiver to Effectuate Conversion of Plaintiff's ADRs . filed by Wayne Baliga. For the foregoing reasons, Baligas motion to effect conversion of his shares (Dkt. 200) is denied, and the Clerk of Court is directed to close that motion on the Docket of this action. In light of this ruling, the Company and Shi may renew their motions (1) to dismiss the Second Amended Complaint, and (2) to dissolve the preliminary injunction and discharge the Receiver. In the context of the latter of those motions, the parties are directed to address the ramifications of the fact that Baliga has now dropped the breach-of-fiduciary-duty claim on which his initial request for a preliminary injunction and the appointment of a receiver were premised. The parties are also directed to confer in good faith regarding a briefing schedule for the renewed motions, and to propose such a schedule to this Court. (Signed by Magistrate Judge Debra C. Freeman on 5/26/2021) (nb) (Entered: 05/26/2021) |
| 06/08/2021 | 222 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated June 8, 2021 re: Briefing Schedule. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/08/2021) |
| 06/09/2021 | 223 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** APPEAL OF MAGISTRATE JUDGE DECISION to District Court from 221 Memorandum & Opinion,,,,. Document filed by Wayne Baliga. Copies of Appeal of Magistrate Judge Decision to District Court served on Attorney(s) of Record: All counsel of record..(Soli, Toby) Modified on 6/10/2021 (tp). (Entered: 06/09/2021) |
| 06/10/2021 | | **\*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Soli, Toby to RE-FILE Document 223 Appeal of Magistrate Judge Decision to District Court. Use the event type Objection (non-motion) found under the event list Other Answers. (tp)** (Entered: 06/10/2021) |

| 06/10/2021 | [224](#) | MEMO ENDORSEMENT on re: [222](#) Letter filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Link Motion Inc., Vincent Wenyong Shi. ENDORSEMENT: The proposed briefing schedule is approved, except that any request by defendant Shi for time to respond to Plaintiff's appeal of this Court's 5/26/2021 Memorandum and Order should be directed to Judge Marrero. ( Motions due by 6/11/2021., Responses due by 7/12/2021, Replies due by 8/2/2021.) (Signed by Magistrate Judge Debra C. Freeman on 6/10/2021) (mro) (Entered: 06/10/2021) |
|---|---|---|
| 06/10/2021 | [225](#) | Objection re: [221](#) Memorandum & Opinion,,,, *Plaintiff's Objection to Magistrate Judge's May 26, 2021 Memorandum and Order*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 06/10/2021) |
| 06/11/2021 | [226](#) | NOTICE OF CHANGE OF ADDRESS by Michael James Maloney on behalf of Vincent Wenyong Shi, Vincent Wenyong Shi. New Address: Felicello Law PC, 366 Madison Avenue, 3rd Floor, New York, New York, United States 10017, (212) 584-7806.. (Maloney, Michael) (Entered: 06/11/2021) |
| 06/11/2021 | [227](#) | MOTION to Discharge *Receiver*., MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 06/11/2021) |
| 06/11/2021 | [228](#) | DECLARATION of Vincent Wenyong Shi in Support re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*.. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Exhibit M, # [14](#) Exhibit N).(Maloney, Michael) (Entered: 06/11/2021) |
| 06/11/2021 | [229](#) | DECLARATION of Michael James Maloney in Support re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*.. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E, # [6](#) Exhibit F, # [7](#) Exhibit G, # [8](#) Exhibit H, # [9](#) Exhibit I, # [10](#) Exhibit J, # [11](#) Exhibit K, # [12](#) Exhibit L, # [13](#) Exhibit M, # [14](#) Exhibit N, # [15](#) Exhibit O, # [16](#) Exhibit P, # [17](#) Exhibit Q, # [18](#) Exhibit R).(Maloney, Michael) (Entered: 06/11/2021) |
| 06/11/2021 | [230](#) | MEMORANDUM OF LAW in Support re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/11/2021) |
| 06/11/2021 | [231](#) | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated June 11, 2021 re: Briefing Schedule for Renewed Motion to Dismiss Second Amended Complaint. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/11/2021) |
| 06/21/2021 | [232](#) | LETTER MOTION for Extension of Time to File Response/Reply as to [223](#) Appeal of Magistrate Judge Decision to District Court, addressed to Judge Victor Marrero from Michael James Maloney dated June 21, 2021. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/21/2021) |
| 06/22/2021 | [233](#) | ORDER granting [232](#) Letter Motion for Extension of Time to File Response/Reply re [232](#) LETTER MOTION for Extension of Time to File Response/Reply as to [223](#) Appeal of Magistrate Judge Decision to District Court, addressed to Judge Victor Marrero from Michael James Maloney dated June 21, 2021. The request is granted. Defendant may file a response to the pending objection on or before 7/9/21. So Ordered. Responses due by 7/9/2021. (Signed by Judge Victor Marrero on 6/22/2021) (js) (Entered: 06/22/2021) |

| 07/09/2021 | 234 | MEMORANDUM OF LAW in Opposition re: 223 Appeal of Magistrate Judge Decision to District Court, 225 Objection (non-motion) . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 07/09/2021) |
| --- | --- | --- |
| 07/12/2021 | 235 | LETTER MOTION for Extension of Time addressed to Magistrate Judge Debra C. Freeman from Counsel for Plaintiff and Counsel for Receiver dated July 12, 2021. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 07/12/2021) |
| 07/12/2021 | 236 | ORDER granting 235 Letter Motion for Extension of Time. Plaintiff Baliga and the Receiver may have until 7/19/2021 to respond to defendant Shi's motion to dissolve the preliminary injunction and discharge the Receiver. Defendant Shi may have until 8/9/2021 to file his reply, if any. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 07/12/2021) |
| 07/13/2021 | 237 | ORDER granting 215 Letter Motion for Conference. This Court will hold a telephone conference on 7/28/2021 at 10:00 a.m., with respect to the motion filed by defendant Shi at Dkt. 211. Counsel for the Receiver should plan to appear for that conference. For the conference, all participants should call the following Toll-Free Number: (877) 411-9748 and use Access Code 9612281. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 07/13/2021) |
| 07/16/2021 | 238 | BRIEF re: 225 Objection (non-motion) *Plaintiff's Reply in Support of His Objection to Magistrate's May 26, 2021 Memorandum and Order*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 07/16/2021) |
| 07/19/2021 | 239 | MEMORANDUM OF LAW in Opposition re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. . Document filed by Robert W. Seiden. (Attachments: # 1 Affidavit Declaration of Lilin "Francis" Guo, # 2 Exhibit Exhibit A to Guo Declaration, # 3 Exhibit Exhibit B to Guo Declaration, # 4 Exhibit Exhibit C to Guo Declaration, # 5 Exhibit Exhibit D to Guo Declaration, # 6 Exhibit Exhibit E to Guo Declaration, # 7 Exhibit Exhibit F to Guo Declaration, # 8 Exhibit Exhibit G to Guo Declaration).(Kushner, Amiad) (Entered: 07/19/2021) |
| 07/19/2021 | 240 | **FILING ERROR - DEFICIENT DOCKET ENTRY (SEE DOCUMENT #241) -** MEMORANDUM OF LAW in Opposition re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. *Plaintiffs Opposition to Defendant Vincent Wenyong Shi's Motion to Dissolve the Preliminary Injunction and Discharge the Receive*. Document filed by Wayne Baliga..(Soli, Toby) Modified on 7/20/2021 (ldi). (Entered: 07/19/2021) |
| 07/20/2021 | 241 | MEMORANDUM OF LAW in Opposition re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. *Plaintiffs Opposition to Defendant Vincent Wenyong Shis Motion to Dissolve the Preliminary Injunction and Discharge the Receiver*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 07/20/2021) |
| 07/27/2021 | 242 | MOTION for Miriam G. Bahcall to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-24849272. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Wayne Baliga. (Attachments: # 1 Affidavit, # 2 Certificate of Good Standing, # 3 Text of Proposed Order).(Bahcall, Miriam) (Entered: 07/27/2021) |
| 07/28/2021 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman: Case Management Conference held via telephone on 7/28/2021. (aba) (Entered: 07/28/2021) |
| 07/28/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 242 MOTION for Miriam G. Bahcall to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-24849272. Motion and supporting papers to be reviewed** |

by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (vba) (Entered: 07/28/2021)

| 07/29/2021 | 243 | ORDER granting 242 MOTION FOR ADMISSION PRO HAC VICE: The motion of Miriam G. Bahcall, for admission to practice pro hac vice in the above-captioned action is granted. So Ordered. (Signed by Judge Victor Marrero on 7/29/2021) (js) (Entered: 07/29/2021) |
| --- | --- | --- |
| 08/02/2021 | 244 | CONSENT LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated August 2, 2021. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/02/2021) |
| 08/02/2021 | 245 | ORDER granting 244 Letter Motion for Leave to File Excess Pages. SO ORDERED. (Signed by Magistrate Judge Debra C. Freeman on 8/2/2021) (vfr) (Entered: 08/02/2021) |
| 08/02/2021 | 246 | REPLY MEMORANDUM OF LAW in Support re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/02/2021) |
| 08/04/2021 | 247 | TRANSCRIPT of Proceedings re: Case Management Conference held via telephone on 7/28/2021 before Magistrate Judge Debra C. Freeman. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/25/2021. Redacted Transcript Deadline set for 9/7/2021. Release of Transcript Restriction set for 11/2/2021.(jca) (Entered: 08/04/2021) |
| 08/04/2021 | 248 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Case Management Conference proceeding held via Telephone on 7/28/2021 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (jca) (Entered: 08/04/2021) |
| 08/12/2021 | 249 | LETTER MOTION for Conference re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*., Case Management Conference *and Request for Supplemental Briefing* addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated August 12, 2021. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/12/2021) |
| 08/12/2021 | 250 | LETTER RESPONSE to Motion addressed to Magistrate Judge Debra C. Freeman from Plaintiff dated August 12 2021 re: 249 LETTER MOTION for Conference re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*., Case Management Conference *and Request for Supplemental Briefing* addressed . Document filed by Wayne Baliga. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Soli, Toby) (Entered: 08/12/2021) |
| 08/16/2021 | 251 | ORDER denying 249 Letter Motion for Conference. To the extent defendant Shi is seeking a conference so that this Court may set a schedule for supplemental briefing on the motion to discharge the Receiver, no conference is needed. Having reviewed the parties' submissions, it is hereby ORDERED that, unless the parties stipulate otherwise, the supplemental briefing shall be submitted on the following schedule: No later than 8/25/2021, defendant Shi is directed to submit a supplemental letter brief, of not more than five pages, providing legal support for his position on the question of whether, if the Receivership Order is vacated, it should be vacated ab initio. No later than 9/15/2021, plaintiff Baliga is directed to submit a supplemental letter brief, also of not more than five |

| | | |
|---|---|---|
| | | pages, providing legal support for any contrary position. In their submissions, the parties should also discuss their understandings of the practical ramifications of their positions on this issue. This Court will not accept further reply or sur-reply submissions on this subject. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 08/16/2021) |
| 08/16/2021 | [252](#) | DECISION AND ORDER: Accordingly, for the reasons set forth above, plaintiff Wayne Baliga's objection (Dkt. No. 223) to Magistrate Judge Freeman's order dated May 26, 2021 (Dkt. No. 221) is hereby OVERRULED. So Ordered. (Signed by Judge Victor Marrero on 8/16/2021) (js) (Entered: 08/17/2021) |
| 08/19/2021 | [253](#) | LETTER addressed to Magistrate Judge Debra C. Freeman from Amiad M. Kushner dated August 19, 2021 re: The Court's July 28, 2021 Teleconference Concerning Tolling the Statute of Limitations. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 08/19/2021) |
| 08/25/2021 | [254](#) | RESPONSE in Support of Motion re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*. . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/25/2021) |
| 09/08/2021 | 255 | SEALED DOCUMENT placed in vault.(nmo) (Entered: 09/08/2021) |
| 09/08/2021 | 256 | SEALED DOCUMENT placed in vault.(nmo) (Entered: 09/08/2021) |
| 09/13/2021 | [257](#) | RESPONSE in Support of Motion re: [249](#) LETTER MOTION for Conference re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*., Case Management Conference *and Request for Supplemental Briefing* addressed . Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 09/13/2021) |
| 09/15/2021 | [258](#) | RESPONSE to Motion re: [249](#) LETTER MOTION for Conference re: [227](#) MOTION to Discharge *Receiver*. MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*., Case Management Conference *and Request for Supplemental Briefing* addressed . Document filed by Wayne Baliga..(Soli, Toby) (Entered: 09/15/2021) |
| 11/12/2021 | [259](#) | LETTER addressed to Magistrate Judge Debra C. Freeman from Rosanne E. Felicello dated 11/12/2021 re: Dismissal Motion briefing schedule. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Felicello, Rosanne) (Entered: 11/12/2021) |
| 11/15/2021 | [260](#) | MEMO ENDORSEMENT on re: [259](#) Letter filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, ENDORSEMENT: The agreed briefing schedule is adopted. Motion to dismiss the Second Amended Complaint to be filed by 12/1/21; opposition by 12/31/21; reply, if any, by 1/14/22. SO ORDERED. (Signed by Magistrate Judge Debra C. Freeman on 11/15/2021) ( Motions due by 12/1/2021., Responses due by 12/31/2021, Replies due by 1/14/2022.) (ks) (Entered: 11/15/2021) |
| 12/01/2021 | [261](#) | MOTION to Dismiss *Second Amended Complaint*. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi. Responses due by 12/31/2021.(Maloney, Michael) (Entered: 12/01/2021) |
| 12/01/2021 | [262](#) | MEMORANDUM OF LAW in Support re: [261](#) MOTION to Dismiss *Second Amended Complaint*. . Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 12/01/2021) |
| 12/27/2021 | [263](#) | MEMORANDUM OF LAW in Opposition re: [261](#) MOTION to Dismiss *Second Amended Complaint*. . Document filed by Wayne Baliga..(Soli, Toby) (Entered: 12/27/2021) |

| | | |
|---|---|---|
| 01/11/2022 | 264 | CONSENT LETTER MOTION for Leave to File Excess Pages addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated January 11, 2022. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 01/11/2022) |
| 01/11/2022 | 265 | ORDER granting 264 Letter Motion for Leave to File Excess Pages. Defendants Link Motion and Shi may file a reply brief of up to 15 pages on their motion to dismiss the Second Amended Complaint. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 01/11/2022) |
| 01/14/2022 | 266 | REPLY MEMORANDUM OF LAW in Support re: 261 MOTION to Dismiss *Second Amended Complaint*. . Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 01/14/2022) |
| 01/14/2022 | 267 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated January 14, 2022 re: Request for Oral Argument. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 01/14/2022) |
| 02/04/2022 | 268 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated February 3, 2022 re: Interim Status Report of the Temporary Court-Appointed Receiver of Link Motion Inc.. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit A to Status Report, # 2 Exhibit B to Status Report).(Seiden, Robert) (Entered: 02/04/2022) |
| 02/09/2022 | 269 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated February 8, 2022 re: Supplemental Status Report. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit A to Supplemental Status Report).(Seiden, Robert) (Entered: 02/09/2022) |
| 02/14/2022 | 270 | LETTER addressed to Magistrate Judge Debra C. Freeman from Michael James Maloney dated February 14, 2022 re: Response to Status Report and Additional Status Report. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 02/14/2022) |
| 03/04/2022 | 271 | LETTER addressed to Magistrate Judge Debra C. Freeman from Robert W. Seiden dated March 3, 2022 re: Supplemental Status Report. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit A to Supplemental Status Report).(Seiden, Robert) (Entered: 03/04/2022) |
| 03/07/2022 | | Minute Entry for proceedings held before Magistrate Judge Debra C. Freeman: Case Management Conference held via telephone on 3/7/2022. (aba) (Entered: 03/07/2022) |
| 03/07/2022 | 272 | RESPONSE in Support of Motion re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. *Letter as requested during March 7, 2022 argument*. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 03/07/2022) |
| 03/08/2022 | 273 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Debra C. Freeman from Plaintiff dated March 7, 2022 re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. . Document filed by Wayne Baliga..(Soli, Toby) (Entered: 03/08/2022) |
| 03/09/2022 | 274 | ORDER denying 211 Motion for Declaratory Judgment; denying 211 Motion to Amend/Correct. Defendant Shi's two-part motion, which seeks (a) to toll all statutes of limitations applicable to claims by defendant Link Motion Inc. (the "Company") against on DLA Piper LLP (US) ("DLA Piper") for legal malpractice or, alternatively, breach of fiduciary duty (the "Claims"), pending the dissolution of the receivership, and (b) to grant |

Shi the authority to retain counsel on behalf of the Company to commence an action asserting the Claims against DLA Piper, is denied in its entirety. Both portions of the motion are denied on the grounds that Shi has not demonstrated that he has standing to bring the motion; that the Receiver has not sought to join in the request for equitable tolling (see Dkt. 253); and that Shi has not demonstrated that a receivership order predicated on allegations that he had personally acted to the detriment of the Company should be modified to grant him authority to act on the Company's behalf. In any event, the statute of limitations is an affirmative defense that can be waived; no action asserting the Claims is currently before the Court, and it is unclear whether, following the dissolution of the receivership, the Company would even decide to assert the Claims; further, if the Company were eventually to assert the Claims, it is unknown whether DPA Piper would, in turn, seek to raise a statute-of-limitations bar; and, finally, if the Claims were raised by the Company and if it were to face a statute-of-limitations defense, then it could argue for equitable tolling at that time, and the matter could then be fully briefed by the interested parties and decided in the context of that case. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 03/09/2022)

| 03/09/2022 | 275 | REPORT AND RECOMMENDATIONS re: 227 MOTION to Discharge *Receiver*. MOTION to Vacate 26 Order,,, *and Dissolve Preliminary Injunction*. filed by Vincent Wenyong Shi, Vincent Wenyong Shi. I respectfully recommend that Shi's motion to dissolve the preliminary injunction and discharge the Receiver (Dkt. 227) be granted in part and denied in part. In particular, I recommend that the Court: (1) find that it had subject-matter jurisdiction over this action when filed, and that the Preliminary Injunction and Receivership Order (Dkt. 26) was therefore duly authorized when issued; (2) find that the filing of Baliga's Second Amended Complaint on October 5, 2020, by which Baliga abandoned his prior derivative claims and instead chose to plead direct claims against the Company, constituted a material change in these proceedings that warrants the dissolution of the preliminary injunction and the discharge of the Receiver; (3) dissolve the preliminary injunction, effective immediately; (4) discharge the Receiver, after the Receiver submits, by a date certain, a full and final accounting that shows the activities performed during the period of his appointment and the costs thereof; (5) require the Company to pay the reasonable costs incurred by the Receiver in the performance of the duties authorized by the Court up to October 5, 2020, and give the parties the opportunity to brief the question of whether the cost of the Receiver's activities after that date should be borne by the Company or Baliga; and (6) direct that the Receiver not be required to unwind any activities that have already been taken on the Company's behalf, but, at the same time, direct that the Receiver not seek any extraordinary actions from the Company's Board, during the remaining period of the receivership. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the Chambers of the Honorable Victor Marrero, United States Courthouse, 500 Pearl Street, Room 1610, New York, New York 10007, if required by his Individual Practices. Any requests for an extension of time for filing objections must be directed to Judge Marrero. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 155 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983). Respectfully submitted. ( Objections to R&R due by 3/23/2022) (Signed by Magistrate Judge Debra C. Freeman on 3/9/22) (yv) (Entered: 03/10/2022) |

| 03/15/2022 | 276 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # 1 Affidavit Maloney Declaration, # 2 Exhibit 1st Notice of EGM, # 3 Exhibit 2nd Notice of EGM, # 4 Exhibit Email, # 5 Exhibit Form 6-K, # 6 Appendix Memo of Law in Support). (Maloney, Michael) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 03/15/2022) |
|---|---|---|
| 03/15/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 276 Proposed Order to Show Cause With Emergency Relief was reviewed and approved as to form. (nd)** (Entered: 03/15/2022) |
| 03/16/2022 | 277 | ORDER TO SHOW CAUSE TO ENJOIN EXTRAORDINARY GENERAL MEETINGS AND STRIKEPROPOSED SHAREHOLDER RESOLUTIONS: it is ORDERED that Robert Seiden, as temporary receiver ("Receiver") of Link Motion Inc., f/k/a NQ Mobile Inc. (the "Company") show cause before the Honorable Victor Marrero, United States District Judge of the United States District Court for the Southern District of New York, via teleconference on March 25, 2022, at 12:00 pm, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Federal Rule of Civil Procedure 65: All other provisions as further set forth in this order. So Ordered. (Show Cause Hearing set for 3/25/2022 at 12:00 PM before Judge Victor Marrero.) (Signed by Judge Victor Marrero on 3/15/22) (js) (Entered: 03/16/2022) |
| 03/16/2022 | 278 | NOTICE OF APPEARANCE by Kristie Marie Blase on behalf of Vincent Wenyong Shi.. (Blase, Kristie) (Entered: 03/16/2022) |
| 03/17/2022 | 279 | ORDER: The parties are ordered to provide an update by March 18, 2022, regarding the status of actions taken to comply with the Court's Order to Show Cause (Dkt. No. 277). SO ORDERED. (Signed by Judge Victor Marrero on 3/17/2022) (ks) (Entered: 03/17/2022) |
| 03/17/2022 | 280 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated March 17, 2022 re: Status Update Regarding Compliance with Order to Show Cause, Dkt. 277, and Dkt. No. 279. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # 1 Exhibit Email from Mark Russell).(Maloney, Michael) (Entered: 03/17/2022) |
| 03/18/2022 | 281 | MEMO ENDORSEMENT on re: 280 Letter, filed by Vincent Wenyong Shi, Vincent Wenyong Shi. ENDORSEMENT: The Court adopts the parties' proposed briefing schedule. SO Ordered. (Responses due by 3/21/2022, Replies due by 3/24/2022.) (Signed by Judge Victor Marrero on 3/18/2022) (js) (Entered: 03/18/2022) |
| 03/18/2022 | 282 | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated 03/17/2022 re: Status Report Regarding Compliance with Order to Show Cause. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 03/18/2022) |
| 03/18/2022 | 283 | STATUS REPORT. *pursuant to Court's March 17, 2022 Order* Document filed by Wayne Baliga..(Soli, Toby) (Entered: 03/18/2022) |
| 03/21/2022 | 284 | AFFIRMATION of Plaintiff's counsel in Opposition re: 277 Order Issuing Summons to Show Cause, Order to Show Cause,,,,,,. Document filed by Wayne Baliga. (Attachments: # 1 Affidavit in Opposition to OSC).(Soli, Toby) (Entered: 03/21/2022) |
| 03/22/2022 | 285 | OPPOSITION BRIEF re: 276 Proposed Order to Show Cause With Emergency Relief, . Document filed by Robert W. Seiden. (Attachments: # 1 Affidavit Declaration of Mark Russell, # 2 Exhibit Exhibit A to Russell Declaration, # 3 Exhibit Exhibit B to Russell Declaration, # 4 Exhibit Exhibit C to Russell Declaration, # 5 Exhibit Exhibit D to |

| | | |
|---|---|---|
| | | Russell Declaration, # [6](#) Exhibit Exhibit E to Russell Declaration, # [7](#) Exhibit Exhibit F to Russell Declaration).(Kushner, Amiad) (Entered: 03/22/2022) |
| 03/22/2022 | [286](#) | CONSENT LETTER MOTION for Extension of Time *to File Objection to Report and Recommendation* addressed to Judge Victor Marrero from Toby S. Soli dated March 22, 2022. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 03/22/2022) |
| 03/22/2022 | [287](#) | OPPOSITION BRIEF re: [284](#) Affirmation in Opposition *Declaration of Brian Straw and Correspondence of X. Wu in Support of Plaintiff's Opposition to to Defendant Vincent Shi's Order to Show Cause [Dkt. 277].* Document filed by Wayne Baliga. (Attachments: # [1](#) Exhibit Letter from Xichun Wu).(Soli, Toby) (Entered: 03/22/2022) |
| 03/23/2022 | [288](#) | ORDER granting [286](#) CONSENT LETTER MOTION for Extension of Time to File Objection to Report and Recommendation. The deadline to file objections to the Report and Recommendation (Dkt. No. 275) is extended to March 25, 2022. SO ORDERED. Objections to R&R due by 3/25/2022 (Signed by Judge Victor Marrero on 3/23/2022) (jca) (Entered: 03/23/2022) |
| 03/23/2022 | [289](#) | ORDER: In light of the ongoing public health emergency, the hearing on the Order to Show Cause (Dkt. No. 277) scheduled for Friday, March 25, 2022, at 12:00 p.m., will proceed via teleconference. The parties are directed to use the dial-in number 888-363-4749, with access code 8392198. SO ORDERED. ( Telephone Conference set for 3/25/2022 at 12:00 PM before Judge Victor Marrero.) (Signed by Judge Victor Marrero on 3/23/2022) (vfr) (Entered: 03/23/2022) |
| 03/24/2022 | [290](#) | DECLARATION of Michael James Maloney in Support re: [227](#) MOTION to Discharge *Receiver.* MOTION to Vacate [26](#) Order,,, *and Dissolve Preliminary Injunction*., [261](#) MOTION to Dismiss *Second Amended Complaint*.. Document filed by Vincent Wenyong Shi. (Attachments: # [1](#) Exhibit Excerpt of Cayman Islands Companies Law, # [2](#) Exhibit Excerpts of LKMForward website, # [3](#) Text of Proposed Order Proposed Order). (Maloney, Michael) (Entered: 03/24/2022) |
| 03/24/2022 | [291](#) | BRIEF re: [290](#) Declaration in Support of Motion, [277](#) Order Issuing Summons to Show Cause, Order to Show Cause,,,,,, . Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/24/2022) |
| 03/25/2022 | [292](#) | ORDER: The Order to Show Cause enjoining the shareholder meetings of Link Motion Inc. and proposed shareholder resolutions (Dkt. No. 277)is hereby extended for ten (10) days. Until then, the partiesshall discuss and endeavor to negotiate a standstill agreement to halt any shareholder meetings until the Court issues a ruling on any objections to Magistrate Judge Freeman's Report & Recommendation (Dkt. No. 275). (Signed by Judge Victor Marrero on 3/25/2022) (rro) (Entered: 03/25/2022) |
| 03/25/2022 | [293](#) | RESPONSE re: [275](#) Report and Recommendations,,,,,,,,,,,, *Plaintiff's Objection to Report & Recommendation on Defendant Vincent Shi's Motion to Dissolve the Preliminary Injunction & Discharge Receiver.* Document filed by Wayne Baliga. (Attachments: # [1](#) Affidavit Declaration of Lilin "Francis" Guo with Wechat Records).(Soli, Toby) (Entered: 03/25/2022) |
| 03/25/2022 | [294](#) | OBJECTION to [275](#) Report and Recommendations *Dr. Shi's limited objections to Report and Recommendations* Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/25/2022) |
| 03/25/2022 | | Minute Entry for proceedings held before Judge Victor Marrero: Oral Argument held via teleconference on 3/25/2022 re: Order to Show Cause (OSC) (Dkt. No. 277). Attorneys present for plaintiff Wayne Baliga, defendant Vincent Wenyong Shi, and court-appointed receiver. The parties presented their arguments regarding the OSC. The Court extended the OSC for ten days, and directed the parties to try negotiating a standstill agreement to |

| 04/04/2022 | | halt any shareholder meetings until the Court issues a ruling on any objections to Magistrate Judge Freemans Report & Recommendation (Dkt. No. 275). (Court Reporter Carol Ganley) (mat) (Entered: 04/04/2022) |
|---|---|---|
| 04/04/2022 | 295 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated April 4, 2022 re: Proposed Standstill Agreement. Document filed by Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 04/04/2022) |
| 04/04/2022 | 296 | LETTER addressed to Judge Victor Marrero from Plaintiff's counsel dated April 4, 2022 re: Proposed Standstill. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Text of Proposed Order).(Soli, Toby) (Entered: 04/04/2022) |
| 04/05/2022 | 297 | LETTER addressed to Judge Victor Marrero from Amiad Kushner dated 04/05/2022 re: Proposed Standstill Agreement. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 04/05/2022) |
| 04/05/2022 | 298 | ORDER: Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Court's temporary restraining order entered on March 16, 2022 (Dkt. No. 277), previously extended by ten days by Order dated March 25, 2022 (ECF Dkt. No. 292), is hereby extended up to and including the date on which the Court enters a ruling on objections to the Report & Recommendation and the Discharge Motion. SO ORDERED. (Signed by Judge Victor Marrero on 4/5/2022) (rro) (Entered: 04/05/2022) |
| 04/08/2022 | 299 | RESPONSE re: 275 Report and Recommendations,,,,,,,,,,,,, 293 Response, *Shi's Response to Objections of Plaintiff to Report & Recommendation*. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 04/08/2022) |
| 04/08/2022 | 300 | RESPONSE re: 294 Objection to Report and Recommendations . Document filed by Wayne Baliga. (Attachments: # 1 Affidavit).(Soli, Toby) (Entered: 04/08/2022) |
| 04/12/2022 | 301 | RESPONSE re: 300 Response *Corrected Declaration of Lilin "Francis" Guo dtd. 04.08.22*. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit A. Final Judgment in PRC Matter).(Soli, Toby) (Entered: 04/12/2022) |
| 04/15/2022 | 302 | RESPONSE re: 301 Response *Corrected Exhibit A (Full Final Judgment) to the Corrected Declaration of Lilin "Francis" Guo [original DE 301-1]*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 04/15/2022) |
| 04/15/2022 | 303 | RESPONSE re: 293 Response, *Plaintiff's Reply in Support of His Objection to Report & Recommendation*. Document filed by Wayne Baliga. (Attachments: # 1 Affidavit of Lilin "Francis" Guo, # 2 Exhibit A. Civil Judgment, # 3 Exhibit B. Spreadsheet).(Soli, Toby) (Entered: 04/15/2022) |
| 04/29/2022 | | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Valerie Figueredo. Please note that this is a reassignment of the designation only. (laq) (Entered: 04/29/2022) |
| 04/29/2022 | | NOTICE OF REASSIGNMENT OF A REFERRAL TO ANOTHER MAGISTRATE JUDGE. The referral in the above entitled action has been reassigned to Magistrate Judge Valerie Figueredo, for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). Magistrate Judge Debra C. Freeman no longer referred to the case. Motions referred to Valerie Figueredo. (laq) (Entered: 04/29/2022) |
| 05/26/2022 | 304 | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated 05/26/2022 re: Supplemental Status Report. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 05/26/2022) |

| 05/26/2022 | [305](#) | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated May 26, 2022 re: Response to Letter from Receiver (Dkt. No. 304). Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 05/26/2022) |
| --- | --- | --- |
| 05/26/2022 | [306](#) | LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Felicello, Rosanne) (Entered: 05/26/2022) |
| 05/31/2022 | [307](#) | LETTER addressed to Judge Victor Marrero from Toby S. Soli dated May 31, 2022 re: Response to Receiver's Request for Court's Guidance [ECF 304]. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 05/31/2022) |
| 06/03/2022 | [308](#) | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated June 3, 2022 re: Termination of ADR Deposit Agreement [Dkt. Nos. 304, 305, 307]. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/03/2022) |
| 06/03/2022 | | Minute Entry Plaintiff shall file a response, if any, to Defendant Vincent Wenyong Shis letter motion to unseal, see ECF No. 306, by June 17, 2022 at 5pm. (sjo) (Entered: 06/03/2022) |
| 06/09/2022 | [309](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Robert W. Seiden dated 06/09/2022 re: Response to docket 306. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 06/09/2022) |
| 06/13/2022 | [310](#) | MEMO ENDORSEMENT on re: [309](#) Letter filed by Robert W. Seiden, ENDORSEMENT:The request for an extension of time to review the sealed documents and respond to Plaintiff's letter motion (see ECF No. 306) is granted. Counsel has until July 8, 2022 to respond.( Responses due by 7/8/2022) (Signed by Magistrate Judge Valerie Figueredo on 6/13/2022) (rro) Modified on 6/14/2022 (rro). (Entered: 06/13/2022) |
| 06/14/2022 | [311](#) | ORDER: The Court previously referred all motions contemplated in the parties' submission in Dkt. Nos. 88 and 90. (See Dkt. No. 91.) The Court now clarifies that it also refers the motion to dismiss (Dkt. No. 261) to the assigned Magistrate Judge. SO ORDERED. (Signed by Judge Victor Marrero on 6/14/2022) (jca) (Entered: 06/14/2022) |
| 06/14/2022 | [312](#) | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement). All such motions: All those contemplated in Dkt. Nos. 88 and 90, and the motion to dismiss in Dkt. No. 261. Referred to Magistrate Judge Valerie Figueredo. SO ORDERED. Motions referred to Valerie Figueredo. (Signed by Judge Victor Marrero on 6/14/2022) (jca) (Entered: 06/14/2022) |
| 06/22/2022 | [313](#) | ORDER SCHEDULING ORAL ARGUMENT: An oral argument in this matter with respect to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 261) is hereby scheduled for Wednesday, July 20, 2022, at 2:00 p.m. in Courtroom 17- A, United States Courthouse, 500 Pearl Street, New York, New York. Counsel and parties are required to follow the Court's COVID-safety protocols and should review the Court's website in advance of the conferences for the most up to date information. SO ORDERED. Oral Argument set for 7/20/2022 at 02:00 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 6/22/2022) (rro) (Entered: 06/22/2022) |
| 06/24/2022 | [314](#) | LETTER MOTION to Adjourn Conference *Oral Argument of Motion to Dismiss [Dkt. 313]* addressed to Magistrate Judge Valerie Figueredo from Toby S. Soli dated June 24, 2022. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 06/24/2022) |

| | | |
|---|---|---|
| 06/30/2022 | [315](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 06/30/2022 re: new information re: Dkt. 309. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # [1](#) Affidavit Declaration of Kristie M. Blase). (Felicello, Rosanne) (Entered: 06/30/2022) |
| 07/05/2022 | [316](#) | ORDER SCHEDULING ORAL ARGUMENT granting [314](#) Letter Motion to Adjourn Conference.An oral argument in this matter with respect to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 261) is hereby rescheduled for Wednesday, August 3, 2022, at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Counsel and parties are required to follow the Court's COVID-safety protocols and should review the Court's website in advance of the conferences for the most up to date information. The Clerk's Office is respectfully directed to close ECF No. 314. Oral Argument set for 8/3/2022 at 10:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo.. (Signed by Magistrate Judge Valerie Figueredo on 7/5/2022) (rro) (Entered: 07/05/2022) |
| 07/06/2022 | [317](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated July 6, 2022 re: Second Request for Adjournment of Oral Argument on Motion to Dismiss (Dkt. No. 261). Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 07/06/2022) |
| 07/08/2022 | [318](#) | MEMO ENDORSEMENT on re: [317](#) Letter, filed by Vincent Wenyong Shi, Vincent Wenyong Shi. ENDORSEMENT: The request for an adjournment of the oral argument date to August 16 or 17 is denied. The parties should meet and confer about an oral argument date that is acceptable during the following three weeks: week of July 18, week of July 25, or week of August 1. If the parties want an oral argument, it has to occur on or before August 5. (Signed by Magistrate Judge Valerie Figueredo on 7/8/2022) (rro) (Entered: 07/08/2022) |
| 07/08/2022 | [319](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Robert W. Seiden dated 7/82022 re: Response to courts order. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 07/08/2022) |
| 07/11/2022 | [320](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated July 11, 2022 re: Adjournment of oral argument [Dkt 261, 318]. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 07/11/2022) |
| 07/12/2022 | [321](#) | ORDER SCHEDULING ORAL ARGUMENT: An oral argument in this matter with respect to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 261) is hereby rescheduled for Monday, August 1, 2022, at 3:00 p.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Counsel and parties are required to follow the Court's COVID-safety protocols and should review the Court's website in advance of the conferences for the most up to date information. SO ORDERED. Oral Argument set for 8/1/2022 at 03:00 PM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 7/12/2022) (tg) (Entered: 07/12/2022) |
| 07/15/2022 | [322](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated July 15, 2022 re: Request to unseal documents [Dkt. No. 306]. Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 07/15/2022) |
| 07/26/2022 | [323](#) | ORDER: For the upcoming oral argument with respect to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 261), scheduled for Monday, August 1, 2022 at 3 p.m., the parties should be prepared to address all issues raised in the briefing, and specifically, whether Defendant LKM has standing to assert arguments in support of dismissal of claims against non-moving and unserved Defendants Wu and Xu. In addition, |

| | | |
|---|---|---|
| | | the parties should be prepared to discuss Defendant Shi's pending letter motion to unseal (see ECF Nos. 306, 309, 315, 391, 322). SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 7/26/2022) (rro) (Entered: 07/26/2022) |
| 07/29/2022 | | Minute Entry--To bring into the courthouse personal electronic device(s) and or general-purpose computing device(s). Please go to the courts website under the category Forms. Please fill out and email to chambers the Fillable Forms for Electronic Devices General Purpose. (sjo) (Entered: 07/29/2022) |
| 08/01/2022 | | Minute Entry for proceedings held before Magistrate Judge Valerie Figueredo: Oral Argument held on 8/1/2022 re: 321 Scheduling Order. (sjo) (Entered: 08/01/2022) |
| 08/03/2022 | 324 | LETTER addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 08/03/2022 re: support requested during oral argument. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi.. (Felicello, Rosanne) (Entered: 08/03/2022) |
| 08/05/2022 | 325 | LETTER addressed to Magistrate Judge Valerie Figueredo from Bahcall dated August 5, 2022 re: Plaintiff's Response to Defendant Shi's Correspondence [Dkt. 324]. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 08/05/2022) |
| 08/08/2022 | 326 | TRANSCRIPT of Proceedings re: CONFERENCE held on 8/1/2022 before Magistrate Judge Valerie Figueredo. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/29/2022. Redacted Transcript Deadline set for 9/8/2022. Release of Transcript Restriction set for 11/7/2022. (js) (Entered: 08/08/2022) |
| 08/08/2022 | 327 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 8/1/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days... (js) (Entered: 08/08/2022) |
| 08/10/2022 | 328 | REPORT AND RECOMMENDATIONS re: 166 Amended Complaint, filed by Wayne Baliga, 261 MOTION to Dismiss *Second Amended Complaint*. filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi. The Court respectfully recommends that Defendants LKM and Shi's Motion to Dismiss be DENIED as to Plaintiff's claims alleging violations of Exchange Act §10(b) and Rule 10b-5 thereunder, Exchange Act §20(a), common law fraud, and negligent misrepresentation and GRANTED as to Plaintiff's claim alleging unjust enrichment. Respectfully submitted. ( Objections to R&R due by 8/24/2022) (Signed by Magistrate Judge Valerie Figueredo on 8/10/22) (yv) (Entered: 08/10/2022) |
| 08/22/2022 | 329 | ORDER granting in part and denying in part 306 Letter Motion to Seal. For the reasons set forth above, Defendant's motion is GRANTED in part and DENIED in part. In particular, it is hereby ordered that: (1) The Category 1 Documents be unsealed, following this Court's in camera review of the Receiver's proposed redactions, to be provided to the Court by email no later than Monday, September 12, 2022; (2) The Category 2 Documents will remain under seal at this stage, as these documents may be released following adjudication of the pending Report and Recommendation (ECF No. 275); and (3) The Category 3 Documents will remain sealed. The Clerk of Court is respectfully directed to close the motion at ECF No. 306. (Signed by Magistrate Judge Valerie Figueredo on 8/22/2022) (rro) (Entered: 08/22/2022) |

| 08/24/2022 | 330 | OBJECTION to 328 Report and Recommendations Document filed by Vincent Wenyong Shi, Vincent Wenyong Shi..(Maloney, Michael) (Entered: 08/24/2022) |
|---|---|---|
| 08/25/2022 | 331 | DECISION AND ORDER for 275 Report and Recommendations. For the reasons stated above, it is hereby ORDERED that, substantially for the reasons sets forth in the Report and Recommendation of Magistrate Judge Debra Freeman ("R&R," Dkt. No. 275), the Court adopts the R&R in its entirety as the Court's decision on the motion to dissolve the preliminary injunction and discharge the receiver filed by Defendant Wenyong Shi ("Shi") (Dkt. No. 227); and it is further ORDERED that the objections from Plaintiff Wayne Baliga (Dkt. No. 293) and Defendant Vincent Wenyong Shi (Dkt. No. 294) are DENIED; and it is further ORDERED that, within 30 days of the date of this order, the parties shall file a proposed schedule for conducting an accounting of the receivership prior to discharging the receiver, Robert W. Seiden ("Receiver"); and it is further ORDERED that, within 14 days of the date of this order, the parties and the Receiver shall file separate letters, not to exceed three pages, that address the extent to which the disappearance of shareholder Lilin "Francis" Guo impacts whether the Receiver can convene a meeting of the shareholders in the defendant company, Link Motion Inc. ("LKM"); and it is furtherORDERED that the Receiver shall take no action regarding the conversion of American Depositary Receipts in LKM to common stock in LKM. SO ORDERED. (Signed by Judge Victor Marrero on 8/25/2022) (jca) (Main Document 331 replaced on 8/26/2022) (jca). (Entered: 08/25/2022) |
| 09/06/2022 | 332 | LETTER MOTION for Extension of Time to File Response/Reply as to 330 Objection to Report and Recommendations addressed to Judge Victor Marrero from Toby S. Soli dated September 6, 2022. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 09/06/2022) |
| 09/07/2022 | 333 | ORDER granting 332 Letter Motion for Extension of Time to File Response/Reply re 332 LETTER MOTION for Extension of Time to File Response/Reply as to 330 Objection to Report and Recommendations addressed to Judge Victor Marrero from Toby S. Soli dated September 6, 2022. Request GRANTED. Plaintiff's request for an extension to September 19, 2022 to file its response is granted. SO ORDERED. (Signed by Judge Victor Marrero on 9/7/2022) (jca) (Entered: 09/07/2022) |
| 09/07/2022 | 334 | LETTER addressed to Judge Victor Marrero from Rosanne Felicello dated 09/07/2022 re: Receiver's Lack of Authority to Convene EGMs. Document filed by Link Motion Inc., Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi. (Attachments: # 1 Exhibit Link Motion Board of Directors Lis).(Felicello, Rosanne) (Entered: 09/07/2022) |
| 09/08/2022 | 335 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated September 8, 2022 re: Response to ECF 331. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/08/2022) |
| 09/08/2022 | 336 | LETTER addressed to Judge Victor Marrero from Toby S. Soli dated September 8, 2022 re: Baliga's Response to Court's Decision & Order re. EGM [Dkt. 331]. Document filed by Wayne Baliga. (Attachments: # 1 Exhibit 1. China AI Capital [Dkt. 23]).(Soli, Toby) (Entered: 09/08/2022) |
| 09/15/2022 | 337 | ORDER: On September 12, 2022, counsel for the Receiver provided this Court with twelve "Category 1" documents that were originally filed under seal and stated that the Receiver did not propose any redactions to the documents. Counsel for the Receiver further stated that three of the twelve documents (the status reports dated May 2, 2020, May 20, 2020, and July 17, 2020) were previously unsealed and filed on the docket (see ECF Nos. 220-2, 220-3, and 220-4). The Receiver is directed to file the remaining nine "Category 1" documents on the public docket in this action by no later than Thursday, |

| | | September 22, 2022. (Signed by Magistrate Judge Valerie Figueredo on 9/15/2022) (rro) (Entered: 09/15/2022) |
|---|---|---|
| 09/15/2022 | [338](#) | ORDER For the reasons stated above, it is hereby ORDERED that Defendant Wenyong Shi's Motion to enjoin the Receiver from convening extraordinary general meetings of the Link Motion, Inc. shareholders to vote on resolutions to remove and appoint directors of the Link Motion, Inc. board (Dkt. No. 276) is DENIED AS MOOT; and it is further ORDERED that the extraordinary general meetings sought to be convened by Robert W. Seiden ("Receiver") shall be postponed until Lilin "Francis" Guo ("Guo") can attend the meetings, provided that Guo reappears prior to the full discharge of the Receiver's authority, following its provision of a full accounting of the receivership's activities; and it is further ORDERED that within seven (7) days of the date of this order, the parties and the Receiver shall file separate letters, not to exceed three pages, that address the following: (1) whether the LKM Board's decision to meet in early September 2022 violates any of the Court's orders in this matter; and (2) the extent of the Court's jurisdiction to address (a) any purported violations of the Court's orders by the LKM Board and (b) the LKM Boards ability to meet. SO ORDERED. (Signed by Judge Victor Marrero on 9/15/2022) (jca) (Entered: 09/15/2022) |
| 09/16/2022 | [339](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 2/20/2019 re: Motion 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [340](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 9/18/2019 re: Motion 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [341](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 10/7/2019 re: Docket 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [342](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 11/15/2019 re: docket 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [343](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 11/15/2019 re: Docket 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [344](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 11/27/2019 re: unsealed pursuant to Judge Figueredo's Order. See ECF 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [345](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 1/14/2020 re: unsealed pursuant to Judge Figueredo's Order. See ECF 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [346](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 3/20/2020 re: unsealed pursuant to Judge Figueredo's Order. See ECF 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [347](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 8/26/2020 re: unsealed pursuant to Judge Figueredo's Order. See ECF 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/16/2022 | [348](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 10/2/2020 re: unsealed pursuant to Judge Figueredo's Order. See ECF 337. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/16/2022) |
| 09/19/2022 | [349](#) | REPLY re: [330](#) Objection to Report and Recommendations *filed by Defendant Vincent Wenyong Shi*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 09/19/2022) |
| 09/22/2022 | [350](#) | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 9/22/2022 re: Response to the Court's Order (ECF 338). Document filed by Robert W. Seiden..(Seiden, |

| | | Robert) (Entered: 09/22/2022) |
|---|---|---|
| 09/22/2022 | 351 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 9/22/2022 re: Status Update Concerning Mr. Guo. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/22/2022) |
| 09/22/2022 | 352 | LETTER addressed to Judge Victor Marrero from Toby S. Soli dated September 22, 2022 re: Response to Court's Order [Dkt. 338]. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 09/22/2022) |
| 09/22/2022 | 353 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated September 22, 2022 re: Response to Order dated September 15, 2022 (Dkt. 338). Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 09/22/2022) |
| 09/26/2022 | 354 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 9/26/2022 re: proposed schedule for the accounting. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 09/26/2022) |
| 09/26/2022 | 355 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated September 26, 2022 re: proposed schedule for accounting (pursuant to Dkt 331). Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi. (Attachments: # 1 Exhibit Emails regarding schedule of accounting).(Maloney, Michael) (Entered: 09/26/2022) |
| 09/28/2022 | 356 | MOTION to Vacate 329 Order on Motion to Seal,,, ., MOTION to Unseal ., MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022., 329 Order on Motion to Seal,,, . Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 09/28/2022) |
| 09/28/2022 | 357 | DECLARATION of Michael James Maloney in Support re: 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022.. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 09/28/2022) |
| 09/28/2022 | 358 | MEMORANDUM OF LAW in Support re: 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. . Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 09/28/2022) |
| 09/29/2022 | 359 | SCHEDULING ORDER On August 25, 2022, the Court ordered the parties to submit a proposed schedule for conducting an accounting of the receivership. (Dkt. No. 331 at 23.) Unable to agree on a joint proposal, the parties submitted competing schedules on September 26, 2022. (See Dkt. Nos. 354 & 355.) The Court has reviewed the proposals and hereby orders the following schedule: On or before November 18, 2022, the Receiver will file with the Court an accounting of the receivership together with any supporting documentation (the Accounting). The Receiver may serve with his Accounting a memorandum of law in support. On or before December 16, 2022, the parties may serve on the Receiver requests to supplement the Accounting with any additional documentation (the Supplemental Documentation). If no party requests Supplemental Documentation from the Receiver, then the parties will on or before December 21, 2022 either (1) file a joint letter, advising the Court that the Accounting is complete, or (2) file |

Case 23-827, Document 23-2, 06/05/2023, 3535036, Page55 of 108

| | | |
|---|---|---|
| | | objections to the Accounting, not to exceed three pages per side. If any party requests Supplemental Documentation, then: o The Receiver shall produce any Supplemental Documentation requested, to the extent it is reasonably accessible, by January 20, 2023. o On or before February 3, 2023, the parties and the Receiver shall either (1) file a joint letter informing the Court that the Accounting is complete; or (2) file objections to the Accounting, not to exceed three pages per side. o The Accounting will be complete once the Court accepts the joint letter filed by the parties and the Receiver, or on the date which the Court makes a final determination with respect to any objections to the Accounting. As part of any objections filed, the parties and the Receiver shall certify that they have met and conferred in good faith to resolve (1) any disputes over objections to the Accounting or (2) any disputes regarding negotiations over the Receiver's duty to provide the Supplemental Documentation, prior to seeking the Court's intervention. The Court will determine if an evidentiary hearing is necessary upon review of the submissions. SO ORDERED. (Signed by Judge Victor Marrero on 9/29/2022) (jca) (Entered: 09/29/2022) |
| 09/29/2022 | 360 | ORDER: On September 28, 2022, Defendants Vincent Wenyong Shi and Link Motion Inc. f/k/a NQ Mobile Inc. filed a motion (see ECF Nos. 356-58) seeking relief, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, from part of this Court's Order dated August 22, 2022 (ECF No. 329), denying Defendant Shis letter motion (ECF No. 306) requesting that certain Category 3 Documents (as defined in ECF No. 329) be unsealed and placed on the public docket. The Receiver, Robert W. Seiden, Esq., is directed to file a response by no later than Wednesday, October 19, 2022 (Responses due by 10/19/2022) (Signed by Magistrate Judge Valerie Figueredo on 9/29/2022) (rro) (Entered: 09/29/2022) |
| 09/29/2022 | 361 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi. (Attachments: # 1 Affidavit Maloney Decl., # 2 Exhibit A to Maloney Decl., # 3 Exhibit B to Maloney Decl., # 4 Appendix Memo of Law in Support) Related Document Number: [338, 351].. (Maloney, Michael) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 09/29/2022) |
| 09/30/2022 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 361 Proposed Order to Show Cause With Emergency Relief, was reviewed and approved as to form. (tp) (Entered: 09/30/2022) |
| 10/03/2022 | 362 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute: The motions and letters regarding the Receiver's accounting contemplated by Dkt. No. 359 (requesting Report and Recommendation). Referred to Magistrate Judge Valerie Figueredo. SO ORDERED. (Signed by Judge Victor Marrero on 10/03/2022) (jca) (Entered: 10/03/2022) |
| 10/04/2022 | 363 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 10/4/2022 re: status update concerning Mr. Guo. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 10/04/2022) |
| 10/05/2022 | 364 | ORDER For the reasons stated above, it is hereby ORDERED that the defendants', Link Motion, Inc. and Wenyong Shi (together "Defendants"), proposed Order to Show Cause is DENIED; and it is further ORDERED that Defendants' renewed request for a temporary restraining order and preliminary injunction is DENIED; and it is further ORDERED that Robert Seiden ("Receiver") maintains the authority to convene the extraordinary general meetings ("EGMs") and may do so provided that Lilin "Francis" Guo ("Guo") reappears and is able to attend the EGMs, and that the EGMs are convened prior to the Courts approval of the Receiver's accounting, which results in the Receiver's discharge. SO ORDERED. (Signed by Judge Victor Marrero on 10/5/2022) (jca) (Entered: 10/05/2022) |

| 10/07/2022 | 365 | DECISION AND ORDER Accordingly, for the reasons stated above, it is hereby ORDERED, that the meeting held by the Board of Directors (the "Board") of defendant, Link Motion, Inc. ("LKM") on or about September 1, 2022, as well as certain votes the Board took at such meeting as specified herein, violate orders this Court issued in this action, and it is further ORDERED that the Board shall not convene and vote to take any action not directed by the court-appointed receiver, Robert Seiden ("Receiver"), until after the Receiver has been fully discharged upon the Courts approval of the Receiver's final accounting. SO ORDERED. (Signed by Judge Victor Marrero on 10/7/2022) (jca) (Entered: 10/07/2022) |
|---|---|---|
| 10/13/2022 | 366 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated October 13, 2022 re: Link Motion Inc. v. DLA Piper LLP (US), et al., Case No. 1:22-cv-8313. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi. (Attachments: # 1 Exhibit Emails regarding Direct Malpractice Action, # 2 Exhibit Letter from counsel for Defendants in Direct Malpractice Action).(Maloney, Michael) (Entered: 10/13/2022) |
| 10/18/2022 | 367 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 10/18/2022 re: Status Report re: ADR Conversion and Maples. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Letter).(Seiden, Robert) (Entered: 10/18/2022) |
| 10/19/2022 | 368 | REPLY MEMORANDUM OF LAW in Opposition re: 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. *Opposition to Defendant Shi's Motion for Relief from Order Denying in Part Request to Unseal.* Document filed by Robert W. Seiden.. (Kushner, Amiad) (Entered: 10/19/2022) |
| 10/25/2022 | 369 | TRANSCRIPT of Proceedings re: conference held on 3/25/2022 before Judge Victor Marrero. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/15/2022. Redacted Transcript Deadline set for 11/25/2022. Release of Transcript Restriction set for 1/23/2023.. (McGuirk, Kelly) (Entered: 10/25/2022) |
| 10/25/2022 | 370 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/25/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 10/25/2022) |
| 10/26/2022 | 371 | REPLY MEMORANDUM OF LAW in Support re: 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. . Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 10/26/2022) |
| 11/04/2022 | 372 | DECISION AND ORDER for 328 Report and Recommendations,, For the reasons stated above, it is hereby ORDERED that, substantially for the reasons set forth in the Report and Recommendation of Magistrate Judge Valerie Figueredo ("R&R," Dkt. No. 328), the Court adopts in part the R&R as the Court's decision on the motion to dismiss the Second |

| | | |
|---|---|---|
| | | Amended Complaint ("SAC," Dkt. No. 166) filed by Defendants Wenyong Shi ("Shi") and Link Motion, Inc. ("LKM") (Dkt. No. 262) with respect to the R&R's recommendations on (1) the appropriate legal standard; (2) scienter; (3) the purchase or sale of securities; (4) the misstatements and omissions of material fact; (5) reliance; (6) loss causation; (7) the Section 20(a) claims; (8) the negligent misrepresentation claims; and (10) the claims as to individual defendants Roland Wu ("Wu"), and Zemin Xu ("Xu"); and it is further ORDERED that the objections from Shi (Dkt. No. 330) are DENIED as to those recommendations the Court adopts above; and it is further ORDERED that the Court rejects the recommendations set forth in the R&R with respect to which of Wayne Baliga's ("Baliga") purchases (see SAC 126) are actionable; and it is further ORDERED that any of Baliga's purchases of LKM securities occurring before March 30, 2017, are non-actionable and are DISMISSED with prejudice; and it is further ORDERED that Baliga's common law fraud claims are remanded to Magistrate Judge Figueredo for further consideration, and directs the parties to file, within one week of the date of this order, a proposed briefing schedule for Shi's opening brief, not to exceed ten pages, in support of dismissal of the common law fraud claims, Baliga's opposition, not to exceed ten pages, and Shi's reply, not to exceed five pages; and it is further ORDERED that the R&Rs recommendation with respect to Baliga's claims for unjust enrichment is adopted in full and Shi's motion to dismiss the unjust enrichment claims pursuant to Rule 12(b)(6) is GRANTED with prejudice. SO ORDERED. (Signed by Judge Victor Marrero on 11/4/2022) (ks) (Entered: 11/04/2022) |
| 11/11/2022 | [373](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 11/11/2022 re: Briefing Schedule. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi..(Felicello, Rosanne) (Entered: 11/11/2022) |
| 11/14/2022 | [374](#) | MEMO ENDORSEMENT on re: [373](#) Letter filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi, Vincent Wenyong Shi. ENDORSEMENT: Application Granted. The parties proposed briefing schedule isadopted. ( Brief due by 12/12/2022., Reply to Response to Brief due by 1/23/2023., Responses to Brief due by 1/9/2023) (Signed by Magistrate Judge Valerie Figueredo on 11/14/2022) (rro) (Entered: 11/14/2022) |
| 11/18/2022 | [375](#) | BRIEF re: [359](#) Order,,,,,,,, *RECEIVERS MEMORANDUM OF LAW IN SUPPORT OF ACCOUNTING*. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 11/18/2022) |
| 11/18/2022 | [376](#) | FINANCIAL AFFIDAVIT. Document filed by Robert W. Seiden. (Attachments: # [1](#) Exhibit Exhibit A, # [2](#) Exhibit Exhibit B, # [3](#) Exhibit Exhibit C, # [4](#) Exhibit Exhibit D, # [5](#) Exhibit Exhibit E, # [6](#) Exhibit Exhibit F, # [7](#) Exhibit Exhibit G, # [8](#) Exhibit Exhibit H, # [9](#) Exhibit Exhibit I).(Kushner, Amiad) (Entered: 11/18/2022) |
| 11/18/2022 | [377](#) | LETTER addressed to Judge Victor Marrero from Amiad Kushner dated 11/18/2022 re: Letter Motion to File Under Seal. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 11/18/2022) |
| 11/18/2022 | [378](#) | ***EX-PARTE***REDACTION *Exhibits to Seiden Declaration* by Robert W. Seiden (Attachments: # [1](#) Exhibit Exhibit A, # [2](#) Exhibit Exhibit B, # [3](#) Exhibit Exhibit C, # [4](#) Exhibit Exhibit D, # [5](#) Exhibit Exhibit E, # [6](#) Exhibit Exhibit F, # [7](#) Exhibit Exhibit G, # [8](#) Exhibit Exhibit H, # [9](#) Exhibit Exhibit I)Motion or Order to File Under Seal: [377](#) . (Kushner, Amiad) (Entered: 11/18/2022) |
| 11/21/2022 | [379](#) | LETTER MOTION to Seal *the Unredacted Invoices* addressed to Magistrate Judge Valerie Figueredo from Amiad Kushner dated 11/21/2022. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 11/21/2022) |

| | | |
|---|---|---|
| 11/22/2022 | 380 | LETTER RESPONSE in Opposition to Motion addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated November 22, 2022 re: 379 LETTER MOTION to Seal *the Unredacted Invoices* addressed to Magistrate Judge Valerie Figueredo from Amiad Kushner dated 11/21/2022. . Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 11/22/2022) |
| 12/12/2022 | 381 | SUPPLEMENTAL MEMORANDUM OF LAW in Support re: 261 MOTION to Dismiss *Second Amended Complaint. common law fraud claims, filed pursuant to Dkt. 372*. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 12/12/2022) |
| 01/09/2023 | 382 | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated 1/9/2023 re: Receiver's Supplemental Status Report. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit A - Emails with Maples and Maples Invoice).(Seiden, Robert) (Entered: 01/09/2023) |
| 01/09/2023 | 383 | MEMORANDUM OF LAW in Opposition re: 261 MOTION to Dismiss *Second Amended Complaint. Plaintiff's Response to Defendant Shi's Supplemental Memorandum of Law in Support of Motion to Dismiss Common Law Fraud Claim [Dkt. # 381]*. Document filed by Wayne Baliga..(Soli, Toby) (Entered: 01/09/2023) |
| 01/12/2023 | 384 | ORDER Accordingly, the Court orders LKM to immediately transfer funds sufficient to pay the Maples Invoice to the Receiver and directs the Receiver to timely execute payment. Further, Section II.5 requires the Company to ensure that the "Receivership Account [] maintains a minimum balance of $100,000.00 and is to be replenished fully back to this level[.]" (Id.) The Company thus must immediately transfer sufficient funds to the Receivership Account to allow the Receiver to timely pay the Maples Invoice. (And as further set forth herein.) SO ORDERED. (Signed by Judge Victor Marrero on 1/12/2023) (jca) Transmission to Finance Unit (Cashiers) for processing. Modified on 1/26/2023 (jca). (Entered: 01/12/2023) |
| 01/12/2023 | 385 | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated 1/12/2023 re: the Court's January 12, 2023 Order. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 01/12/2023) |
| 01/13/2023 | 386 | ORDER Accordingly, the Court directs Shi to show cause by January 18, 2023, why the Court should not grant the Receiver's request and direct Shi to personally fund the Receivership Account in an amount totaling $103,219.51 to pay the Maples Invoice to keep the Company in good standing. In doing so, Shi shall respond to the Receiver's veil piercing argument. SO ORDERED. (Signed by Judge Victor Marrero on 1/13/2023) (jca) Transmission to Finance Unit (Cashiers) for processing. (Entered: 01/13/2023) |
| 01/18/2023 | 387 | DECLARATION of Vincent Wenyong Shi in Opposition re: 386 Order,,. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 01/18/2023) |
| 01/18/2023 | 388 | DECLARATION of Michael James Maloney in Opposition re: 386 Order,,. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit A excerpt of Cayman Companies Act (2022 Revision), # 2 Exhibit B Loan agreement with CMB, # 3 Exhibit C Deposit agreement with CMB, # 4 Exhibit D Security agreement with CMB, # 5 Exhibit E Pledge agreement with CMB, # 6 Exhibit F October 24, 2022 Declaration of Vincent Wenyong Shi, # 7 Exhibit G Husrtwood ruling by UKSC).(Maloney, Michael) (Entered: 01/18/2023) |
| 01/18/2023 | 389 | MEMORANDUM OF LAW in Opposition re: 386 Order,, . Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 01/18/2023) |
| 01/20/2023 | 390 | ORDER Having reviewed Shi's response and the mechanics of Cayman Islands law on this issue, the Court is persuaded that LKM is in no immediate jeopardy of being struck |

| | | |
|---|---|---|
| | | from the register. The Receiver is directed to advise the Court if it receives notice from the Cayman Islands Registrar under Section 171 of the Cayman Islands Companies Act. (See Dkt. No. 388-1 at 19.) The Receiver's veil piercing claims are raised and will be addressed in the context of the Receiver's accounting, which has previously been referred to, and is pending before, Magistrate Judge Figueredo. (See Dkt. No. 362.) Accordingly, the Court will enter an amended order referring the issues brought to the Court's attention by the Receiver's letters (Dkt. Nos. 382, 385) and Shi's response (Dkt. No. 389) to Judge Figueredo to be addressed concurrently with the Receiver's accounting. SO ORDERED. (Signed by Judge Victor Marrero on 1/20/2023) (jca) (Entered: 01/20/2023) |
| 01/20/2023 | 391 | AMENDED ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for Specific Non-Dispositive Motion/Dispute; Payment of the Cayman Islands annual fee and funding of the Receivership Account contemplated by Dkt. Nos. 382, 384-90. Referred to Magistrate Judge Valerie Figueredo. SO ORDERED. (Signed by Judge Victor Marrero on 1/20/2023) (jca) (Entered: 01/20/2023) |
| 01/23/2023 | 392 | SUPPLEMENTAL REPLY MEMORANDUM OF LAW in Support re: 261 MOTION to Dismiss *Second Amended Complaint. common law fraud claims, filed pursuant to Dkt. 372*. Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 01/23/2023) |
| 02/03/2023 | 393 | Objection re: 376 Financial Affidavit, *accounting of Robert W. Seiden, Receiver*. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 02/03/2023) |
| 02/03/2023 | 394 | DECLARATION of Michael James Maloney re: 393 Objection (non-motion), 376 Financial Affidavit, *accounting of Robert W. Seiden, Receiver*. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit Hong Kong annual report of Link Motion International Ltd., # 2 Exhibit QCC report for Link Motion International Ltd., # 3 Exhibit QCC report for NQ Wireless, # 4 Exhibit QCC report for NQ Mobile, # 5 Exhibit QCC report for Link Motion Technology, # 6 Exhibit QCC report for Beijing Technology, # 7 Exhibit QCC report for Xinjiang NQ, # 8 Exhibit Dec. 14 2017 press release re receipt of Tongfang Note, # 9 Exhibit Tongfang Note, # 10 Exhibit Nov. 9 2017 press release re cash paid by Tongfang, # 11 Exhibit Apr. 10 2018 press release re LKM results, # 12 Exhibit Dec. 16 2022 letter to Receiver requesting supplementation, # 13 Exhibit Jan. 20 2023 letter from Receiver re supplementation, # 14 Exhibit Jan. 27 2023 letter to Receiver re supplementation).(Maloney, Michael) (Entered: 02/03/2023) |
| 02/03/2023 | 395 | DECLARATION of Vincent Wenyong Shi re: 376 Financial Affidavit, 393 Objection (non-motion) *accounting of Robert W. Seiden, Receiver*. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 02/03/2023) |
| 02/03/2023 | 396 | MEMORANDUM OF LAW re: 376 Financial Affidavit, 393 Objection (non-motion) *accounting of Robert W. Seiden, Receiver*. Document filed by Vincent Wenyong Shi.. (Maloney, Michael) (Entered: 02/03/2023) |
| 02/10/2023 | 397 | LETTER addressed to Judge Victor Marrero from Robert W. Seiden dated 2/10/2023 re: Supplemental Status Report re: LKM's Standing. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit A - Maples Emails).(Seiden, Robert) (Entered: 02/10/2023) |
| 02/14/2023 | 398 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated February 14, 2023 re: Feb. 10, 2023 Letter from Receiver (Dkt 297). Document filed by Link Motion Inc. (f/k/a NQ Mobile Inc.), Vincent Wenyong Shi..(Maloney, Michael) (Entered: 02/14/2023) |
| 03/15/2023 | 399 | LETTER MOTION for Conference re: 26 Order,,, *requesting modification of Receiver Appointment Order* addressed to Judge Victor Marrero from Michael James Maloney |

| | | |
|---|---|---|
| | | dated March 15, 2023. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 03/15/2023) |
| 03/16/2023 | [400](#) | ORDER with respect to [399](#) Letter Motion for Conference re: [399](#) LETTER MOTION for Conference re: [26](#) Order, *requesting modification of Receiver Appointment Order* addressed to Judge Victor Marrero from Michael James Maloney dated March 15, 2023. With respect to the request by Defendant Vincent Wenyong Shi ("Shi") (Dkt. No. 399) to modify the terms of the Order Appointing the Temporary Receiver ("Receiver Order," Dkt. No. 26), the Court directs the parties and the Receiver to meet-and-confer and submit, within two weeks of the date of this Order, a stipulated proposed order for modifying the Receiver Order. SO ORDERED.. (Signed by Judge Victor Marrero on 3/16/2023) (jca) (Entered: 03/16/2023) |
| 03/30/2023 | [401](#) | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated March 30, 2023 re: Dkt. No. 400 order directing the parties to meet and confer regarding stipulated order to transfer control of LKM to the Board of Directors. Document filed by Vincent Wenyong Shi. (Attachments: # [1](#) Exhibit Compilation of meet and confer emails, # [2](#) Exhibit Dr. Shi's Proposed Stipulation and Order, # [3](#) Exhibit Receiver's and Plaintiff's redline edits).(Maloney, Michael) (Entered: 03/30/2023) |
| 03/31/2023 | [402](#) | LETTER addressed to Judge Victor Marrero from Toby S Soli dated March 30, 3023 re: Court's Order [DE 400]. Document filed by Wayne Baliga. (Attachments: # [1](#) Exhibit A. Stipulation and Proposed Order Modifying Receiver Order).(Soli, Toby) (Entered: 03/31/2023) |
| 04/03/2023 | [403](#) | ORDER: On March 16, 2023, the Court directed the parties to meet-and-confer and submit a joint, stipulated proposed order to modify the terms of the Order Appointing the Temporary Receiver ("Receiver Order," Dkt. No. 26.). (See Dkt. No. 400.) The parties have submitted two competing versions of their proposal for modifying the Receiver Order. (See Dkt. Nos. 401, 402.) As the parties have not been able to reach an agreement on how to move this issue forward, the Court declines to modify the Receiver Order at this time. The parties are directed to notify the Court should they reach a compromise position in the future and to then file a joint stipulation for the Court's consideration. SO ORDERED. (Signed by Judge Victor Marrero on 4/3/2023) (ks) (Entered: 04/03/2023) |
| 04/10/2023 | [404](#) | ORDER: Since October 2022, the Receiver has not provided a status update as to his knowledge of Guo's whereabouts, despite the fact that the Receiver's last communication from the Individual suggested that Guo was estimated to "re-appear by the end of October 2022." Accordingly, the Receiver is directed to submit a letter by no later than Monday, April 24, 2023, providing an update as to whether Guo has in fact "re-appeared," any new information as to Guo's whereabouts, and whether the Receiver still believes that Guo's safety may be in jeopardy. (Signed by Magistrate Judge Valerie Figueredo on 4/10/2023) (rro) (Entered: 04/10/2023) |
| 04/20/2023 | [405](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Robert Seiden dated 04/20/2023 re: Baliga v. Link Motion Inc. et al., 1:18-cv-11642 (S.D.N.Y.). Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 04/20/2023) |
| 04/21/2023 | [406](#) | LETTER addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated April 21, 2023 re: Order directing status report (Dkt 404) and Receiver's status report (Dkt 405) and motion to unseal. Document filed by Vincent Wenyong Shi. (Attachments: # [1](#) Exhibit Email chain (filed under seal pending ruling), # [2](#) Exhibit Internet record re control of www.nq.com domain).(Maloney, Michael) (Entered: 04/21/2023) |
| 04/21/2023 | [407](#) | LETTER MOTION to Seal *for ruling directing that Exhibit 1 to Dkt. 406-1 be unsealed and publicly filed* addressed to Magistrate Judge Valerie Figueredo from Michael James |

| | | Maloney dated April 21, 2023. Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 04/21/2023) |
|---|---|---|
| 04/21/2023 | 408 | ***SELECTED PARTIES*** LETTER addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated April 21, 2023 re: for ruling directing that Exhibit 1 to Dkt. 406-1 be unsealed and publicly filed. Document filed by Vincent Wenyong Shi, Robert W. Seiden, Wayne Baliga. (Attachments: # 1 Exhibit Email chain)Motion or Order to File Under Seal: 407 .(Maloney, Michael) (Entered: 04/21/2023) |
| 04/24/2023 | 409 | MEMO ENDORSEMENT: on re: 407 LETTER MOTION to Sealfor ruling directing that Exhibit 1 to Dkt. 406-1 be unsealed and publicly filed. addressed to Magistrate Judge Valerie Figueredo from Michael James Maloney dated April 21, 202 filed by Vincent Wenyong Shi. ENDORSEMENT: The Receiver is directed to submit a letter by May 1, 2023, indicating whether he opposes the request to unseal Exhibit 1 to Shi's April 21, 2023 letter (ECF No. 406-1). SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 4/24/2023) (ama) (Entered: 04/24/2023) |
| 04/25/2023 | 410 | ORDER granting 356 Motion to Vacate 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. ; granting 356 Motion to Unseal; granting 356 Motion re: 356 MOTION to Vacate 329 Order on Motion to Seal,,, . MOTION to Unseal . MOTION relief from Order (dkt 329) denying in part motion to unseal Category 3 Documents (note agreement) re: 306 LETTER MOTION to Seal *UNSEAL* addressed to Magistrate Judge Valerie Figueredo from Rosanne E. Felicello dated 05/26/2022. For these reasons, Defendants' motion for relief is GRANTED. The Receiver is directed to file the Category 3 Documents on the public record in this action.2 The Receiver may submit to the Court, for in camera review, proposed redactions to the Category 3 documents for personal or privileged information, along with copies of the unredacted documents and a letter explaining the basis for the proposed redactions. Any proposed redactions should be submitted by no later than May 24, 2023. The Clerk of Court is directed to terminate the motion at ECF No. 356. SO ORDERED. (Signed by Magistrate Judge Valerie Figueredo on 4/25/2023) (rro) (Entered: 04/25/2023) |
| 05/01/2023 | 411 | ORDER SCHEDULING ORAL ARGUMENT: Oral argument in this matter with respect to Defendants' Supplemental Motion to Dismiss (see ECF No. 381) is hereby scheduled for Wednesday, May 24, 2023, at 10:00 a.m. in Courtroom 17-A, United States Courthouse, 500 Pearl Street, New York, New York. Oral Argument set for 5/24/2023 at 10:00 AM in Courtroom 17A, 500 Pearl Street, New York, NY 10007 before Magistrate Judge Valerie Figueredo. (Signed by Magistrate Judge Valerie Figueredo on 5/1/2023) (rro) (Entered: 05/01/2023) |
| 05/01/2023 | 412 | LETTER addressed to Magistrate Judge Valerie Figueredo from Amiad Kushner dated 05/01/2023 re: Receivers Letter in Response to Defendants Request for Unsealing Certain Documents. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 05/01/2023) |
| 05/02/2023 | 413 | ORDER granting 407 Letter Motion to Seal. Application Granted. Defendant Shi's request that ECF No. 406-1 be unsealed and publicly filed is GRANTED. Per ECF No. 412, the Receiver does not oppose this request. The Clerk of Court is directed to terminate the motion at ECF No. 407. SO ORDERED.. (Signed by Magistrate Judge Valerie Figueredo on 5/2/2023) (jca) (Entered: 05/02/2023) |
| 05/03/2023 | 414 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated May 3, 2023 re: Request for Order directing Receiver to cease and desist from selling assets. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Exhibit nq.com for sale, # 2 |

| | | |
|---|---|---|
| | | Exhibit Excerpt of LKM 2011 Form 20-F, # 3 Exhibit linkmotion.com for sale).(Maloney, Michael) (Entered: 05/03/2023) |
| 05/04/2023 | 415 | ORDER The Receiver is directed to respond to the letter filed by Vincent Wenyong Shi, dated May 3, 2023 (Dkt. No. 414) within five (5) days of the date of this Order. The Receiver's response shall not exceed three pages in length. SO ORDERED. (Signed by Judge Victor Marrero on 5/4/2023) (jca) (Entered: 05/04/2023) |
| 05/09/2023 | 416 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 5/9/2023 re: Receiver's Response to Defendant Shi's Letter Dated 5/3/2023. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit A to Receiver's Letter).(Seiden, Robert) (Entered: 05/09/2023) |
| 05/10/2023 | 417 | ORDER Defendant Vincent Wenyong Shi ("Shi") filed a letter alleging certain conduct by the Court appointed Receiver ("Receiver") regarding domain names owned by Link Motion, Inc. ("LKM") and affiliated entities. (Dkt. No. 414.) Per the Court's direction, the Receiver filed a response. (Dkt. No. 416.) The Court again declines Shis request to modify the Receiver Order to transfer control of LKM from the Receiver to the Board, unless and until either (1) the Receiver is discharged after the Courts approval of the accounting, or (2), and as previously stated (Dkt. No. 403), the parties stipulate to an agreed upon procedure. Further, the Court reaffirms its prior findings (see Dkt. Nos. 338, 364) that the Receiver maintains the authority to convene an Extraordinary General Meeting ("EGM") of the LKM Board provided that (1) Lilin "Francis" Guo appears at the EGM; and (2) it is convened prior to the Receiver's discharge. The Court also directs the Receiver to take reasonable measures to maintain control of the domain names at issue. To the extent it is applicable, Shi is directed to cooperate in this effort by providing the Receiver with any certificates or credentials necessary for the Receiver to execute the Court's directive. SO ORDERED. (Signed by Judge Victor Marrero on 5/10/2023) (jca) (Entered: 05/10/2023) |
| 05/18/2023 | 418 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 05/18/2023 re: Link Motion Inc.s extraordinary general meeting (EGM) notices. Document filed by Robert W. Seiden..(Seiden, Robert) (Entered: 05/18/2023) |
| 05/24/2023 | | Minute Entry for proceedings held before Magistrate Judge Valerie Figueredo: Oral Argument held on 5/24/2023 re: 411 Scheduling Order. (sjo) (Entered: 05/24/2023) |
| 05/24/2023 | 419 | LETTER addressed to Magistrate Judge Valerie Figueredo from Robert Seiden dated 5/24/2023 re: Receiver's Response to the Court's Order dated April 25, 2023. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibti A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Ehibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L).(Seiden, Robert) (Entered: 05/24/2023) |
| 05/25/2023 | 420 | NOTICE OF INTERLOCUTORY APPEAL from 417 Order,,,,,,. Document filed by Vincent Wenyong Shi. Filing fee $ 505.00, receipt number ANYSDC-27787002. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Maloney, Michael) (Entered: 05/25/2023) |
| 05/25/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 420 Notice of Interlocutory Appeal..(tp) (Entered: 05/25/2023) |
| 05/25/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 420 Notice of Interlocutory Appeal, filed by Vincent Wenyong Shi were transmitted to the U.S. Court of Appeals. (tp) (Entered: 05/25/2023) |
| 05/26/2023 | 421 | PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Affidavit Maloney Declaration, # 2 |

| | | Exhibit Ex A - Email, # 3 Exhibit Ex B - Notice of 1st EGM, # 4 Exhibit Ex C - Notice of 2d EGM, # 5 Appendix Memo of Law in Support).(Maloney, Michael) **Proposed Order to Show Cause to be reviewed by Clerk's Office staff.** (Entered: 05/26/2023) |
|---|---|---|
| 05/26/2023 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER TO SHOW CAUSE WITH EMERGENCY RELIEF. Document No. 421 Proposed Order to Show Cause With Emergency Relief, was reviewed and approved as to form. (tp)** (Entered: 05/26/2023) |
| 05/26/2023 | 422 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 5/26/2023 re: Receiver's Opposition to Defendant Shi's Order to Show Cause. Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2).(Kushner, Amiad) (Entered: 05/26/2023) |
| 05/26/2023 | 423 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated May 26, 2023 re: Request to enter amended Order to Show Cause temporarily restraining the Receiver and Mr. Guo. Document filed by Vincent Wenyong Shi. (Attachments: # 1 Text of Proposed Order Amended Proposed Order to Show Cause).(Maloney, Michael) (Entered: 05/26/2023) |
| 05/26/2023 | 424 | ORDER of USCA (Certified Copy) as to 420 Notice of Interlocutory Appeal, filed by Vincent Wenyong Shi. USCA Case Number 23-0827. Appellant moves for an emergency stay enjoining Robert Seiden, the court appointed temporary receiver for Defendant Link Motion Inc., from proceeding with any Emergency General Meetings of the shareholders of Link Motion Inc. IT IS HEREBY ORDERED that the motion is DENIED without prejudice to renewal after compliance with Rule 8 of the Federal Rules of Appellant Procedure. Appellant does not argue that compliance with Rule 8 by filing a motion for stay in the District Court would be impracticable; rather, Appellant essentially contends that the District Court is unlikely to grant the relief he seeks. The Order appealed from was entered May 10, 2023, giving Appellant adequate time to bring a motion in the District Court in the first instance, as required by the Rule. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Certified: 05/26/2023..(nd) (Entered: 05/26/2023) |
| 05/26/2023 | 425 | ORDER: it is ORDERED that Robert W. Seiden, the court appointed receiver ("Receiver") of Link Motion Inc. ("LKM") and the Receiver's agent in China, Francis "Lilin" Guo ("Guo") are temporarily enjoined from proceeding with any extraordinary general meetings ("EGMs") of the shareholders of LKM, including those noticed for May 30, 2023 and May 31, 2023 until further Order of this Court. The allegations raised by the Proposed Order to Show Cause are different in kind from those previously raised by defendant Vincent Wenyong Shi ("Shi"). The Receiver is directed to file a brief not to exceed 15 pages in lengthresponding to the allegations made in Shi's Proposed Order to Show Cause no later than Thursday, June 1, 2023 attaching any relevant documentary evidence, specifically with respect to the claims regarding Guo's expenses incurred in conjunction with the $1. 5 million Convertible Note and the Receiver's accounting thereof. SO ORDERED. (Signed by Judge Victor Marrero on 5/26/2023) (ama) (Entered: 05/26/2023) |
| 06/01/2023 | 426 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/24/2023 before Magistrate Judge Valerie Figueredo. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/22/2023. Redacted Transcript Deadline set for 7/3/2023. Release of Transcript Restriction set for 8/30/2023. (js) (Entered: 06/01/2023) |
| 06/01/2023 | 427 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 5/24/2023 has been filed by the |

| | | court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(js) (Entered: 06/01/2023) |
|---|---|---|
| 06/01/2023 | 428 | RELATED CASE AFFIRMATION of Lilin "Francis" Guo re: that this action be filed as related to Defendant's Shi's Order to Show Cause (ECF 421). Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4).(Kushner, Amiad) (Entered: 06/01/2023) |
| 06/01/2023 | 429 | RELATED CASE AFFIDAVIT of Matt Mathison re: that this action be filed as related to Defendant Shi's Order to Show Cause (ECF 421). Document filed by Robert W. Seiden. (Attachments: # 1 Exhibit Exhibit 1).(Kushner, Amiad) (Entered: 06/01/2023) |
| 06/01/2023 | 430 | OPPOSITION BRIEF re: 421 Proposed Order to Show Cause With Emergency Relief, *Receiver's Opposition Brief*. Document filed by Robert W. Seiden..(Kushner, Amiad) (Entered: 06/01/2023) |
| 06/02/2023 | 431 | LETTER addressed to Judge Victor Marrero from Michael James Maloney dated June 2, 2023 re: Request for leave to submit reply to Response filed by Receiver on June 1, 2023 (Dkt 428-430). Document filed by Vincent Wenyong Shi..(Maloney, Michael) (Entered: 06/02/2023) |
| 06/02/2023 | 432 | LETTER addressed to Judge Victor Marrero from Robert Seiden dated 6/2/2023 re: Receiver's Opposition to Defendant Shi's Letter. Document filed by Robert W. Seiden.. (Kushner, Amiad) (Entered: 06/02/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/05/2023 13:53:35 | | |
| **PACER Login:** | mj30183018 | **Client Code:** | 20011 |
| **Description:** | Docket Report | **Search Criteria:** | 1:18-cv-11642-VM-VF |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WAYNE BALIGA,

                    Plaintiff,

          - against -

LINK MOTION INC. (f/k/a NQ MOBILE
INC.), et al.,

                    Defendants.

---

**18 Civ. 11642 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

Presently before the Court is a motion by Defendant Vincent Wenyong Shi ("Shi") for a preliminary injunction against the court-appointed receiver, Robert Seiden ("Receiver"), restraining him from convening extraordinary general meetings ("EGMs") of the shareholders of Defendant Link Motion, Inc. (f/k/a/ NQ Mobile Inc.) ("LKM"). (See "Motion," Dkt. No. 276-6.)

On August 25, 2022, the Court issued a Decision and Order ("D&O") adopting Magistrate Judge Debra Freeman's Report and Recommendation in its entirety. See Baliga v. Link Motion, Inc., No. 18 Civ. 11642, 2022 WL 3699339 (S.D.N.Y. Aug. 25, 2022) (hereinafter, "D&O"). In the D&O, the Court ordered that, prior to ruling on Shi's Motion, the parties should address whether and to what extent the disappearance of a major LKM shareholder, Lilin "Francis" Guo ("Guo") -- who

1

requested the Receiver to convene the EGMs -- renders the Motion moot. See D&O at *7. The parties' additional briefing on the issue is now before the Court, (see "Shi Ltr.," Dkt. No. 334; "Receiver Ltr.," Dkt. No. 335; "Baliga Ltr.," Dkt. No. 336), and two issues remain. First, whether the Receiver maintains the authority to convene the EGMs. Second, whether the Receiver's position that the EGMs should not be convened until Guo can attend renders the Motion moot.

For the reasons stated below, the Court finds that the Receiver has authority to convene the EGMs. The Court also finds that because both Shi and the Receiver agree that the EGMs should not move forward at this time, Shi's Motion is moot. Finally, the Court orders that regardless of the Receiver's authority to do so, the EGMs shall be postponed until Guo reappears and can attend the meetings.

## I.  BACKGROUND

On February 3, 2022, the Receiver informed the Court that it had applied to the Grand Court of the Cayman Islands ("Cayman Court") to seek authority to convene EGMs. (See Dkt. No. 268.) On February 23, 2022, the Cayman Court approved the Receiver's application and "authorized [the Receiver] to call an extraordinary general meeting of the shareholders of the Company for the purpose of putting [] resolutions to the shareholders" regarding the appointment and removal of

certain directors of LKM, including Shi. ("Cayman Order," Dkt. No. 271-1 §§ 1.1-1.2.)

On March 9, 2022, Magistrate Judge Freeman issued a Report and Recommendation that, in relevant part, recommended that the Receiver be discharged after an accounting. See Baliga v. Link Motion Inc., No. 18 Civ. 11642, 2022 WL 2531535 (S.D.N.Y. Mar. 9, 2022) (hereinafter "R&R"). While Magistrate Judge Freeman explained that a discharge Order "does not mean that the Court must require the Receiver to halt all activities at once," she offered two additional recommendations. First, she recommended against "Shi be[ing] reinstated to his prior positions of Chairman of the Board . . . or that any other former Directors of the Company who may have been removed by the Receiver be ordered reinstalled." Id. at *19. Second, she recommended that the "Receiver be directed not to seek any extraordinary actions from the Company's Board, during the remaining period of the receivership, as the Receiver's work, during this time, should instead be focused on maintaining the Company's *status quo* and providing the accounting described above." Id. at *20.

On March 15, 2022, Shi moved for an order to show cause to temporarily enjoin the Receiver from convening EGMs during which LKM shareholders were to vote on the resolution to

3

remove and appoint directors, including Shi, to LKM's board. (See Motion.) Shi requested that the Receiver be restrained "from holding the EGM until at least (30) days after the Court's decision on objections to the Report & Recommendation." (Id. ¶ 38.) On March 16, 2022, the Court entered an order to show cause temporarily enjoining the Receiver from convening the EGMs. (See Dkt. No. 277). On March 22, 2022, the Receiver responded to Shi's Motion, and disclosed, for the first time, that Guo had requested that the Receiver convene the EGMs regarding the appointment and removal of certain LKM directors. (See Dkt. No. 285.) On April 5, 2022, the Court extended the temporary restraining order enjoining the Receiver from convening the EGMs until it entered a ruling on the objections to the R&R. (See Dkt. No. 298.) Then, on June 9, 2022, the Receiver informed the Court that Guo had disappeared and had been unreachable since April 2022. (See Dkt. No. 309.)

On August 25, 2022, the Court entered the D&O, adopting the R&R in its entirety. See D&O, at *1. The Court ordered the parties to provide additional briefing addressing the extent to which the disappearance of shareholder Guo impacted whether the Receiver can convene the EGMs to vote on the appointment and removal of the LKM directors. See Id. at *7-8.)

On September 7 and 8, 2022, the parties submitted additional briefing. (See Dkt. Nos. 334, 335, 336.) Shi argues that the EGMs should not be convened because the Cayman Order that gave the Receiver authority to call the EGMs has expired, and because the Court terminated the Receiver's authority to act on behalf of LKM, except for the limited purposes of preparing an accounting. (See generally Shi Ltr.) The Receiver argues that it maintains the authority to convene the previously noticed EGMs under the Cayman Order, but that the EGMs should not move forward unless and until Guo can attend. (See generally Receiver Ltr.) Plaintiff, Wayne Baliga ("Baliga"), asserts that Guo's disappearance has no impact on the Receiver's authority to convene the meeting, and adopts the Receiver's arguments on this issue. (See Baliga Ltr. at 1.) Unlike Shi and the Receiver, Baliga asserts that the EGMs should move forward. (Id. at 2.)[1]

## II.  **LEGAL STANDARD**

Four factors are required for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of hardships tips in the movant's favor;

---

[1] Baliga requests that the Court "grant the Receiver authority sufficient to grant U.S. investors the right to convert their ADRs in advance of the EGM." (Baliga Ltr. at 2.) The Court has already rejected Baliga's request to convert the American Depository Receipts and ordered that the "Receiver shall take no action regarding the conversion of the American Depository Receipts in LKM to common stock in LKM," See D&O at *8. The Court again rejects the invitation to order conversion of the shares. Id.

and (4) that a preliminary injunction serves the public interest. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). However, "[v]oluntary cessation is an important factor bearing on the question of whether a court should grant a preliminary injunction or consider the request moot." Abbott Labs v. Adelphia Supply USA, No. 15 Civ. 5826, 2015 WL 10906060, at *13 (E.D.N.Y. Nov. 6, 2015) (citing Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014)). The question is whether the record evinces "some cognizable danger of recurrent violation." Robert Stigwood Grp. Ltd. V. Hurwitz, 462 F.2d 910, 913 (2d Cir. 1972).

## III. DISCUSSION

The questions before the Court are narrow: (1) whether the Receiver, regardless of Guo's ability to attend, maintains the authority to convene the EGMs; and (2) whether the Receiver's position that it will not convene the EGMs until Guo can attend the meetings renders the Motion moot. Because the Court finds that the Motion is moot, it does not address the four preliminary injunction factors.

### A. THE RECEIVER'S AUTHORITY

First, the Court must decide whether the Receiver, regardless of Guo's presence, can convene an EGM. The Court finds that the Receiver has that authority. The Court's grant of authority to the Receiver was broad, providing the Receiver

with full authority "to do any acts to protect the status quo of the Company" including "removing, as the Receiver deems necessary or advisable, any director." ("Receiver Order," Dkt. No. 26 ¶ II.2(b).) While the Court acknowledges that the Cayman Court did not recognize the Receiver's power to appoint or replace a director of LKM (see Dkt. No. 132-1 at 2), the Cayman Court later provided the Receiver with the explicit authority to convene the EGMs that would allow LKM's shareholders to vote on the same (see Cayman Order at §§ 1.1-1.2). Thus, the Court concludes that the Receiver had the authority, initially, to issue the notices convening the EGMs.

Next, the Court must address whether the Receiver's authority to convene the EGMs remains valid. To that end, Shi argues that under LKM's corporate by-laws, the Receiver's authority to convene the EGMs expired in June 2022. Shi argues the Receiver's authority expired because Guo requested that the Receiver convene the meetings, and the by-laws require that an EGM requisitioned by a shareholder be held within three months' time; Shi says that time has since passed. (See Shi Ltr. at 1 (citing "LKM By-laws," Dkt. No. 130-3 ¶ 55(d)).) The Receiver counters the time-bar has no effect because it applies only to EGM's called upon a shareholder requisition to LKM's directors, which did not occur here. (See Receiver

Ltr. at 2 n.2.) The Court is persuaded that the time-bar does not apply.

The LKM By-laws establish two different paths for calling an EGM.[2] First, "[t]he Directors may call general meetings" on their own accord. (LKM By-laws ¶ 55.) Second, the Directors also "shall on a Members requisition forthwith proceed to convene an extraordinary general meeting of the Company." (Id.) After a "Members requisition," the Directors are allowed "21 calendar days from the date of the deposit of the requisition" to convene the EGM, and that EGM must be "held within a further 21 calendar days." (Id. ¶ 55(d).) After the second 21-day period passes, the requisitioning parties may themselves convene a general meeting" and that meeting must be convened within "three months," from the end of the second 21-day period. (Id.) The Court agrees with the Receiver's assertion that no such temporal limitation is implicated when a Director calls for a general meeting. The provision of two different means for calling an EGM is bolstered by the LKM By-laws, which also require that any EGM convened by the requisitioning parties must be convened "in

---

[2] The by-laws use the terms "general meeting" and "extraordinary general meeting" interchangeably. (See Dkt. No. 130-3 ¶ 53 ("All general meetings of the Company other than annual general meetings shall be called extraordinary general meetings.").)

the same manner as nearly as possible as that in which general meetings are to be convened by Directors." (Id.)

In its response to the Motion, the Receiver notified this Court and, previously, the Cayman Court, that Guo was "unable to requisition an extraordinary general meeting." (See Dkt. No. 285 at 5; Dkt. No. 285-3 ¶¶ 15-17.) The parties do not dispute that point here. As such, any EGM that the Receiver sought to convene following Guo's request is not made "on a Members requisition," and is thus more akin to a Director calling the meeting, meaning the temporal aspects of paragraph 55(d) of the LKM By-laws would not apply. Accordingly, the Court finds that the Receiver's authority to convene the EGMs is not subject to the time limitations of paragraph 55(d) of the LKM By-laws.

Next, the Court addresses whether Guo must be present at the meeting. Nothing in the parties' briefing, the LKM By-laws, or the Cayman Order indicates that Guo's attendance is necessary to convene the EGMs. The Receiver indicates only that Guo's attendance is preferred. (See Receiver Ltr. at 3.) The Court finds that the EGMs could move forward without Guo.

Finally, the Court finds that the Court's adoption of the R&R, which discharges the Receiver upon a final accounting, does not nullify the Receiver's ability to call the EGMs. In the D&O, the Court enumerated Magistrate Judge

Freeman's "overarching recommendations," which it would adopt. See D&O, at *3. One of those recommendations was to "direct that the Receiver not be required to unwind any activities that have already been taken on the Company's behalf, but, at the same time, direct that the Receiver not seek any extraordinary actions from the Company's Board, during the remaining period of the receivership." Id. This provision looks backwards, to activities the Receiver has already undertaken, and forward, asking the Receiver to focus its efforts on the accounting.

By the time Magistrate Judge Freeman had issued the R&R on March 9, 2022, the Receiver had already set in motion its plan to convene the EGMs. First, the Receiver had already put the Court on notice of its intent to seek from the Cayman Court the authority to convene the EGMs. (See Dkt. No. 268, dated February 3, 2022.) Second, the Receiver had already been granted the authority to notice the EGMs via the Cayman Order. (See Cayman Order, dated February 23, 2022) And third, the Receiver had already issued the notices to LKM's shareholders regarding the resolutions to appoint and remove certain LKM directors that would be addressed at the EGMs. (See Dkts. Nos. 276-2, 276-3, both dated March 4, 2022.) Because the Receiver's attempts to convene the EGMs were already underway prior to the time the R&R was issued, the

Court finds its adoption of the R&R (which does not require the Receiver to unwind actions already taken (see D&O, at *3)) allows the Receiver to maintain its authority to convene the EGM's until the Receiver is discharged, after providing its full and final accounting. And the Receiver maintains the authority to convene the EGMs regardless of Guo's attendance.

### B. SHI'S MOTION

With the Receiver's authority settled, the Court must now decide whether Shi's Motion to enjoin the EGMs from being convened is moot. Although the Court finds the Receiver maintains the authority to convene the EGMs, the Receiver has affirmed it will not do so until Guo can be located. The Receiver's position on behalf of himself thus moots Shi's Motion. The issue Shi complains of is also not likely to recur in the near future because the Court also orders that the EGMs shall be postponed unless and until Guo reappears and can attend, ensuring that the Receiver maintains its position on when the EGMs can be convened.

Shi's Motion is temporally limited. Shi requested that the Receiver be restrained "from holding the EGM until at least (30) days after the Court's decision on objections to the Report & Recommendation." (Dkt. No. 276-1 ¶ 38.). The Court issued that decision, the D&O, on August 25, 2022, meaning that Shi's Motion requests that the EGMs not be

convened before at least September 24, 2022, which is imminently approaching.

Further, Shi and the Receiver agree that the EGMs should not be convened in the immediate future, albeit for different reasons. Shi argues the EGMs should not be convened due to the Receiver's lack of authority, arguments the Court disposes of above. (See Shi Ltr. at 1-2.) The Receiver argues that if Guo (who has forty percent of the vote) cannot attend the EGMs the shareholders' ability to pass the resolutions regarding the appointment or removal of the certain directors is impacted, and that holding the EGMs without Guo could also lead to conflicts of interest should Shi (who would be considered for removal) preside over the EGM. (Receiver Ltr. at 3.)

Despite the difference in reasons, the Court is persuaded that the agreement between Shi and the Receiver that the EGMs should not move forward at this time is sufficient to moot the issue. According to the Receiver, Guo has been unreachable since April 2022. The Court finds that it is unlikely that Guo will reappear in the short term such that the EGMs could be convened within 30 days of the entry of the D&O (i.e., September, 24, 2022). Because no EGM will be held within this time period, Shi's Motion to enjoin the Receiver from convening the EGMs is moot.

## IV.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that Defendant Wenyong Shi's Motion to enjoin the Receiver from convening extraordinary general meetings of the Link Motion, Inc. shareholders to vote on resolutions to remove and appoint directors of the Link Motion, Inc. board (Dkt. No. 276) is **DENIED AS MOOT**; and it is further

**ORDERED** that the extraordinary general meetings sought to be convened by Robert W. Seiden ("Receiver") shall be postponed until Lilin "Francis" Guo ("Guo") can attend the meetings, provided that Guo reappears prior to the full discharge of the Receiver's authority, following its provision of a full accounting of the receivership's activities; and it is further

**ORDERED** that within seven (7) days of the date of this order, the parties and the Receiver shall file separate letters, not to exceed three pages, that address the following: (1) whether the LKM Board's decision to meet in early September 2022 violates any of the Court's orders in this matter; and (2) the extent of the Court's jurisdiction to address (a) any purported violations of the Court's orders by the LKM Board and (b) the LKM Board's ability to meet.

**SO ORDERED.**


Dated:      September 15, 2022
            New York, New York

                                        _____
                                              Victor Marrero
                                               U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WAYNE BALIGA,

                              Plaintiff,

               - against -

LINK MOTION, INC. et al.,

                              Defendants.

---

**18 Civ. 11642 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

     Presently before the Court is a proposed Order to Show Cause ("OSC") by defendants Link Motion, Inc. ("LKM") and Vincent Wenyong Shi ("Shi") (together "Defendants") against the court-appointed receiver, Robert Seiden ("Receiver"), seeking — again — to enjoin the Receiver from convening certain extraordinary general meetings ("EGMs") of the LKM shareholders. (See Dkt. No. 361 & "OSC Motion," Dkt. No. 361-4.)

     The OSC Motion seeks emergency relief and requests that the Court immediately enjoin the Receiver from convening the EGMs. It also moves the Court under Federal Rule of Civil Procedure 60(b) to reconsider its September 15, 2022 order. (See "September 15 Order," Dkt. No. 338.) The September 15 Order denied as moot Defendants' previous motion for a preliminary injunction seeking to restrain the Receiver and ordered that the Receiver could not convene the EGMs unless

1

and until Lilin "Francis" Guo ("Guo") (a major LKM shareholder who has disappeared) could attend. The September 15 Order concluded that the issue was moot because both Defendants and the Receiver agreed that the EGMs could not move forward in the short term. (See September 15 Order at 12.) Because the Court concluded that the issue was moot, it declined to assess the four preliminary injunction considerations (see September 15 Order at 6) but, because the parties also separately disputed the Receiver's general authority to convene the EGMs, the Court assessed the propriety of those claims and ruled on the issue.

Defendants now contend that "newly discovered evidence" — including the Receiver's notice to the Court that Guo would reappear "in the next 30-60 days" and certain letters the Receiver recently filed unsealed, (see Dkt. Nos. 340-348, 351.) — makes the dispute a live controversy and asks the Court to reconsider three issues: (1) whether the four preliminary injunction considerations weigh in Defendants' favor; (2) whether the Receiver retains the authority to convene the EGMs; and (3) whether the time to convene the EGMs has expired under the LKM by-laws. Defendants alternatively renew their request to restrain the Receiver from convening the EGMs. The Court is not persuaded that Defendants are entitled to the requested relief and reaffirms

its conclusions from the September 15 Order. The Court DENIES Defendants' requests.

## I.    LEGAL STANDARD

The OSC Motion is, at bottom, a motion for reconsideration under Federal Rule of Civil Procedure 60(b) and Local Civil Rule 6.3, which is "intended to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" SEC v. Ashbury Capital Partners, L.P., No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001) (quoting Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)). When assessing a motion for reconsideration, a district court must "narrowly construe and apply" Local Rule 6.3 to "avoid duplicative rulings on previously considered issues" and to prevent the rule from being used to advance theories not previously argued or as "a substitute for appealing a final judgment." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); see also Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000). Accordingly, the Second Circuit has held that the standard for granting a motion to reconsider "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (noting that reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple" (internal quotation marks omitted)).

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir.

4

2009) (quoting <u>Nemaizer v. Baker</u>, 793 F.2d 58, 61-62 (2d Cir. 1986)).

## II.  **DISCUSSION**

### A.   DEFENDANTS' REQUEST FOR AN INJUNCTION

Defendants urge the Court to reconsider its previous denial of the preliminary injunction and seek a new temporary restraining order ("TRO") and preliminary injunction barring the Receiver from convening the EGMs. The Court handles the dual requests as one.

"It is well established in this Circuit that the standard for entry of a TRO is the same as for a preliminary injunction." <u>Andino v. Fischer</u>, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Generally, to obtain a preliminary injunction, a movant must demonstrate (1) likelihood of success on the merits; (2) irreparable harm; (3) that the balance of hardships tips in the movant's favor; and (4) that a preliminary injunction serves the public interest. <u>See Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).

As to the first consideration, Defendants argue that they are likely to succeed on the merits because, in its August 25, 2022 Decision and Order adopting Magistrate Judge Freeman's Report and Recommendation (<u>see</u> "D&O," Dkt. No. 331), the Court approved the eventual discharge of the Receiver, "[t]hus, the power of the Receiver must [] be

terminated." (See OSC Motion at 12.) The Court disagrees. As explained in the September 15 Order, and reaffirmed here, the Court's D&O did "not nullify the Receiver's ability to call the EGMs" because the Receiver was not "required to unwind any activities that have already been taken on the Company's behalf." (September 15 Order at 9-10.) The Receiver maintains its authority, which the Cayman Court granted, until it is fully discharged upon this Court's approval of its final accounting, which has not occurred. (See Dkt. No. 359 (ordering schedule for approval of accounting).) Thus, and as explained in more detail below, the Receiver can convene the EGMs, but may not do so until Guo reappears and can attend. As a result, Defendants have not established they would succeed on the merits and the first preliminary injunction consideration does not weigh in their favor.

The second consideration is irreparable harm. "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transport Mahno AB v. Wabtec Corp., 559 F.3d 110, 116 (2d Cir. 2009). "The movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995).

Here, Defendants argue that "[i]f the EGMs are allowed to go forward as drafted, the Original Investors will suffer irreparable harm," thus the Court should "enjoin the EGMs to protect the Original Investors." (OSC Motion at 12.) Defendants define the Original Investors as the "26 registered shareholders of [LKM]." (OSC Motion at 2 (citing Dkt. No. 130-1).) LKM and Shi are not among the Original Investors, and none of the Original Investors are parties to this action.[1] (See Dkt. No. 130-1.) An "alleged harm to third parties d[oes] not provide [Defendants] a basis for a preliminary injunction." See Moore v. Consolidated Edison Co. of N.Y., Inc., 409 F.3d 506, 512 (2d Cir. 2005). Other than on behalf of the Original Investors, Defendants do not claim that they themselves would be irreparably harmed by the EGMs moving forward. Thus, the Court finds that Defendants fail to establish irreparable harm on that ground alone.

But even if the Court ignored that fatal defect, the purported injury Defendants insist the Original Investors face must also be actual and imminent. Here, the harm is both speculative and remote. Defendants claim that the Receiver and Guo "expropriated 40% of the total voting power" through a Note Agreement that Defendants allege "likely violates New

---

[1] The Court previously denied a motion to intervene by Original Investor, China AI Capital Limited. (See Dkt. No. 163.)

York's usury laws."[2] (OSC Motion at 12-13.) Yet, Defendants concede that there is "no evidence" regarding the consideration that Guo paid, save for, potentially, the Note Agreement that remains under seal.[3]

The harm that Defendants identify — that "the Original Investors will be unable to exercise the voting power they had before the appointment" of Guo at the EGMs (OSC Motion at 13) — depends, first, on Guo having obtained his voting power inappropriately, and second, a lack of consensus between Guo and the Original Investors on the composition of the LKM Board. Defendants must march through a parade of hypotheticals to establish this purported harm, revealing that it is speculative. First, the Note Agreement must be unsealed. Next, it must show what Defendants claim it shows, that Guo did not pay fair consideration for his shares. Then, a court would have to consider whether that violated New York usury laws. If all of that were true, then it is possible that convening the EGMs could harm the Original Investors. But that, too, is a red herring. For even if Guo's voting power was obtained inappropriately, there is nothing in the

---

[2] The Court previously reviewed and approved the compensation incentive agreement and promissory note that Defendants now claim is usurious. (See Dkt. No. 71.)

[3] Defendants have moved the Magistrate Court to unseal the Note Agreement and the dispute is currently pending. (See Dkt. No. 360.)

record establishing how all the Original Investors may vote. Indeed, they may very well agree with Guo. And, if all the Original Investors did disagree, and Guo retained his voting power, it is also certainly plausible the Original Investors could coalesce and overpower Guo, who, with only 40 percent of the vote, appears to lack the power to ratify any resolution by himself. In either setting, the Original Investors incur no harm. And neither is certain to occur: how the EGMs would play out, and what the Original Investors would do is not presented to the Court. Defendants thus fail to establish the purported harm is actual.

The purported harm is also not imminent. The Receiver does not know for certain when, exactly, Guo will reappear. The Receiver's letter states that an unidentified "Individual . . . believes Mr. Guo is in Hainan and will reappear in the next 30-60 days" but also that "Mr. Guo's reappearance may be delayed because of current Covid lockdowns in Hainan." (Dkt. No. 351 at 1.) The Receiver further expressed hesitation as to the "authenticity of the Individual's statements and the documents provided." (Id.)[4]

---

[4] On October 4, 2022, after Defendants filed the OSC Motion, the Receiver provided an update from the unidentified "Individual" indicating that "Guo is now estimated to re-appear by the end of October 2022," which falls within the initial time range the Receiver provided. (Dkt. No. 363.) The Receiver continues to express hesitation as to the "veracity of the Individual's statement." (Id.)

The September 15 Order makes clear that the EGMs "shall be postponed until [Guo] can attend the meetings." (September 15 Order at 13.) Consequently, when Guo will reappear remains hazy at best, rendering any purported injury remote.

The remaining considerations, both of which are neutral, do not outweigh the first two. The Court finds that the balance of the hardships favors neither party. While the Receiver's authority to take new actions has been limited, the notice of the EGMs was made by the Receiver prior to the Court's report and recommendation and D&O, and the Receiver is not required to unwind those activities. Defendants do not allege they would incur a hardship, and any hardship to the Original Investors is speculative. And finally, as stated, what harm the Original Investors may suffer is abstract, and thus the Court finds that the last consideration (whether the injunction is in the public interest) is neutral. Accordingly, the Court denies Defendants' request for reconsideration and their new request for a TRO and preliminary injunction.

    B.   THE RECEIVER'S AUTHORITY

Defendants also argue that the Court should reconsider its conclusions as to (1) the Receiver's authority to convene the EGMs; and (2) the timeline on which the EGMs must be convened. On these issues, Defendants aver that the Court

10

issued an advisory opinion in the September 15 Order. Defendants say that because the Court determined that the preliminary injunction was moot, the issue of the Receiver's authority was not "an 'issue ripe for judicial resolution,' [because] the arguments regarding authority and the application of Article 55 were 'mere hypothetical question[s]' about what would happen if Guo reappeared." (See OSC Motion at 15.) Not so. First, the Receiver's authority to convene the EGMs was a separate issue from whether the EGMs should move forward. The Court's finding of mootness was limited to the parties' agreement that the EGMs could not move forward in the short term. (See September 15 Order at 12.) The parties vigorously disputed the Receiver's authority under the Cayman Court's order and the Company's by-laws, making that issue a live controversy and thus appropriate for the Court to address.

Second, an issue "is not moot if the underlying dispute between the two parties is 'capable of repetition, yet evading review.'" See Irish Lesbian and Gay Org. v. Giuliani, 143 F.3d 638, 648 (2d Cir. 1998) (quoting Neb. Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976)). The September 15 Order established that the issue of the Receiver's authority to convene the EGMs was likely to recur; indeed, the Court ordered that the EGMs could eventually move forward if Guo

11

reappeared. (See September 15 Order at 13.) And Defendants'
filing of the OSC Motion proves that the dispute was likely
to recur and thus is now, as it was before, a
"live . . . controversy" ripe for judicial review. Id. Thus,
it was proper for the Court to address the issue in the
September 15 Order.

The Court reached the correct conclusions in the
September 15 Order and Defendants fail to "point to
controlling decisions or data that the court overlooked" that
would "alter the conclusion[s] reached." Shrader, 70 F.3d at
257. Thus, the Court reaffirms its decisions here. Indeed,
Defendants' OSC Motion rehashes many of the same arguments
regarding the effect of the D&O on the Receiver's authority
that the Court previously considered and rejected. (See OSC
Motion at 15-19.) Defendants argue that the Receiver lacks
authority to convene the EGMs. They contend that the Cayman
Court order granting that authority was issued prior to the
Court's D&O discharging the Receiver upon completion of its
accounting such that the Receiver's authority is terminated.
(Id. at 15-17.) As explained above and in the September 15
Order, the D&O did not require the Receiver to "unwind any
activities that have already been taken on the Company's
behalf." (September 15 Order at 10 (quoting D&O at 7).) And
the Receiver had already taken action to convene the EGMs

before either the Report and Recommendation or D&O were entered. Accordingly, the Court reaffirms its finding that the Receiver maintains its authority, until fully discharged after its accounting, to convene the EGMs.

Defendants also rehash their argument that the time to convene the EGMs has expired under Article 55(d) of the LKM by-laws. (See OSC Motion at 18-19; see also "LKM By-Laws," Dkt. No. 130-3.) Defendants argue that the "facts here fall under the 'requisition' provision of Article 55 of the Company's governing documents" because "it was Guo — acting as a shareholder — who requested the EGMs." (Id.) The Court remains unpersuaded.

As recognized in the September 15 Order (and which remains unrebutted here), the Receiver informed this Court and the Cayman Court that "Guo [is] 'unable to requisition an extraordinary general meeting.'" (September 15 Order at 9 (citation omitted).) Defendants nevertheless continue to contend that the EGMs are transformed into a requisitioned meeting because the Receiver was "acting at the request of Guo." (OSC Motion at 18.) A mere request to the Receiver by Guo, without more, does not satisfy Article 55's formalities, and Defendants' argument fails.

To qualify as an EGM called upon a shareholder requisition, the requisitioning member(s) must hold "at the

date of the deposit of the requisition not less than one-third in par value of the share capital of the Company." (LKM By-Laws ¶ 55(b).) It is not disputed that Guo holds only "approximately 13% of the par value of all issued shares" and thus cannot requisition the meeting by himself. (Dkt. No. 285-3 ¶ 17.4.) Thus, Guo's request was not a formal requisition and the time limits of Article 55(d) do not apply. The Court thus reaffirms its conclusions in the September 15 Order as to the Receiver's authority to convene the EGMs and the timeline on which they may be convened.

### III. <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that the defendants', Link Motion, Inc. and Wenyong Shi (together "Defendants"), proposed Order to Show Cause is **DENIED**; and it is further

**ORDERED** that Defendants' renewed request for a temporary restraining order and preliminary injunction is **DENIED**; and it is further

**ORDERED** that Robert Seiden ("Receiver") maintains the authority to convene the extraordinary general meetings ("EGMs") and may do so provided that Lilin "Francis" Guo ("Guo") reappears and is able to attend the EGMs, and that the EGMs are convened prior to the Court's approval of the

Receiver's accounting, which results in the Receiver's discharge.

**SO ORDERED.**

Dated:      October 5, 2022
            New York, New York

_____
                    Victor Marrero
                    U.S.D.J.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2022

WAYNE BALIGA,

                            Plaintiff,

            - against -

LINK MOTION, INC. et al.,

                            Defendants.

**18 Civ. 11642 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Before the Court is a dispute regarding whether a meeting held by the Board of Directors of defendant, Link Motion, Inc. ("LKM") violates certain orders this Court issued in this action (hereinafter, "Baliga"). Through other filings in this and a related matter, (see 18 Civ. 11642, Dkt. Nos. 335 at 3 n.4, 336; 21 Civ. 10911, Dkt. Nos. 23, 27), the parties notified the Court that the LKM Board of Directors convened a meeting on or about September 1, 2022 to vote on whether to hire legal counsel to assume control over the related suit brought by LKM investor China AI Capital Limited ("China AI"). The parties dispute the propriety of the Board's actions and ask the Court to restrain the Board from taking further action.

As background, China AI brought a derivative suit against DLA Piper LLP ("DLA Piper"), LKM's original counsel in Baliga, for alleged legal malpractice. See China AI Capital

1

Ltd. v. DLA Piper (US) LLP, No. 21 Civ. 10911 (S.D.N.Y.)
("China AI"). After the LKM Board voted, China AI moved to
voluntarily dismiss its case against DLA Piper (see 21 Civ.
10911, Dkt. Nos. 22, 23). In opposing the form of China AI's
notice of voluntary dismissal, DLA Piper advised the Court
that LKM had already refiled the malpractice suit in New York
State Court. (See 21 Civ. 10911, Dkt. No. 27 at 1.) With the
dispute coming to a head, the Court issued orders on September
14 (see 21 Civ. 10911, Dkt. No. 29) and September 15 (see 18
Civ. 11642, Dkt. No. 338) directing the parties to brief "(1)
whether the LKM Board's decision to meet in early September
2022 violates any of the Court's orders in Baliga; and (2)
the extent of the Court's jurisdiction to address (a) any
purported violations of the Court's orders by the LKM Board
and (b) the LKM Board's ability to meet."[1] (See, e.g., id.)
This dispute is now ripe for adjudication.

Plaintiff in this action, Wayne Baliga ("Baliga"), the
court-appointed receiver, Robert Seiden ("Receiver"), and DLA
Piper argue that the LKM Board's decision to meet violated
the following Court orders in Baliga: (1) the Order Appointing

---

[1] The Court asked an additional question of the parties in China AI
regarding removal of the state court action to federal court. (See 21
Civ. 10911, Dkt. No. 29.) That action has since been removed to federal
court and related to the Baliga action. (See Link Motion, Inc. v. DLA
Piper (US) LLP, No. 22 Civ. 8313, Dkt. No. 1 and Oct. 5, 2022, minute
entry accepting case as related.)

the Temporary Receiver ("Receiver Order," Dkt. No. 26 § II),
Magistrate Judge Debra Freeman's March 9, 2022 Report and
Recommendation ("R&R," Dkt. No. 275), and this Court's August
25, 2022 Decision and Order adopting the R&R in its entirety
("D&O," Dkt. No. 331) (together with the Receiver Order and
the R&R, the "Orders"). (See "Receiver Ltr.," 18 Civ. 11642,
Dkt. No. 350; "Baliga Ltr.," 18 Civ. 11642, Dkt. No. 352;
"DLA Piper Ltr.," 21 Civ. 10911, Dkt. No. 31.) Baliga, the
Receiver, and DLA Piper also assert that the Court should
exercise ancillary jurisdiction over the issue to "manage its
proceedings, vindicate its authority, and effectuate its
decrees." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
375, 380 (1994).

LKM and China AI counter that after the Court's D&O
dissolved the preliminary injunction and began the process of
discharging the Receiver, the LKM Board was free and "had a
duty to" meet and act on behalf of LKM with respect to the
China AI matter. (See "LKM Ltr.," 18 Civ. 11642, Dkt. No. 353
at 2; "China AI Ltr.," 21 Civ. 10911, Dkt. No. 33.) LKM and
China AI also contest the Court's jurisdiction over the
Board's ability to meet as being outside the scope of the
operative pleadings (see LKM Ltr. at 3), and that disputes
regarding Board operations are a matter of Cayman Islands law
under the internal affairs doctrine (see China AI Ltr. at 3).

For the reasons stated below, the Court finds that it has jurisdiction over this dispute and the LKM Board's actions and concludes that the LKM Board's decision to meet and act under the circumstances presented here was premature because the Receiver has not yet been fully discharged. Accordingly, the Court orders that the LKM Board shall not convene and vote to take any new actions that have not been directed by the Receiver until the Receiver has been fully discharged.[2]

## I.  DISCUSSION

### A.  JURISDICTION

The Court has ancillary jurisdiction over this dispute. Ancillary jurisdiction "allows a district court to decide matters that are 'factually interdependent' with another matter before the court." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). Generally, ancillary jurisdiction "enable[s] a court to function successfully, that is, to manage it proceedings, vindicates its authority, and effectuate its decrees." Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006) (citation omitted); see also Kokkonen, 511 U.S. at 379-80 (explaining that ancillary jurisdiction is properly asserted "(1) to permit disposition by a single court

---

[2] The Receiver will be fully discharged after the Court approves of its accounting. The Court entered a schedule for the Receiver's accounting on September 29, 2022 and referred the issue to Magistrate Judge Figueredo. (See 18 Civ. 11642, Dkt. Nos. 359 & 362.)

of claims that are, in varying respects and degrees factually interdependent; and (2) to enable a court to function successfully.").

Here, the Court's ancillary jurisdiction derives mainly from its authority to manage its proceedings and effectuate its previous orders, including the Receiver Order, the R&R, and the D&O. To begin, the Receiver Order authorized the Receiver to "assume full control of the Company" and prevent "any director, officer . . . or agent of [LKM], including any Individual Defendant, from [having] *control of, management of, or participation in, the affairs of the Company*." (Receiver Order § II.2(b) (emphasis added).)[3] The Receiver Order also conferred upon this Court "jurisdiction to interpret, construe, and enforce this Order, and any such other or further Orders of this Court." (Id. § 13.) Accordingly, assessing the Board's recent actions is factually interdependent with interpreting and enforcing the Receiver Order, which remains operative per the R&R and D&O, so deciding this issue "enables [this Court] to administer

---

[3] The Grand Court of the Cayman Islands ("Cayman Court") recognized all of "the powers and functions granted to the US Receiver under the Receivership Order," except for one clause of Section II.2(b), which granted the Receiver authority "to appoint or replace . . . any such director[] [or] officer[.]" (See "Cayman Order," 18 Civ. 11642, Dkt. No. 132, Exh. 1 (referencing Receiver Order § II.2(b)).)

justice within the scope of its jurisdiction." <u>Levitt v. Brooks</u>, 669 F.3d 100, 103 (2d Cir. 2012) (citation omitted).

China AI posits that the "propriety of meetings of the Board is a matter of Cayman Islands law pursuant to the internal affairs doctrine" and should be "presented to the courts of the Cayman Islands to decide based on argument presented by Cayman Island attorneys." (China AI Ltr. at 3.) The Court sees no reason to have the parties expend additional resources to bring this issue before the Cayman Court. The Cayman Court has already approved of the Receiver Order and its explicit conferral of jurisdiction to this Court.

China AI's reference to the internal affairs doctrine does not sway the Court's opinion. The internal affairs doctrine is a choice of law rule that "recognizes that only one State should have the authority to regulate a corporation's internal affairs — matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands." <u>Drenis v. Haligiannis</u>, 452 F. Supp. 2d 418, 427 (S.D.N.Y. 2006) (citation omitted).

Here, the Court does not choose between competing jurisdictions' laws. It determines only whether the Board's actions complied with the Court's previous Orders. And LKM

will not face "conflicting demands." The Cayman Court ratified the Receiver Order and the Receiver as the entity controlling LKM's internal affairs. Consequently, because the Receiver Order and Receiver control LKM's internal affairs, and this Court has jurisdiction over enforcement of the Receiver Order, the Court has jurisdiction over the Board's actions.

B.  THE LINK MOTION INC. BOARD'S MEETING

As established above, the Receiver Order gave the Receiver control over LKM's affairs. All the parties, including LKM and China AI, understood that was the case before August 25, 2022, and that the Receiver's authority, which in both substance and effect is temporary, would eventually dissolve. The dispute centers on what point in time the Board is freed from the Receiver's restraints. China AI and LKM assert that it is the date effecting the "dissolution of the preliminary injunction[] [that gave] the Board [] free[dom] to . . . make its own decisions . . . without oversight by the Receiver." (LKM Ltr. at 1; China AI Ltr. at 1.) China AI and LKM identify that date as August 25, 2022, the date of the Court's D&O.

Baliga, DLA Piper, and the Receiver counter that the proper date is when the Receiver is discharged, which has not yet come to pass. (See, e.g., DLA Piper Ltr. at 1 (arguing

that "[w]hile the Preliminary Injunction was recently lifted, the powers granted to the Receiver in the Receiver[] Order remain until the Receivership is dissolved.").)

The Court agrees with Baliga, DLA Piper, and the Receiver. The plain language and intent of the Court's Orders establish that the LKM Board cannot act on its own until the Receiver is fully discharged. The Court's lifting of the preliminary injunction does not alter that conclusion. To understand why, the Court examines the preliminary injunction order (see "PI Order," 18 Civ. 11642, Dkt. No. 26 § I) and the effect of its dissolution.

The PI Order and the Receiver Order, although issued together, are independent. The PI Order itself was bifurcated into forwards- and backwards-looking sections. And only the PI Order was lifted on August 25, 2022. The temporal differences in the PI Order illustrate why the Board's power to take new action has not yet been restored.

The first PI Order section acted prospectively. It restrained the Board from "transferring, liquidating, dissipating, assigning, and/or granting a lien or security interest or other interest in, any assets belonging to Link Motion." (PI Order § I.1.) In contrast, the next section looks backwards. It required the Board to take "corrective actions" to resolve issues already existing, including removing

Vincent Wenyong Shi from "oversight of [a pending] dispute and arbitration," and ensuring that "litigation or arbitration matters are directed and controlled by the Company's lawyers, the appointed Receiver, and/or the non-conflicted board members as directed by the Receiver."[4] (Id. § I.2.) In other words, it transferred direction of already pending disputes to the Receiver.

LKM and China AI point to the latter clause, ensuring that "litigation or arbitration matters are . . . directed by the Receiver," as indicating that, once the injunction was lifted, the Board was free to control and direct new litigation. The Court disagrees. That clause relates only to retrospective "corrective actions," such that the "litigation or arbitration matters" affected must be only those that were already pending at the time the injunction was entered. So, while the dissolution of the PI Order means the Board could have control over litigations or arbitrations filed pre-February 2019, it would not authorize them to vote to file new litigation.[5]

---

[4] The other backwards-looking "corrective actions" were "(i) restor[ing] the Company's compliance with the New York Stock Exchange's stock listing requirements; (ii) restor[ing] the ownership of the Company's smart ride businesses . . . ; [and] (iii) restor[ing] the Company's senior position in the underlying assets of [certain business]." (18 Civ. 11642, Dkt. No. 26 § I.2.)

[5] The Court is aware of only one pre-February 2019 matter, other than this action, that remains pending: an action in state court in Texas. See Matthew Mathison v. Link Motion US Inc., No. DC-18-18474 (191st Judicial

The PI Order can be harmonized with the Receiver Order,
which gives explicit authority to the Receiver to take on new
litigation. The Receiver Order provides that the "Receiver
shall have the power to commence, continue, join in, and/or
control any action . . . in the name of the Company."
(Receiver Order § II.2(e).) This language is forward looking.
And the R&R, as adopted by the Court, further establishes
that the Board's powers to act prospectively are not yet
restored. Most explicitly, the R&R recommended, and the Court
endorsed, that the "current Board [would] be free to take
whatever business actions it deems in the Company's interest"
only "[o]nce the Receiver's discharge is effected." (Id.)
China AI and LKM do not address this aspect of the R&R.

Of course, the Receiver has not yet been discharged.
When the Court adopted the entirety of the R&R, it approved
the recommendation that the Receiver not be discharged
immediately. (See R&R at 1 ("[N]or do I recommend that the
Receiver be discharged immediately.") The Receiver will not
be discharged until its accounting is complete and approved
by the Court, a process just getting underway. (See 18 Civ.
11642, Dkt. No. 359 at 2.) When the LKM Board met in early

District, Dallas County). But LKM took no action in that case until
February 19, 2019, when it filed a general denial, and then the case was
stayed pending the discharge of the Receiver. (See id. Dkt. entry dated
Oct. 2, 2019.) The Court finds that the Mathison action is unaffected by
lifting the PI Order.

10

September, only the Receiver maintained the power to commence new litigation. As a result, the Court concludes that the Board's decision to assume control of the China AI suit violated the Court's Orders. The Court restores the status quo under the Receiver Order and enjoins the Board from meeting and voting to take any new actions not directed by the Receiver until the Receiver is fully discharged.

Baliga, the party least effected by the Board's decision, asks the Court to go one step further. Baliga asks the Court to "stay the state court proceedings" and rule that the meeting and vote was a "nullity and its actions had no force or effect." (Baliga Ltr. at 3.) Baliga cites Kaplan v. Reed Smith LLP, 919 F.3d 154 (2d Cir. 2019) for this proposition. In Kaplan, the Second Circuit affirmed the district court's exercise of ancillary jurisdiction to order a stay of a state court proceeding brought to challenge the district court's earlier attorney fee order. Id. at 157-158. The Second Circuit accepted that the purpose of bringing the claims in state court were to "circumvent the district court's" order. Id. at 158. The Court declines to extend the rule in Kaplan to the circumstances presented by this action. The Court finds the issues here to be factually distinct, including because the malpractice suit has already been

removed from state court, has been formally related to <u>Baliga</u>, and is pending before the Court.

Accordingly, for the reasons stated above, it is hereby

**ORDERED**, that the meeting held by the Board of Directors (the "Board") of defendant, Link Motion, Inc. ("LKM") on or about September 1, 2022, as well as certain votes the Board took at such meeting as specified herein, violate orders this Court issued in this action, and it is further

**ORDERED** that the Board shall not convene and vote to take any action not directed by the court-appointed receiver, Robert Seiden ("Receiver"), until after the Receiver has been fully discharged upon the Court's approval of the Receiver's final accounting.

**SO ORDERED.**

Dated:  7 October 2022
        New York, New York

                                    _____
                                         Victor Marrero
                                           U.S.D.J.

12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WAYNE BALIGA,

                              Plaintiff,

              - against -

LINK MOTION INC., et al.

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/03/2023

**18 Civ. 11642 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On March 16, 2023, the Court directed the parties to meet-and-confer and submit a joint, stipulated proposed order to modify the terms of the Order Appointing the Temporary Receiver ("Receiver Order," Dkt. No. 26.). (See Dkt. No. 400.) The parties have submitted two competing versions of their proposal for modifying the Receiver Order. (See Dkt. Nos. 401, 402.) As the parties have not been able to reach an agreement on how to move this issue forward, the Court declines to modify the Receiver Order at this time. The parties are directed to notify the Court should they reach a compromise position in the future and to then file a joint stipulation for the Court's consideration.

**SO ORDERED.**

Dated:    3 April 2023
          New York, New York

_____
                Victor Marrero
                U.S.D.J.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/10/2023

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

WAYNE BALIGA,

                     Plaintiff,

            - against -

LINK MOTION, INC. et al.,

                  Defendants.

**18 Civ. 11642 (VM)**

<u>**ORDER**</u>

**VICTOR MARRERO, United States District Judge.**

        Defendant Vincent Wenyong Shi ("Shi") filed a letter alleging certain conduct by the Court appointed Receiver ("Receiver") regarding domain names owned by Link Motion, Inc. ("LKM") and affiliated entities. (Dkt. No. 414.) Per the Court's direction, the Receiver filed a response. (Dkt. No. 416.) The Court again declines Shi's request to modify the Receiver Order to transfer control of LKM from the Receiver to the Board, unless and until either (1) the Receiver is discharged after the Court's approval of the accounting, or (2), and as previously stated (Dkt. No. 403), the parties stipulate to an agreed upon procedure.

        Further, the Court reaffirms its prior findings (see Dkt. Nos. 338, 364) that the Receiver maintains the authority to convene an Extraordinary General Meeting ("EGM") of the LKM Board provided that (1) Lilin "Francis" Guo appears at

the EGM; and (2) it is convened prior to the Receiver's discharge.

The Court also directs the Receiver to take reasonable measures to maintain control of the domain names at issue. To the extent it is applicable, Shi is directed to cooperate in this effort by providing the Receiver with any certificates or credentials necessary for the Receiver to execute the Court's directive.

**SO ORDERED.**

Dated:      May 10, 2023
            New York, New York

_____
            Victor Marrero
            U.S.D.J.